1

2

3

4

5

6

7

8

The Honorable Marsha J. Pechman

9

10

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| **A.B., by and through her next friend Cassie Cordell Trueblood; D.D., by and through his next friend Andrea Crumpler; K.R., by and through his next friend Marilyn Roberts; Q.M., by and through his next friend Kathryn McCormick; all others similarly situated; and Disability Rights Washington;**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Washington State Department of Social and Health Services; Kevin Quigley, in his official capacity as Secretary of the Department of Social and Health Services; Western State Hospital; Ron Adler in his official capacity as Chief Executive Officer of Western State Hospital; Eastern State Hospital; and Dorothy Sawyer in her official capacity as Chief Executive Officer of Eastern State Hospital,**<br><br>**Defendants.** | No. 14-cv-01178MJP<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**CLASS ACTION** |

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

Plaintiffs, individually and on behalf of all others similarly situated, allege the following based on information and belief and the investigation of counsel.

## I.      INTRODUCTION

1.      Defendants Eastern State Hospital ("ESH") and Western State Hospital ("WSH") are charged by Washington State law with evaluating and treating individuals with mental health disabilities whose competence to assist in their own defense in criminal proceedings is called into question.  If their competency is restored, their criminal cases may be adjudicated; if their competency is not restored, the criminal charges are dismissed.  During the evaluation and restoration periods, speedy trial rights are automatically waived, and the criminal proceedings are stayed.  Unfortunately, Defendants have persistently failed to perform these services on a timely basis, and stays of criminal proceedings pending evaluation and restoration of competency often last for months.  As a result, individuals with mental health disabilities have languished in city and county jails for weeks and months without appropriate mental health treatment while awaiting transport to Defendant ESH or Defendant WSH for evaluation and restoration of competency.  These individuals often end up spending more time in jail prior to adjudication than they would if they had pleaded guilty.  More importantly, the delays have caused individuals with mental health disabilities to suffer needless deterioration in their mental health as they sit in jails, frequently in prolonged isolation, for weeks and months before receiving the evaluation and restoration services Defendants are responsible for providing.

## II.      JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132.

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

4.      Venue is properly set within this district pursuant to 28 U.S.C. § 1391.

### III.      PARTIES

5.      Plaintiff A.B. is a 27-year-old U.S. citizen residing in Washington State who has been charged with third degree assault.  Plaintiff A.B. has been found incompetent and received a court-order competency evaluation.  A.B. has been ordered to receive competency restoration treatment by Defendants.

6.      A.B.'s current mental state limits her ability to protect her legal interests.  A next friend is, therefore, necessary to represent her interests.  She could not identify any family with whom she maintains a relationship who could fill this role, although she did identify a former foster mother somewhere in California, but she did not know her contact information.  She knew she had an uncle and a cousin, but did not know their names or contact information.  In light of the lack of personal contacts who could assist A.B. protect her interests, A.B.'s criminal defense attorney, Cassie Trueblood has volunteered to serve as A.B.'s next friend.

7.      Plaintiff D.D. is a 28-year-old U.S. citizen residing in Washington State who has been charged with Driving Under the Influence (DUI).  D.D. is currently incarcerated at Spokane County Jail awaiting court-ordered competency evaluation.

8.      D.D.'s current mental state limits his ability to protect his legal interests.  A next friend is, therefore, necessary to represent his interests.  D.D. indicated he was interested in advocating for his rights and the rights of others to get timely evaluation and restoration services but he frequently got confused when discussing how he would do this and what Plaintiff's counsel would do to help him advocate in this way.  D.D.'s criminal defense attorney Andrea Crumpler has previously acted to protect his interests in gaining timely evaluation and

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

restoration services, has discussed the instant case with him and his interest in participating, and has volunteered to serve as D.D.'s next friend.

9.      Plaintiff K.R. is a 28-year-old U.S. citizen residing in Washington State who has been charged with third degree assault.  K.R. was found incompetent and ordered to receive competency restoration services at Defendant WSH.  K.R. is currently incarcerated at the Thurston County Jail awaiting court-ordered competency restoration services.

