UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSIE CORDELL TRUEBLOOD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., <br><br> Defendants. | CASE NO. C14-1178 MJP <br><br> ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS |

THIS MATTER comes before the Court on Plaintiffs' Motion for Attorney's Fees and Costs. (Dkt. No. 146.) Having considered the Parties' briefing and all related papers, the Court GRANTS in part and DENIES in part the motion.

The Court previously awarded attorney's fees and costs to Plaintiffs in an amount to be determined. (Dkt. No. 131 at 21.) Plaintiffs now seek a lodestar award of $1,267,769.10 in attorney's fees for 3,232.77 hours of work, and an award of $37,237.25 for litigation costs. (Dkt. No. 146 at 10-11.) Defendants agree that Plaintiffs, as prevailing parties, are entitled to

attorney's fees and costs, but argue that the lodestar amount is excessive and unreasonable, and should be reduced. (Dkt. No. 154 at 1.) Defendants argue that fees should be reduced (1) pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, (2) because Plaintiffs' lumped billing records prevent the Court from determining whether the billings are reasonable, (3) because reimbursement of meal expenses should be denied, (4) because Plaintiffs overstaffed hearings, resulting in duplicative and excessive billing, (5) because amounts billed in relation to the voluntarily dismissed Americans with Disabilities Act claim should be excluded, and (6) because Ms. Cooper's hourly rate is excessive for her position. (Id. at 3-12.)

First, Plaintiffs' fee award is not governed by the PLRA. Plaintiff Disability Rights Washington is not a prisoner, is not confined to a correctional facility, and has not been detained as a result of being accused of a crime. See 42 U.S.C. § 1997e; Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Disability Rights Washington litigated this suit on behalf of its constituents, (see Dkt. No. 131 at 15), and work on their behalf cannot be separated from work on behalf of the named Plaintiffs who are also class members. See Turner v. Wilkinson, 92 F. Supp. 2d 697, 704 (S.D. Ohio 1999) ("Since not all of the original plaintiffs were prisoners, the Court does not believe that this case can properly be characterized as a suit 'brought by a prisoner ...'"). Therefore, it would be improper to reduce Plaintiffs' fee petition even if some Plaintiffs were subject to the PLRA's fee cap. See also Alabama Disabilities Advocacy Program v. Wood, 584 F. Supp. 2d 1314, 1316 (M.D. Ala. 2008).

Second, the Court finds that, based on Plaintiffs' billing records, the hours worked and rates billed are reasonable and appropriate. Plaintiffs have submitted detailed declarations and spreadsheets with detail sufficient for the Court to determine the reasonableness of the hours claimed. The Court finds that the ACLU's billing records are sufficiently particularized so as to

allow the Court to evaluate the amount of time spent on particular activities and distinct claims. The Court also finds that the hourly rates charged by Plaintiffs' counsel, including Ms. Cooper, which range from $300 to $450 per hour, are reasonable for the Seattle market for work performed by attorneys of similar skill, experience, and reputation. Accordingly, the Court declines to reduce Plaintiffs' fee petition due to alleged block billing or the alleged unreasonableness of the hourly rates charged.

Third, the Court declines to reduce Plaintiffs' fee award due to the voluntary dismissal of their Americans with Disabilities Act ("ADA") claim. Plaintiffs have only billed for time spent working on the ADA claim to the extent that that work furthered the litigation of their other claims, and billing for that factual and legal development is appropriate.

Fourth, the Court declines to reduce Plaintiffs award for allegedly overstaffing hearings. While Plaintiffs' legal team was large, the participation of several attorneys during complex class action litigation—particularly fact-intensive system-reform litigation—is appropriate. Furthermore, the challenges posed by this case's expedited trial schedule make the participation of several attorneys especially appropriate.

Finally, the Court agrees with Defendants that Plaintiffs' counsel's meal and office supply expenditures should be excluded. Common overhead expenses such as office supplies and meals, expenses that are not normally charged to a fee-paying client, are not recoverable. Consequently, the Court reduces the costs award by $1,487.57 charged for meals and $349.30 charged for office supplies, for a total reduction of $1,836.87.

## Conclusion

The Court GRANTS in part and DENIES in part Plaintiffs' Motion for Attorney's Fees and Costs. The Court finds that Plaintiffs' counsel's hours and rates are reasonable considering

1  the magnitude and complexity of the matter and the quality of the representation, and
2  consequently awards Plaintiffs their requested lodestar amount of $1,267,769.10 in attorney's
3  fees. The Court also awards Plaintiffs their litigation costs, subject to the reductions discussed
4  above, for a total costs award of $35,400.38.

6        The clerk is ordered to provide copies of this order to all counsel.

8        Dated this 22nd day of June, 2015.

                                      Marsha J. Pechman
                                      Chief United States District Judge