The Honorable MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

CASSIE CORDELL TRUEBLOOD, next
friend of A.B., an incapacitated person, et al.,
                                                    Plaintiffs,

        v.

THE WASHINGTON STATE
DEPARTMENT OF SOCIAL AND HEALTH
SERVICES, et al.,

                                                    Defendants.

NO.  C14-1178 MJP

DEFENDANTS' MOTION TO
MODIFY THE INJUNCTION

**Note on Motion Calendar:
January 15, 2016**

        Since trial, the State has undertaken extraordinary efforts to improve its forensic competency system.  The Washington State Legislature dramatically increased funding to the State's mental health system, particularly for competency evaluation and restoration services. With $41 million in new forensic funding, the Department of Social and Health Services (Department) has worked tirelessly to enhance and expand programs, staffing, and facilities, all with the goal of expediting forensic evaluations and restorations.  The Department is moving diligently towards compliance with the Court's order.  However, despite the Department's efforts, recent significant factual changes related to enforcement action by the Centers for Medicare & Medicaid Services (CMS) combined with ongoing implementation challenges make it necessary for the Department to seek a modification to the Court's injunctive order. The Department requests a narrow modification only to the deadline for compliance with this Court's April 2, 2015 order.  Because the Department has made diligent compliance efforts and

1

1   has tangible plans in place to achieve compliance, but now faces significant factual changes
2   that require extension of the Court's original deadline, the Department respectfully requests
3   that the compliance deadline be extended to May 27, 2016.

## I.      STATEMENT OF FACTS

5          In April 2015, this Court issued an order requiring the Department to complete
6   competency evaluations within seven days or transfer the criminal defendant to a state hospital,
7   as well as to admit competency restoration patients within seven days of a court order for
8   restoration.  ECF No. 131, at 22.  The Court ordered that the Department achieve this "as soon
9   as practicable, but no later than nine months from the date of this order."  ECF No. 131, at 22.  At
10  that time, the Department asked the Court to reconsider several points related to the Court's order,
11  and the Court indicated that until efforts had been made to achieve compliance, any modification
12  of the injunction was premature.  ECF No. 153, at 3.

13         Since the Court's April order, the Department has made significant efforts to achieve
14  compliance.  "Washington State and DSHS have made progress through a number of concrete
15  actions in passing the Biennium Budget, hiring personnel, renovating ward space, initiating
16  procurements, and engaging intergovernmental actors toward improved performance of
17  competency services.  These are essential investments in the infrastructure and resources needed
18  to provide class members with relief."  ECF No. 171, at 23 (Court Monitor's First Quarterly
19  Report).  However, the Department has also faced a significant change in factual circumstances
20  due to enforcement action by CMS, which required the Department to adapt its plans.

21  **A.      The Department Has Made Diligent And Good Faith Efforts To Achieve**
22  **Compliance**

23         The Department has worked tirelessly to develop and implement short-term, long-term,
    and creative solutions to alleviate the compounding stress on the forensic mental health system.
24  Declaration of Carla Reyes (Decl. Reyes), ¶ 3.  In her first assessment of the Department's
25  efforts, the Court Monitor wrote that "Washington State and DSHS are to be commended for
26

DEFENDANTS' MOTION TO MODIFY                    2          ATTORNEY GENERAL OF WASHINGTON
THE INJUNCTION                                                         7141 Cleanwater Dr SW
No.  C14-1178 MJP                                                          PO Box 40124
                                                                      Olympia, WA 98504-0124
                                                                          (360) 586-6565

making considerable progress in taking steps to leverage executive and legislative authority to provide budgetary and administrative resources designed to secure higher staffing and bed levels with the intent of meeting the seven-day time frames in January of 2016." ECF No. 171, at 23.  The efforts made by the Department over the last nine months are detailed in the monthly reports filed with the Court Monitor.  *See* ECF No. 171, at 53-269; Declaration of Victoria Roberts (Decl. Roberts), Attach A-E.[1]  The actions detailed in these reports demonstrate that the Department is pursuing multiple strategies with the goal of reaching compliance "as soon as is practicable".  ECF No. 131, at 22.  These actions have been focused in four main areas:  staffing, systemic changes, bed space, and safety.  Decl. Reyes ¶ 3.

