UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSIE CORDELL TRUEBLOOD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., <br><br> Defendants. | CASE NO. C14-1178-MJP <br><br> ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on Plaintiffs' Motion for Temporary Restraining Order. (Dkt. No. 244.) Having considered the Parties' briefing, the opinions of the Court Monitor's experts, the observations made by the Court during its May 10, 2016 visit to the Maple Lane facility, and the related record, the Court GRANTS the Motion with some modification.

/

/

**Discussion**

Plaintiffs move the Court for an order enjoining Defendants from allowing class members to access the staircases at the Maple Lane alternative restoration facility—which includes enjoining Defendants from housing class members on the second floor of the facility—until such time as the staircases and their railings no longer pose an unreasonable risk to class members' safety. (Dkt. No. 244.) Defendants oppose the Motion, arguing that the staircases are not unsafe and that Plaintiffs cannot satisfy the elements required for issuance of a temporary restraining order. (Dkt. No. 248.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The standard "is substantially identical for the injunction and the TRO." Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

At issue here is access to and use of the second floor of the Maple Lane alternative restoration facility, which includes patient bedrooms. Plaintiffs argue that use of the second floor presents an unreasonable risk of serious injury to class members who might attempt to injure themselves or others by jumping or failing over the uncovered railings on the staircases or by hanging themselves from the staircases' railings. (Dkt. No. 244.) Plaintiffs argue that the risks posed by the open staircases mirror the risks posed by the open staircase at the Yakima alternative restoration facility, which has already been found to present an unreasonable risk to class members. (Id.)

Defendants argue that the Maple Lane facility is a physically safe facility overall, and that any remaining risks posed by the physical facility have been mitigated through screening and monitoring procedures. (Dkt. No. 248.) Specifically, Defendants argue that patients sent to Maple Lane are pre-screened for suicidal ideation or behaviors, that all staff have been trained on suicide prevention techniques, and that the staircases are monitored by video camera and from the central command station in the center of the facility. (Id.) Defendants argue that remediation efforts are ongoing, and that the DSHS has already planned additional construction to enclose the staircases. (Id.)

The Court finds that the open staircases at the Maple Lane facility present a serious and unacceptable risk of irreparable harm to both class members and facility staff. As described by the experts, open staircases allow for jumping or falling, and allow for items to be thrown down onto others. The exposed metal bars of the railing allow for hanging. While the Court appreciates the facility's commitment to monitoring class members and training staff, monitoring (even by well-trained staff) cannot prevent suicide from jumping or hanging in many instances because of the speed with which people intent on harming themselves might accomplish those actions.

The Court agrees with Defendants that their remediation efforts—i.e., the construction of plexiglas and metallic enclosures and barriers around the staircases—are sufficient to remove the unreasonable risk of harm to class members. Accordingly, the Court finds that allowing access to the second floor of Wing A, where construction has been completed, does not present an unreasonable risk of irreparable harm. However, Defendants have allowed access to the second floor of all four of the facility's wings, and have housed at least two class members on the second floor of Wing D, where the remediation efforts have not been completed. The Court

cannot allow class members to be housed on or have access to the second floor of Wings B, C, and D when the staircases to those wings continue to present a real and immediate risk of serious harm to class members. Therefore, as laid out below, the Court issues a modified temporary restraining order preventing access to the second floor of Wings B, C, and D until such time as the staircases in those wings are enclosed in the same manner as the staircase in Wing A.

As with the temporary restraining order issued regarding the Yakima alternative restoration facility, the Court derives its authority to issue this order from its Order Modifying Permanent Injunction and the representations made by Defendants in support of their request for additional time to achieve compliance. (Dkt. No. 186.) The Court granted Defendants an additional five months to come into compliance—instead of holding Defendants in contempt—based on the understanding that DSHS had two additional facilities in which it could safely provide competency restoration services to class members. Defendants represented to the Court that the alternative restoration facilities and the care provided there would be similar and comparable to that of the state hospitals, and that the "Department's alternative sites for restoration will be set up as therapeutic environments." (Dkt. No. 183 at 2.) Instead, class members are being placed in a facility that presents several serious risks of harm not present at the state hospitals.

Accordingly, Plaintiffs' Motion for Temporary Restraining Order is GRANTED with some modification. **IT IS HEREBY ORDERED that:**

(1) No class member may be housed on, or allowed access to, the second floor of Wings B, C, and D of the Maple Lane alternative restoration facility unless and until the jumping, falling, and hanging risks posed by the staircases have been remediated. Because the

1   Court is satisfied with the remediation efforts completed on the staircase and railing in Wing A,

2   this temporary restraining order does not prohibit the use of the second floor of Wing A.

3         (2)     Defendants must seal off the staircases on Wings B, C, and D so that they may not

4   be used or accessed, and may only unseal the staircases once remediation efforts have been

5   completed and the staircases are enclosed in the same manner as Wing A.

6         (3)     The bond requirement is waived.

7         This temporary restraining order will remain in effect until June 20, 2016, or until proof

8   of compliance has been submitted to the Court and the Court Monitor and is found acceptable by

9   the Court, whichever is earlier.  Plaintiffs may apply for an extension of the order, if appropriate.

10        SO ORDERED.

12        The clerk is ordered to provide copies of this order to all counsel.

14        Dated this 6th day of June, 2016.

                                                          Marsha J. Pechman
                                                          United States District Judge