1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10

CASSIE CORDELL TRUEBLOOD, et al.,

CASE NO. C14-1178 MJP

11

Plaintiffs,

ORDER ON PLAINTIFFS' SECOND MOTION FOR ATTORNEY'S FEES AND COSTS

12

v.

13

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

14
15

Defendants.

16
17
18

THIS MATTER comes before the Court on Plaintiffs' Second Motion for Attorney's

Fees and Costs.  (Dkt. No. 310.)   Having considered the Parties' briefing and all related papers,

19

the Court GRANTS the motion.

20

The Court previously awarded attorney's fees and costs to Plaintiffs.  (Dkt. No. 162.)

21

Plaintiffs now seek that same award of $1,267,769.10 in attorney's fees for 3,232.77 hours of

22

work, and an award of $35,400.38 for litigation costs.  (Dkt. No. 146 at 10-11.)  Defendants

23

agree that Plaintiffs, as prevailing parties, are entitled to attorney's fees and costs, but argue that

24

1    Plaintiffs' "partial success" (in light of the reversal and remand by the Ninth Circuit Court of

2    Appeals) dictates a corresponding reduction in the Court's original award.  (Dkt. No. 323 at 2-5.)

3            The Court disagrees with Defendants.  First, Defendants only appealed a portion of the

4    Court's order, seeking reversal of the fee award and the requirement that in-jail competency

5    evaluations be completed within seven days. (See Dkt. No. 158, 167 and Cooper Decl. Ex. A-C.)

6    The Ninth Circuit's order did not even address the fee award, only remanded the matter to this

7    Court to "consider whether [the 14-day] time limit [passed by the Washington legislature while

8    this litigation was pending; see RCW § 10.77.068] would pass constitutional muster."  Trueblood

9    v. Washington State Dept. of Soc. & Health Servs., 822 F.3d 1037, 1046 (9th Cir. 2016).

10           Defendant's briefing makes it sound as though this is exactly what the Department had

11   argued for[1] and that they prevailed on their argument ("The Ninth Circuit agreed with the

12   Department…"; Dkt. No. 323, Response at 4.).  In fact, Defendant argued that the Court should

13   be required to follow, not just the fourteen-day evaluation period, but the entire statute ("At oral

14   argument, Washington proposed that… the best remedy would be to order Washington to

15   comply with its own law;" Trueblood, 822 F.3d at 1046 fn.6.).  On remand, this Court declined

16   to do so, limiting the revision of the previous order to an increase of the in-jail competency

17   evaluation period to fourteen days but refusing on constitutional grounds to adopt the extensive

18   list of exceptions written into the state statute.  (See Dkt. No. 303, Order Modifying Permanent

19   Injunction at 28-31.)

20           To qualify as a "prevailing party," a litigant need only succeed on "any significant

21   issue… which achieves some of the benefit the parties sought in bringing suit."  Hensley v.

22   Eckerhart, 461 U.S. 424, 440 (1983).  "A plaintiff 'prevails' for purposes of § 1988 'when actual

23

24   _____

[1] "On appeal, the Department argued that the appropriate timeline is at least the fourteen-day maximum
outlined in state law."  Dkt. No. 323, Response at 4.

1   relief on the merits of his claim materially alters the legal relationship between the parties by

2   modifying the defendant's behavior in a way that directly benefits the plaintiff.'" <u>Higher Taste,</u>

3   <u>Inc. v. City of Tacoma</u>, 717 F.3d 712, 715 (9th Cir. 2013)(quoting <u>Farrar v. Hobby</u>, 506 U.S.