10.     K.R.'s current mental state limits his ability to protect his legal interests.  A next friend is, therefore, necessary to represent his interests.  K.R. explained that he is close to his mother and that she is caring for his belongings and his cats while he is in jail, and that he would like her assistance here as well.  K.R.'s mother Marilyn Roberts is actively involved in his life and regularly helps K.R. advocate for adequate mental health treatment.  Marilyn Roberts has volunteered to serve as K.R.'s next friend.

11.     Plaintiff Q.M. is a 28-year-old U.S. citizen residing in Washington State who has been charged with felony harassment.  Q.M. has been found incompetent and ordered admitted to Defendant WSH for competency restoration services.  Q.M. is currently incarcerated at the King County Jail awaiting court-ordered competency restoration services.

12.     Q.M.'s current mental state limits his ability to protect his legal interests.  A next friend is, therefore, necessary to represent his interests.  Q.M.'s mother, Kathryn McCormick, is actively involved in his life and frequently advocates on his behalf for him to get adequate mental health care from community providers.  She has volunteered to serve as Q.M.'s next friend.

13.     Plaintiff Disability Rights Washington ("DRW"), a non–profit corporation duly organized under the laws of the State of Washington, is the statewide protection and advocacy

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

system designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those citizens of this State who have disabilities, pursuant to the DD Act, 42 U.S.C. § 15041 *et seq*., the PAIMI Act, 42 U.S.C. § 10801 *et seq*., and the PAIR Act, 29 U.S.C. § 794e.  R.C.W. 71A.10.080(2).  As such, DRW fulfills its federal mandate by providing an array of protection and advocacy services to people with disabilities across Washington, including the other plaintiffs to this case and all putative class members.  For over eight years, DRW has advocated for reductions in the delay of competency evaluation and restoration services.  DRW is governed by a board of directors comprised predominantly by people with disabilities and their family members, and this board is advised by two advisory councils, the Disability Advisory Counci,l and the statutorily mandated Mental Health Advisory Council.

14.  Defendant Washington State Department of Social and Health Services ("DSHS") is the sole state agency in the state of Washington designated to administer or supervise the administration of competency evaluation and restoration treatment pursuant to RCW 10.77.010 et seq. (involuntary forensic commitment), at Eastern State Hospital in Medical Lake, Washington and Western State Hospital in Lakewood, Washington.  As such, DSHS utilizes federal and state funds in operating services in a way that ensures compliance with state and federal constitutional and statutory protections for people involuntarily detained in order to receive mental health services.

15.  Defendant Kevin Quigley is Secretary of DSHS and is sued in his official capacity.  Defendant Quigley is responsible for the administration of Defendants WSH and ESH.

16.  Defendant Western State Hospital ("WSH") is a state psychiatric hospital that is charged with serving the needs of Washington State individuals with pending criminal

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

proceedings who are ordered to receive competency evaluation and/or restoration services. Defendant WSH is located in Lakewood, Washington.

17.    Defendant Ron Adler is the Chief Executive Officer of WSH and is sued in his official capacity.  As Chief Executive Officer, Defendant Adler is responsible for oversight, operation, and management of Defendant WSH and competency evaluation and restoration services for individuals with mental health disabilities in pending criminal proceedings.

18.    Defendant Eastern State Hospital ("ESH") is a state psychiatric hospital charged with serving the needs of Washington State individuals with pending criminal proceedings who are ordered to receive competency evaluation and/or restoration services.  Defendant ESH is located in Medical Lake, Washington.

19.    Defendant Dorothy Sawyer is the Chief Executive Officer of ESH and is sued in her official capacity.  As Chief Executive Officer, Defendant Sawyer is responsible for oversight, operation, and management of Defendant ESH and competency evaluation and restoration services for individuals with mental health disabilities in pending criminal proceedings.