The Department has aggressively implemented and pursued increases in compensation for various job classes in an effort to bolster staffing.  Decl. Reyes ¶ 4.  In 2015 alone, the Department has increased pay and compensation on several occasions.  *Id.*  Recruitment efforts have been expanded and redoubled.  These efforts include advertising open positions in national professional publications, opening a "recruitment center" on the WSH campus, and extensively promoting and then holding hiring events in Spokane and Tacoma, Dec. Rep. at 19-20; Nov. Rep. at 16.  The Department also now offers a monetary referral bonus to current employees who refer a successful hire.  Nov. Rep. at 16; Decl. Reyes ¶ 4.  The Department continues to hire new staff to fill the ranks of the newly formed Office of Forensic Services.  Dec. Rep. at 19; Nov. Rep. at 22.  The Department also has begun work with the Department of Health to create a new certification for forensic evaluators.  Dec. Rep. at 23.  However, the Department continues to struggle to fill critical positions within the state hospitals, which restricts its ability to open new beds and creates a need for more time to pursue these efforts.  Decl. Reyes, ¶ 4.  For example, even though starting salaries for ward psychiatrists now

---

[1] The following monthly reports to the Court Monitor have not been submitted to the Court, and are included as: Attach A: August 2015 Report (Aug. Rep.); Attach B: September 2015 Report (Sep. Rep); Attach C: October 2015 Report (Oct. Rep); Attach D: November 2015 Report (Nov. Rep.); Attach E: December 2015 Report (Dec. Rep.)

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1  surpass $197,000, not including other benefits and compensation increases, vacancies in these

2  critical positions persist. Decl. Roberts ¶ 12.  The Department is preparing for the upcoming

3  2016 legislative session and developing requests for increased pay and other benefits for

4  psychiatrists, psychiatric social workers, psychologists, and registered nurses.  Oct. Rep. at 24;

5  Decl. Reyes ¶ 4.  In the most recent budget proposal released on December 17, 2015, the

6  Governor has supported the Department's efforts, proposing multiple new allocations to the

7  state hospitals and mental health services.[2]

8       The Department has met with success in hiring forensic evaluators.  Based on modeling

9  and projections, the Department determined that 13 additional evaluators were necessary to

10  eliminate the current evaluation waitlist and maintain compliance into the future.  Decl. Reyes

11  ¶ 5.  To date, 11 of 13 forensic evaluators have been hired.  *Id.*  Hiring efforts continue.  *Id.*

12  Out-stationing of evaluators has allowed the Department to target high volume counties and

13  jails.  The Department has dedicated evaluators to the Snohomish County Jail, Dec. Rep. at 20,

14  and the SCORE facility in King County.  Nov. Rep. at 17.  The Department has also secured

15  regularly scheduled space at several high volume jails for the purpose of conducting

16  evaluations.  Nov. Rep. at 17.  Regularly scheduled visits by evaluators have been piloted in

17  Kitsap, Yakima, and Lewis counties.  Dec. Rep. at 28.  As the new evaluators reach their

18  anticipated productivity, the Department expects to see dramatic and persistent decreases in

19  wait times for evaluations, although the anticipated results may not be completed by January 2,

20  2016.  Decl. Reyes ¶ 5.

21       The Department has also worked with the Legislature and other stakeholders to address

22  issues outside the Department's direct control and to effect systemic change.  Decl. Reyes ¶ 6.

23  These efforts resulted in legislation that imposes timelines on important system partners in the

24  competency process, e.g., requiring documents and court orders to be transmitted within 24

25  hours, requiring jails to provide transport within one day, and requiring jails to provide

26

[2] Available at http://www.ofm.wa.gov/budget16/highlights/2016_Highlights_HumanServices.pdf

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1   "reasonable, timely, and appropriate access to" defendants in jail.   Wash. Rev. Code §§

2   10.77.075, .078.  The Department also hired a Diversion and County Liaison Specialist to build

3   rapport and overcome obstacles with community partners and stakeholders to improve the

4   timeliness of competency services.  Decl. Reyes ¶ 7.  Among other successes, this position is

5   helping to promote the use of contracted panel evaluations in communities.  *Id.*  Further, the

6   Administrative Office of the Courts has worked with community stakeholders to develop

7   pattern competency orders for use by Washington's Superior, District, and Municipal Courts.