4   103, 111-112 (1992)).  This has unquestionably occurred in this case; even while the appeal was

5   pending, Defendants undertook a series of actions in response to the Court's order, including a

6   43% increase in funding (in the amount of $4.67 million) for additional competency evaluators

7   (Dkt. No. 234, Defendants' Revised Long-Term Plan, at 6 and 9), resulting in a decrease in class

8   members' incarceration time from almost two months to less than two weeks. (Dkt. No. 131,

9   Findings of Fact and Conclusions of Law at 8; Dkt. No. 303, Order Modifying Permanent

10  Injunction at 14.)

11         Even considering the partial reversal, Plaintiffs won a major constitutional victory in this

12  litigation and permanently altered their legal relationship with Defendants.  The Court declines

13  Defendants' invitation to somehow segregate out the work of Plaintiffs' counsel on the timing of

14  in-jail evaluations – even setting aside the infeasibility of separating out the hours devoted to an

15  issue inextricably intertwined with the entirety of Plaintiffs' lawsuit, the Court chooses to focus

16  (as the Supreme Court has advised) on the overall excellent results achieved by Plaintiffs'

17  efforts.  <u>Hensley</u>, 461 U.S. at 434.  Without diminishing the significance of Defendants' success

18  on appeal, the Court finds beyond question that Plaintiffs are fully qualified as the prevailing

19  parties .

20          Defendants continue to argue that fees should be reduced under the Prison Litigation

21  Reform Act ("PLRA"), 42 U.S.C. § 1997.  As the Court has previously indicated,  Plaintiffs' fee

22  award is not governed by the PLRA.

23         Plaintiff Disability Rights Washington is not a prisoner, is not confined to a correctional
              facility, and has not been detained as a result of being accused of a crime.  <u>See</u> 42 U.S.

24

1    § 1997e; Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  Disability Rights
2    Washington litigated this suit on behalf of its constituents, (see Dkt. No. 131 at 15), and
3    work on their behalf cannot be separated from work on behalf of the named Plaintiffs
     who are also class members.  See Turner v. Wilkinson, 92 F. Supp. 2d 697, 704 (S.D.
4    Ohio 1999) ("Since not all of the original plaintiffs were prisoners, the Court does not
     believe that this case can properly be characterized as a suit 'brought by a prisoner ...'").
5    Therefore, it would be improper to reduce Plaintiffs' fee petition even if some Plaintiffs
     were subject to the PLRA's fee cap.  See also Alabama Disabilities Advocacy Program v.
6    Wood, 584 F. Supp. 2d 1314, 1316 (M.D. Ala. 2008).
7    Dkt. No. 162 at 2.

8        This ruling finds further support in Ala. Disabilities Advocacy Program ("ADAP") v.
9    Wood, 584 F.Supp.2d 1314 (M.D.Ala. 2008), another lawsuit initiated by an organization
10   advocating for the rights of mentally-ill detainees.  Besides finding that ADAP was not a
11   "prisoner," the District Court also ruled "[t]he prospective-relief provisions of the PLRA do not
12   apply because this action does not concern 'prison conditions.'"  Id. at 1316.  ADAP sought to
13   enforce its right of access under federal law to a group of detainees.  DRW sought to enforce the
14   due process rights of its class to timely access to the courts, thus this lawsuit is not concerned
15   with the "conditions" of Plaintiffs' confinement.  The PLRA does not apply to Plaintiffs' suit.

16

17                                        **Conclusion**

18       The Court GRANTS Plaintiffs' Second Motion for Attorney's Fees and Costs.  As
19   before, the Court finds that Plaintiffs' counsel's hours and rates are reasonable considering the
20   magnitude and complexity of the matter and the quality of the representation, and consequently
21   awards Plaintiffs their requested lodestar amount of $1,267,769.10 in attorney's fees.  The Court
22   also awards Plaintiffs their litigation costs (subject to the reductions previously detailed in the
23   original order on attorneys' fees and not contested here) for a total costs award of $35,400.38.

24

ORDER ON PLAINTIFFS' SECOND MOTION
FOR ATTORNEY'S FEES AND COSTS- 4

1

The clerk is ordered to provide copies of this order to all counsel.

2

3

Dated this _13th_ day of October, 2016.

4

5

6

7

Marsha J. Pechman
8

United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFFS' SECOND MOTION
FOR ATTORNEY'S FEES AND COSTS- 5