## IV.    CLASS ACTION ALLEGATIONS

20.    Plaintiff DRW and Plaintiffs A.B., D.D., K.R., and Q.M., by and through their next friends, (collectively, the "Class Plaintiffs") bring this action pursuant to Civil Rule 23(a) and (b)(2) on behalf of themselves and all others similarly situated (collectively, the "Class Members") as members of the following proposed plaintiff class (the "Class"):

> All persons who are now, or will be in the future, charged with a crime in the State of Washington, and: (a) who are ordered by a court to either be evaluated for competency or to receive competency restoration services; and (b) who have waited for court-ordered competency evaluation or restoration services for seven or more days from the date on which the court order was entered.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

21.     Class Members seek class-wide equitable, declaratory and injunctive relief pursuant to Civil Rule 23(b)(2).

22.     On information and belief, the Class consists of well over 100 individuals making individual joinder of all members impractical.  The identities of Class Members are ascertainable through records held by Defendants and/or the courts from which the evaluations or restorations of competency were ordered.  Members of the Class may be informed of the pendency of this class action by use of contact information in the possession of Defendants as well as from court records.

23.     There are questions of law and fact common to the Class.

24.     The questions of law and fact common to all members of the Class include, but are not limited to: (a) whether Defendants' failure to admit individuals with mental health disabilities to Defendant WSH or Defendant ESH for competency evaluation and/or restoration services within seven days violates the Fourteenth Amendment; and (b) whether Defendants' failure to admit individuals with mental health disabilities to Defendant WSH or ESH for competency evaluation and/or restoration services within seven days violates the Americans with Disabilities Act.  These common questions of law and fact predominate over any questions affecting only individual Class Members.

25.     Class Plaintiffs' claims are typical of the claims of the Class because Defendants have uniformly failed to provide timely competency evaluation and/or competency restoration services to Class Plaintiffs and to the Class in the same manner.

26.     Class Plaintiffs will fairly and adequately protect interests of the Class.  There are no conflicts of interest between the Class Plaintiffs and other Class Members.  The Class Plaintiffs will vigorously prosecute this action on behalf of the Class.  The Class Plaintiffs are

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

represented by competent counsel with considerable skill and experience in civil rights and class action litigation, who will vigorously prosecute this case on behalf of the Class.

27.     Defendants have acted or refused to act on grounds generally applicable to the entire class.

28.     The claims asserted herein are capable of repetition while evading review.  There is a continuing and substantial public interest in these matters.

29.     The class action is the best available method for the efficient adjudication of these legal issues because individual litigation of these claims would be impracticable, and individual litigation would be unduly burdensome to the courts.  Further, individual litigation has the potential to result in inconsistent or contradictory judgments.  A class action in this case presents fewer management problems and provides the benefits of single-adjudication, economies of scale, and comprehensive supervision by a single court.

## V.     FACTS ENTITLING PLAINTIFFS TO RELIEF

**A.     Defendants' Duty to Admit Individuals with Mental Health Disabilities Suspected or Found To Be Incompetent to Stand Trial to Defendant WSH or Defendant ESH for Competency Evaluation and/or Competency Restoration Services.**

30.     Section 10.77 of the Revised Code of Washington ("RCW") governs procedures for evaluation and restoration of competency for individuals with mental health disabilities who are being criminally prosecuted, as well as treatment of persons found to be not guilty by reason of insanity.

31.     Under RCW 10.77.060, whenever there is reason to doubt that an individual with mental health disabilities is competent to stand trial, the trial court shall order an evaluation to determine competency.  These evaluations are to be conducted by Defendants WSH and ESH.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

32.     Whenever an individual with mental health disabilities is found to be incompetent, his or her criminal proceedings are stayed under RCW 10.77.084 while restoration of competency is attempted.  Treatment to restore competency is to be provided by Defendants WSH and ESH.

33.     Under RCW 10.77.086, if an individual with mental disabilities is charged with a felony and determined to be incompetent, "until he or she has regained the competency necessary to understand the proceedings against him or her and assist in his or her own defense, or has been determined unlikely to regain competency," the court "shall commit the defendant to the custody of the secretary [of the Department of Social and Human Services] who shall place such defendant in an appropriate facility of the department for evaluation and treatment."  Time limits permitted for the duration of treatment in the attempt to restore competency vary depending on the nature of the charge.  *See* RCW 10.77.086(1)(a), -(1)(b) and RCW 10.77.088.