8   Declaration of Amber Leaders (Decl. Leaders) ¶ 2.  Those orders are currently being reviewed

9   by Washington's Pattern Forms Committee.  Decl. Leaders ¶ 3.

10          The 2015 legislative budget allocation provided for 90 additional competency

11   restoration beds.  Decl. Reyes ¶ 9.  As outlined in the Department's monthly reports and the

12   long term plan, the Department projected that 90 additional forensic beds will reduce the

13   backlog and bring the competency restoration wait times into substantial compliance with the

14   court-ordered seven day timeline.   *Id.*   The Department's plan to open at least 90 new

15   competency restoration beds has not changed.  *Id.*  The Department's monthly reports and

16   long-term plan detail the changes required to open these beds.  Decl. Reyes ¶ 10.  As of

17   September 2015, the plan included opening 30 beds at Eastern State Hospital (ESH), 45 beds at

18   Western State Hospital (WSH), and up to 24 beds in a contracted facility at the Yakima County

19   Corrections Center, totaling 99 beds, higher than the projected need.  *Id.*  As of December

20   2015, five beds had opened at ESH, and ten more will open by January 2, 2016.  *Id.*  The

21   remaining 15 beds at ESH are ready to open but require filling a vacant psychiatrist and

22   associated nursing positions.  *Id.*   At WSH, six beds were opened, and the Department

23   anticipates opening an additional nine beds in January of 2016.  *Id.*  Up to 24 beds will open in

24   Yakima on March 1, 2016.  *Id.*  The remaining 30 beds at WSH will still be opened, but are

25   currently on hold due to the issues with CMS, detailed below.  *Id.*  Thirty beds will open at

26   Maple Lane School in April 2016 to account for the 30 beds on pause at WSH.  *Id.*

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1   All of the physical construction is complete for ward expansion at both ESH and WSH.

2   Decl. Reyes ¶ 12.  However, staffing challenges coupled with recent enforcement actions by

3   CMS forced the Department to change the timetable for opening beds at WSH and to consider

4   other avenues for providing those beds.  *Id.*

5   **B.   Recent And Significant Factual Changes Require The Department To Change Its**
    **Plans**

6   Recent unexpected developments required the Department to change its plans to reach

7   compliance.  On October 26, 2015, two survey teams from CMS arrived at WSH to investigate

8   allegations regarding patient and staff safety.  Decl. Reyes ¶ 13.  The visits resulted in the

9   issuance of six notices of immediate jeopardy requiring the Department to take immediate

10  steps to abate multiple concerns.  *Id.*  Immediate action was required to maintain certification

11  and $64 million per year in federal funding for the hospital.  *Id.*  The Department was able to

12  abate the immediacy of the deficiencies on November 24, 2015, but work continues to ensure a

13  safe and therapeutic hospital.  The Department must correct the additional deficiencies

14  identified by CMS.  *Id.*; Decl. Roberts Attach K.  Plans of Correction were submitted to CMS

15  on December 14, 2015.  Decl. Reyes ¶ 13.  CMS has given the Department until March 1,

16  2016, to come into compliance with the conditions of participation or again risk losing its

17  certification and federal funding.  *Id.*

18  Critical areas requiring immediate action include the development of a quality

19  assessment and performance improvement program; patient and staff protection from

20  immediate harm; provision of care in a safe setting; recruitment of qualified, well-trained staff;

21  appropriate use of seclusion and restraint; and improvement of infection controls.  *Id.*  The

22  Department must resolve these critical safety issues before completing expansion of new wards

23  at WSH.  *Id.*  Pausing ward expansion is a necessary part of this effort.  Decl. Roberts Attachs.