34.     Under RCW 10.77.088, if an individual with mental disabilities is charged with a misdemeanor and determined to be incompetent, the individual is to receive treatment and restoration services in a secure mental health facility operated by or otherwise designated by Defendant DSHS for up to fourteen days, plus any additional time that was not used in the initial order. The timeframe does not include reasonable time for transportation to the mental health facility and does not start running until the individual is actually admitted to the mental health facility.

35.     RCW 10.77.220 establishes a seven-day deadline by which the Department of Social and Human Services must admit an individual with mental health disabilities to a hospital after a court has ordered that the individual to undergo treatment to restore his or her

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

competence. *See also* RCW 10.77.068 ("seven days or less" to admit incarcerated defendant for evaluation or restoration of competency).

**B.      Jails in the State of Washington Cannot Evaluate the Competency of Individuals Charged with Crimes in the State of Washington or Provide Adequate Medical Treatment to Restore the Competency of Individuals Who Have Been Found Incompetent.**

36.      City and county jails of the State of Washington, where Plaintiffs and Plaintiff DRW's affected constituents are incarcerated while they await transport to Defendant WSH or Defendant ESH for competency evaluation and/or restoration services, cannot evaluate competency or provide individuals found to be incompetent with appropriate treatment that will restore Plaintiffs and Plaintiff DRW's affected constituents to competency.

37.      While jails can typically provide medication management for people who are willing to take medications, they cannot administer medication involuntarily, except in a life-threatening emergency.

38.      When resources permit, treatment for individuals with mental health disabilities at some jails may include basic clinical psychiatry and intervention designed to stabilize an individual's mental health condition.  Some inmates, however, particularly those with personality disorders, refuse or do not respond to medication, and do not otherwise respond to the limited treatment that jails can provide.

39.      Jails are not able to provide treatment designed to restore a person to competency, nor can they perform forensic evaluations to determine competency.

40.      People found incompetent are often overtly psychotic and require special housing or segregation.  They are unpredictable and disruptive, taking up valuable resources needed for the care of other inmates.  If they refuse to take medications, they often decompensate rapidly. They often are confined in their cells for 22 to 23 hours a day because of their behavior or simply

SECOND AMENDED CLASS ACTION COMPLAINT
14-cv-01178-MJP - PAGE 10

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

due to policies for anyone with apparent psychiatric disabilities.  This exacerbates their mental health conditions.

41.     Jails control inmates through discipline.  Disciplinary systems are ineffective for individuals with mental health disabilities, and, in fact, are harmful because forms of discipline may exacerbate their mental health conditions.

42.     Unlike jails, Defendants WSH and ESH can treat a person's mental health disabilities.

43.     At Defendants WSH and ESH, each of the units housing individuals found to be incompetent is staffed by a full-time psychiatrist, a psychologist, a mental health specialist, a recreation counselor, a social worker, a mental health technician, and nurses.

44.     In addition to assessment, medication evaluation and management, and individual and group psychotherapy, Defendants WSH and ESH provide individuals with mental health disabilities with legal skills training to assist them in learning about the law, pleas, and returning to court.  This treatment is designed to restore a person to competency to stand trial and to otherwise exercise their constitutional rights meaningfully.

**C.     Defendants Have Failed to Evaluate and/or Treat Individuals with Mental Health Disabilities Who Have Been Charged with a Crime in the State of Washington in a Timely Fashion.**

45.     According to the most recent waitlists provided by Defendants, there are 176 people waiting in city and county jails for competency evaluation or restoration services from Defendants.  Defendants have consistently failed to timely admit these individuals to Defendants WSH and ESH for evaluation and restoration of competency.

46.     Plaintiffs and Plaintiff DRW's affected constituents each have histories of severe mental health conditions.  They have been ordered by courts presiding over their criminal

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

proceedings to be evaluated by Defendants for competency or to be restored to competency to stand trial. Plaintiffs and Plaintiff DRW's affected constituents have languished in city and county jails across the state for weeks and months to the detriment of their overall mental health to receive court-ordered competency evaluation and/or restoration services that Defendants are statutorily required to provide.