24  G and H.

25

26

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP                                                6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

The Department is devoting great attention and effort to providing a safe environment for patients and staff; improving quality of care; addressing CMS concerns; and ensuring ongoing federal certification and funding in order to continue providing mental health services to Washington's most in-need citizens. Decl. Reyes ¶ 14. More important than the federal certification and funding is the need to address issues of safety and security for both patients and staff while preserving the therapeutic environment of the state hospital. *Id.* Expanding capacity by another 60 beds[3] without adequately trained staff will exacerbate the problems this Court is concerned about and risk the therapeutic environment for all patients, not just those awaiting competency services. *Id.* The safety of class members, current patients at the hospital, and the staff who serve and treat them would be put in jeopardy. *Id.* Addressing these needs requires difficult choices, including pausing some of the planned expansion of WSH for both forensic and civil beds. *Id.*

While WSH's expansion of a civil and a forensic ward is on pause, the Department will provide up to 30 beds at Maple Lane. Decl. Reyes ¶ 15. In preparation for such a contingency, the Department laid the groundwork for Maple Lane early, including the initiation of permitting and labor processes. *Id.* The Department also implemented statutory changes that allow competency restoration to occur outside of the state hospitals. *Id; see* Wash. Rev. Code §§ 10.77.086(1)(a)(i)(B); .088(1)(a)(ii). This planning will allow the Department to open Maple Lane in April 2016, instead of much later in 2016 had the Department not undertaken this contingency planning. *Id.*

As part of the Department's plan to bring on additional resources as soon as possible, the Department has contracted for the provision of restoration services at Maple Lane and Yakima. Decl. Reyes ¶ 16. At Maple Lane, a hybrid model including state employees and contracted employees will be used. *Id.* The Department has oversight and authority over these

---

[3] These sixty beds are comprised of 30 beds for forensic patients, and 30 beds for civil patients. *See* Decl. Reyes ¶ 14.

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No. C14-1178 MJP

7

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

programs, and has been responsive to suggestions of the Court Monitor, and her expert consultant, Dr. Pinals, regarding the preparation of these facilities for the delivery of services. *Id.* The Department considered and incorporated the feedback provided by both Dr. Mauch and Dr. Pinals into planning efforts. *Id.*

The Department has tangible plans in place to reach substantial compliance. Decl. Reyes ¶ 18. These plans include the opening of competency restoration beds at Yakima and Maple Lane, the continued recruitment of evaluators and hospital staff, and continued outreach and coordination with system partners. *Id.* These efforts are funded, and the Department has made much tangible progress. *Id.* The Department will continue to work with the treatment contractors at Maple Lane and Yakima, complete renovation of those facilities, continue to pursue aggressive recruitment and retention measures (such as increasing salaries, assignment pay and signing bonuses), and continue to work and collaborate with our system partners. *Id.* The Department is confident it can reach substantial compliance by completing these plans. *Id.* The additional time necessary to complete these plans supports modification of the injunction.

## II.    ARGUMENT

### A.    Modification Of The Permanent Injunction Is Warranted

Courts have the inherent power to "to modify or vacate the prospective effect of their decrees[.]" *Bellevue Manor Assoc. v. United States*, 165 F.3d 1249, 1252 (9th Cir.1999) (citing to *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932)). This power is codified in Fed. R. Civ. P. 60. The rule provides, in part:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP

8

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1    Fed. R. Civ. P. 60(b).  When modifying an injunctive order the relevant inquiry "asks only

2    whether 'a significant change either in factual conditions or in law' renders continued

3    enforcement of the judgment 'detrimental to the public interest.' "  *Horne v. Flores*, 557 U.S.

4    433, 453, (2009) (internal quotations to *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367,

5    384 (1992)).

6         The party seeking relief bears the burden of establishing that changed circumstances

7    warrant relief, *Rufo*, 502 U.S. at 383, but once a party carries this burden, a court abuses its

8    discretion "when it refuses to modify an injunction or consent decree in light of such changes."

9    *Agostini v. Felton*, 521 U.S. 203, 215 (1997); *see also Horne*, 557 U.S. at 447.  This standard is

10   "flexible," and courts should take into account all of the circumstances in determining whether

11   to modify or vacate a prior injunction.  *Horne*, 557 U.S. at 450; *Bellevue Manor Assocs. v.

12   United States*, 165 F.3d 1249, 1256 (9th Cir. 1999).  Flexibility is particularly important in

13   institutional reform litigation, where the public interest is paramount.  *Horne*, 557 U.S. at

14   447-48.  Once a court has determined that changed circumstances warrant a modification, "the

15   focus should be on whether the proposed modification is tailored to resolve the problems

16   created by the change in circumstances."  *Rufo*, 502 U.S. at 391.