**D.    Defendants Have Failed to Timely Evaluate the Competency and/or Timely Provide Competency Restoration Services to Class Plaintiffs.**

**    i.    Plaintiff A.B.**

47.    On March 14, 2014, A.B. was arrested and charged with third degree assault for allegedly slapping one of the police officers called to remove her from the premises of an Everett, Washington restaurant after displaying signs of mental instability.

48.    A.B. was booked into the Snohomish County Jail.

49.    A.B. has had a very hard time communicating with her criminal defense counsel and can respond appropriately to questions sporadically and only for a few seconds at a time. During her time in jail, she did not take medications or attend to her personal hygiene.

50.    On May 30, 2014, a criminal court ordered that she be evaluated for competency to stand trial.

51.    A.B. was evaluated on June 13, 2014. The evaluation found that A.B. was not competent to assist in her own defense. The "evaluation" was completed through a small slot in the closed door to A.B.'s isolation cell and lasted approximately 10 minutes. The evaluator indicated that A.B. provided incomprehensible answers to questions and then began screaming, crying and kicking the door to the cell, causing the evaluation to be terminated.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

52.     On July 2, 2014, upon review of the evaluation, the court determined A.B. was not competent and ordered Defendant WSH to admit A.B. so that she could receive competency restoration treatment.

53.     A.B. was housed in a solitary confinement cell until August 8, 2014, when a court found that incarcerating A.B. any further while awaiting a bed date was "not reasonable" and ordered her release.  Within two days of her release, A.B. was civilly committed to Providence Hospital in Everett, Washington because she was considered to be "gravely disabled."

54.     A.B. was booked back into the Snohomish County Jail on an arrest warrant issued by her Department of Corrections officer on August 20, 2014 for violations she committed in the two days in which she was neither in jail nor in the hospital.

**ii.     Plaintiff D.D.**

55.     On July 29, 2014, D.D. was arrested and charged with a Driving Under the Influence (DUI).

56.     D.D. was booked into Spokane County Jail on the same day.

57.     The court ordered a competency evaluation on August 5, 2014, and  Defendant ESH confirmed receipt of the order on August 6, 2014.

58.     D.D. is decompensating in Spokane County Jail and became suicidal on August 14, 2014.  He has been placed in solitary confinement on suicide watch.

**iii.     Plaintiff K.R.**

59.     On June 23, 2014, K.R. was arrested and charged with third degree assault for allegedly flicking a cigarette at one of the police officers called to respond to a disturbance at a transit center and hitting the officer's hat.

60.     A court ordered an evaluation of K.R.'s competency on July 3, 2014.

SECOND AMENDED CLASS ACTION COMPLAINT
14-cv-01178-MJP - PAGE 13

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

61.     The evaluation was completed on July 23, 2014.

62.     On July 30, 2014, the court found K.R. incompetent and ordered that he be admitted to Defendant WSH for competency restoration treatment.

63.     To date, K.R. remains in the Thurston County Jail where he has spent his time in solitary confinement.

64.     K.R.'s mental health condition is deteriorating as a result of his prolonged incarceration.  He has difficulty focusing on conversations and is highly concerned with his personal safety, religious writings, and the conflict between good and evil.  His appearance is dirty because he refuses to shower for fear of being assaulted and he explains that the reason he has grown his fingernails long is to protect him from being assaulted.

**iv.     Plaintiff Q.M.**

65.     On April 13, 2014, Plaintiff Q.M. was arrested and charged with felony harassment for allegedly threatening to enter the house of another individual to hurt them, and for allegedly standing outside the same individual's house with a stick.

66.     On August 13, 2014 a court found Q.M. incompetent and ordered that he be admitted to Defendant WSH for restoration treatment.

67.     Plaintiff Q.M.'s mother was told Q.M. should expect to wait more than 50 days for admission to Defendant WSH for competency restoration treatment.