17   **B.    Significant Factual Changes Require Modification**

18         The enforcement action by CMS constitutes a significant change in factual

19   circumstances.  The Supreme Court has provided a non-exhaustive list of changes in factual

20   conditions that warrant modification of a decree: (1) when "changed factual conditions make

21   compliance with the decree substantially more onerous," (2) when "a decree proves to be

22   unworkable because of unforeseen obstacles," or (3) when "enforcement would be detrimental

23   to the public interest." *Rufo*, 502 U.S. at 384-85.  All of these factors are present here.

24         The unexpected enforcement action by CMS created a serious new challenge for the

25   Department and made complying with this Court's order by January 2 unworkable.  The CMS

26   survey teams found that "there was high risk of serious harm, injury, and death due to the

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP

9

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

extent of the deficiencies."  Decl. Roberts Attach. J at 1.  Immediate action was required to address the deficiencies.  Decl. Roberts Attach. F.  Because "insufficient numbers of trained and competent patient care staff" were cited as a deficiency by CMS, the hospital was forced to redeploy staff from new wards into vacant positions on existing wards.  Decl. Roberts Attachs. F, G, and H.  This required suspension of the forensic ward expansion and the closing of an already open civil ward.  Decl. Roberts Attachs. G and H.  CMS accepted these actions and agreed that all of the conditions creating immediate jeopardy had been resolved. Decl. Roberts ¶ 7; *see* Attach. K at 2.  However, CMS also clearly stated that "condition level deficiencies remained" and "[u]nless [the hospital] corrects its deficiencies and CMS can verify a return to compliance by 11:59 pm on March 1, 2016, the Secretary of the Department of Health and Human Services will terminate its provider agreement with Western."  Decl. Roberts Attach. K.  To avoid termination and loss of $64 million in federal funds, plans to open additional wards at the state hospital must be modified.

The fact that the Department has made significant efforts to overcome implementation challenges weighs in favor of modifying the injunction.  Since the Court's order in April, the Department has expended considerable effort and taken concrete steps towards providing timely competency services, including securing substantial funding increases from the Legislature.  However, tackling the persistent implementation challenges inherent in turning funds into beds and services warrants additional time.  For example, as discussed above, despite significant compensation increases, the use of professional recruiters, and extensive hiring efforts, the Department has not yet hired enough staff to open the beds that have been renovated and made ready.  In response, the Department is pursuing additional compensation increases in the upcoming legislative session and continues its diligent efforts to fill the vacancies.  The Department is not ignoring the responsibility of complying with the Court's order or sitting idly by in the face of challenges, but is instead working as hard and as fast as it can to implement a durable solution.

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP

10

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

**C.      Modification Is Required By The Public Interest**

Enforcement of the injunction without modification would also be detrimental to the public interest. Unfortunately, because unplanned delays such as the recent CMS findings at WSH require the Department to pursue beds in an alternate location, it is clear the seven-day standard will not be met by January 2, 2016.  *Id.*  If patients were to be admitted to WSH before adequately trained and competent staff can be deployed, and before CMS's safety and quality-of-care concerns can be addressed, the problems this Court is concerned about will be exacerbated.  *Id.*  Such action would endanger the therapeutic environment for all patients, not just those awaiting competency services.  *Id.*  The safety of class members, current patients at the hospital, and the staff who serve and treat them would be put in jeopardy.  *Id.* The loss of over $64 million is federal funding would severely and negatively impact the Department's ability to provide mental health services to all the populations it serves, including class members.  The injunction should be modified to avoid these severe harms.  Doing so will allow the Department to provide appropriate care for all patients, and as new beds open over the next several months, restoration wait times will decline significantly.  Decl. Reyes ¶ 17.

**D.      The Modification Is Limited And Narrowly Tailored To The Changed Circumstances**

The amount of time requested by the Department is directly related to the plan to open alternative beds at Maple Lane.  After the Maple Lane facility opens in April, the Department will incrementally admit restoration patients over a period of several weeks until the facility reaches full capacity.  Decl. Roberts ¶ 11, Attach. L at 7.  Accounting for this safe and organized admission plan, the Department plans to reach its goal of opening 99 new competency beds by May 27, 2016.  *Id.*

The Department is pursuing alternative contracted beds because of the enforcement action by CMS.  The time necessary to execute this alternative plan has a clear and direct relationship to the change in factual circumstances created by the CMS enforcement actions.