68.     Plaintiff Q.M. is currently incarcerated in the King County Jail where he has spent a significant amount of time in solitary confinement where he urinates in his cell, sits in his cell without clothes, washes his hair with toothpaste, and refuses to see visitors.

SECOND AMENDED CLASS ACTION COMPLAINT
14-cv-01178-MJP - PAGE 14

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

# VI.    CAUSES OF ACTION

## COUNT 1

### (Violation of the Fourteenth Amendment to the United States Constitution (42 U.S.C. § 1983))

69.    The allegations of paragraphs 1–67 above are incorporated herein.

70.    Due process requires that the nature and duration of confinement must bear a reasonable relation to the purpose for which a person is committed.

71.    Once an individual is found unable to aid and assist in his own defense, the only lawful purpose for confinement is to treat so as to return him to competency.

72.    Individuals found unable to aid and assist have a constitutional right to such individualized treatment as will give each of them a realistic opportunity to be cured or to improve their mental condition.

73.    City and county jails do not have the capacity to provide the restorative mental health treatment required by the United States Constitution.

74.    Acting under color of state law, Defendants have violated and caused violations of the Class Plaintiffs' due process rights pursuant to the Fourteenth Amendment to the United States Constitution.

75.    Unless enjoined by the Court, Defendants will continue to violate and cause the violation of the constitutional rights of the Class Plaintiffs and the Class Members.

## COUNT 2

### (Violation of the Americans with Disabilities Act (42 U.S.C. § 12132 et seq.))

76.    The allegations of paragraphs 1–67 above are incorporated herein.

77.    Plaintiffs and the Class are qualified disabled persons as defined in the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 et seq.;

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

78.     Defendants failed to provide reasonable accommodation of the disability of Plaintiffs and the Class; and furthermore

79.     Unless enjoined by the Court, Defendants will continue to violate and cause the violation of the ADA rights of the Class Plaintiffs and the Class Members.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.      For certification of a class as defined above;

B.      For a declaration that Defendants are depriving Class Members of their due process rights pursuant to the Fourteenth Amendment to the United States Constitution, and the Americans with Disabilities Act;

C.      For the issuance of preliminary and permanent injunctions restraining Defendants from violating the Fourteenth Amendment to the United States Constitution and the Americans with Disabilities Act in the confinement of individuals awaiting competency evaluation and/or restoration treatment;

D.      For an award of Plaintiffs' costs and attorneys' fees; and

E.      For such other and further relief as the Court may deem just and proper.

Dated:  September 12, 2014.


                                CARNEY GILLESPIE ISITT PLLP
                                 /S/Christopher Carney
                                Christopher Carney, WSBA No. 30325
                                Sean Gillespie, WSBA No. 35365
                                Kenan Isitt, WSBA No. 35317
                                Attorneys for Plaintiffs

                                DISABILITY RIGHTS WASHINGTON

                                 /s/ David Carlson

SECOND AMENDED CLASS ACTION COMPLAINT
14-cv-01178-MJP - PAGE 16



315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

David R. Carlson, WSBA No. 35767
Emily Cooper, WSBA No. 34406
Disability Rights Washington
315 Fifth Avenue South, Suite 850
Seattle, WA 98104
(206) 324-1521
davidc@dr-wa.org
emilyc@dr-wa.org

ACLU OF WASHINGTON FOUNDATION

 /s/ Sarah A. Dunne
Sarah A. Dunne, WSBA No. 34869
Margaret Chen, WSBA No. 46156
ACLU of Washington Foundation
900 Fifth Avenue, Suite 630
Seattle, Washington 98164
(206) 624-2184
dunne@aclu-wa.org
mchen@aclu-wa.org

PUBLIC DEFENDER ASSOCIATION

 /s/ Anita Khandelwal
Anita Khandelwal, WSBA No. 41385
Public Defender Association
810 Third Avenue, Suite 800
Seattle, Washington 98104
(206) 447-3900
anitak@defender.org

SECOND AMENDED CLASS ACTION COMPLAINT
14-cv-01178-MJP - PAGE 17



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486