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP

11

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

Decl. Roberts ¶ 11, Attach. L.   The Department is committed to addressing delays in competency services.   Decl. Reyes ¶ 19.   However, given the challenges facing the Department, as further detailed in the Department's monthly reports to the Court Monitor, the Department will not be able to comply with all aspects of the order by January 2, 2016.   *Id.* The extension will allow time for the Department to safely open up beds at the Maple Lane facility and avoid any further impact on the environment of the state hospital.   These beds allow the Department to meet the demand for competency restoration, as well as create the beds needed for admitting patients whose evaluations cannot be completed in seven days.

The Department is not challenging the Court's constitutional standard of seven days in this motion, and the modification requested by the Department is not an attempt to rehash the merits of this case.   The request is narrow and related only to the significant changes in factual circumstances.   This Court ordered the Department to come into compliance "as soon as is practicable."   ECF No. 131, at 22.   Because a significant change in factual circumstances has occurred, modification is required.   *Agostini* 521 U.S. at 215.   Given the change in factual circumstances and the record of diligent efforts, the Department now respectfully asks this Court to appropriately extend the compliance deadline in the injunction.

## III.   CONCLUSION

The injunction should be narrowly modified by extending the time allowed for the Department to come into compliance with this Court's order.   The Department should be given additional time because there has been a significant change in factual conditions, modification will serve the public interest, and the request is narrowly tailored to address the change in circumstances.   The suggested date of May 27, 2016, is directly related to the time necessary to complete opening the beds outlined in the Maple Lane plan and is a necessary modification to the Court's April 2, 2015 injunctive order.

//

//

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No.  C14-1178 MJP

12

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1    RESPECTFULLY SUBMITTED this 30th day of December 2015.

2                              ROBERT W. FERGUSON
                             Attorney General
3

4

5                            SARAH J. COATS, WSBA No. 20333
                             AMBER L. LEADERS, WSBA No. 44421
6                            NICHOLAS A. WILLIAMSON, WSBA No. 44470
                             Office of the Attorney General
7                            7141 Cleanwater Drive SW
                             P.O. Box 40124
8                            Olympia, WA 98504-0124
                             (360) 586-6565
9                            Sarahc@atg.wa.gov
                             Amberl1@atg.wa.gov
10                           JohnM5@atg.wa.gov
                             NicholasW1@atg.wa.gov
11
                             *Attorneys for Defendants*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO MODIFY            13          ATTORNEY GENERAL OF WASHINGTON
THE INJUNCTION                                              7141 Cleanwater Dr SW
No.  C14-1178 MJP                                               PO Box 40124
                                                         Olympia, WA 98504-0124
                                                              (360) 586-6565

1

**CERTIFICATE OF SERVICE**

2      *Beverly Cox*, states and Declares as follows:

3      I am a citizen of the United States of America and over the age of 18 years and I am

4  competent to testify to the matters set forth herein.  I hereby certify that on this 30th day of

5  December, 2015, I electronically filed the foregoing document with the Clerk of the Court

6  using the CM/ECF No. system, which will send notification of such filing to the following:

7      David Carlson:  davidc@dr-wa.org

8      Emily Cooper:  emilyc@dr-wa.org

9      Anna C. Guy:  annag@dr-wa.org

10     Sarah A. Dunne:  dunne@aclu-wa.org

11     Margaret Chen:  mchen@aclu-wa.org

12     LaRond Baker:  lbaker@aclu-wa.org

13     Anita Khandelwal:  anitak@defender.org

14     Christopher Carney:  Christopher.Carney@cgilaw.com

15     Sean Gillespie:  Sean.Gillespie@cgilaw.com

16     Kenan Isitt:  Kenan.isitt@cgilaw.com

17     I certify under penalty of perjury under the laws of the state of Washington that the

18  foregoing is true and correct.

19     Dated this 30th day of December, 2015 at Olympia, Washington.

20

21

22  BEVERLY COX
    Legal Assistant

23
    Office of the Attorney General
24  7141 Cleanwater Drive SW
    PO Box 40124
25  Olympia, WA  98504-0124
    (360) 586-6565

26

DEFENDANTS' MOTION TO MODIFY
THE INJUNCTION
No. C14-1178 MJP

14

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565