**THE HON. MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

A.B., by and through her next friend CASSIE
CORDELL TRUEBLOOD, *et al.*,

Plaintiffs,

v.

WASHINGTON STATE DEPARTMENT OF
SOCIAL AND HEALTH SERVICES, *et al.*,

Defendants.

No. 14-cv-01178-MJP

DECLARATION OF EMILY COOPER
IN SUPPORT OF THIRD MOTION
FOR ATTORNEYS FEES AND COSTS

I, Emily Cooper, declare as follows:

1.      I am counsel representing Plaintiffs and members of the plaintiff class in the
above-captioned action. I am over the age of eighteen, have personal knowledge of the matters
contained herein, and am competent to testify thereto.

**I.      Experience and Qualifications of Disability Rights Washington Attorneys**

2.      Disability Rights Washington (DRW) is a private non-profit organization that
serves as the designated Protection and Advocacy System for the State of Washington for
citizens of this state who have physical, mental, or developmental disabilities pursuant to the
"Developmental Disabilities Assistance and Bill of Rights Acts" (DD), 42 U.S.C. § 15041 *et
seq.*; the "Protection and Advocacy for Individuals with Mental Illnesses Act" (PAIMI), as

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 1
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

amended, 42 U.S.C. § 10801, *et seq.*; and the "Protection and Advocacy for Individual Rights" (PAIR), 29 U.S.C. § 794e; and RCW 71A.10.080.  As such, DRW is funded and mandated to conduct investigations of abuse and neglect of individuals with disabilities and mental illness. Under the federal protection and advocacy regulations "neglect" includes "acts or omissions such as failure to: establish or carry out an appropriate individual program plan or treatment plan (including a discharge plan)." 42 C.F.R. § 1386.19. DRW is also mandated to advocate on behalf of its constituents when necessary to enforce their rights, and routinely advocates on behalf of classes of individuals with disabilities including the *Trueblood* class.

3.     The Protection and Advocacy Systems were created by Congress to provide independent advocates for people with disabilities in each state and territory. To fulfill this mandate, Congress gave the Protection and Advocacy Systems extraordinary authority to have broad access to restricted facilities and confidential or otherwise protected records of facilities and individuals receiving services in those facilities. 42 U.S.C. § 15043(H)-(J); 45 C.F.R. § 1386.22. DRW is authorized to have unannounced, unaccompanied access to facilities and the people living and working there including the state hospitals, jails, and the competency alternative sites. *Id.* DRW is authorized to access a broad array of records necessary for its investigations, including confidential health care records, peer review records for the facility, staff members' personnel files, hand written notes, drafts of documents, and emails. Once DRW requests such records, they must be provided within three days, or immediately if there is immediate threat to an individual's health and safety. 42 U.S.C. § 15043(J)(ii); 45 C.F.R. § 1386.22(b).

4.     As an example of the type of access available to DRW and utilized in this case, DRW may enter any jail in Washington as well as the state's hospitals and the competency

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 2
No. 14-cv-01178-MJP

Disability Rights Washington
315 5ᵗʰ Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

restoration alternative sites to review conditions, talk with residents, interview the staff working there, and access both records an individual jail or hospital residents as well as records of the facility necessary for investigation. This includes regularly receiving copies of waitlists and policies that affect the timeliness of service delivery. In 2016, DRW used its access authority to request records from Maple Lane, one of the alternative sites, after it became known it was strip searching patients upon admission.

5.      Pursuant to its federal mandates, DRW routinely conducts systemic investigations and advocates based upon the finding of those investigations. That advocacy comes in a variety of forms, including affirmative impact litigation.

6.      Between September 2014 and present, the work that DRW has done in this case was carried out primarily by DRW attorneys David Carlson and me. Additionally, David Lord, DRW attorney and Director of Public Policy, assisted significantly with strategy and advocacy relating to legislative appropriations relevant to the enforcement of this lawsuit including the alternative sites and diversion, but DRW has chosen not to request reimbursement for his time.

7.      David Carlson is the Director of Legal Advocacy at DRW, appointed as class counsel in the above-captioned case. As the Director of Legal Advocacy, he direct DRW's legal and administrative advocacy, investigations of abuse and neglect, monitoring of facilities, and technical assistance supporting self-advocacy efforts conducted on behalf of individuals in Washington who have physical, mental, or developmental disabilities.

8.      Prior to serving as DRW's Director of Legal Advocacy, Mr. Carlson was the Associate Director of Legal Advocacy for DRW from April 2006 to October 2012, and before that, a staff attorney from May 2004 to April 2006. Since joining DRW, Mr. Carlson had exclusively practiced disability law and have been involved in all of the class action lawsuits in

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 3
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

which DRW has been appointed class counsel, as well as numerous other individual and group cases with a systemic impact that were not structured as class actions.

9. Mr. Carlson has been admitted to practice law in the state courts of Washington since 2004, which is when he graduated from Gonzaga Law School with honors and served as the Editor-in-Chief of the Gonzaga Law Review. He has been admitted to practice in the United States District Court for the Eastern District of Washington since 2005; the United States District Court for the Western District of Washington since 2006; and the United States Ninth Circuit Court of Appeals since 2007.

10. Mr. Carlson has experience litigating complex class actions designed to secure systemic, sustainable injunctive relief on behalf of individuals with mental illness and other disabilities. His litigation work at DRW includes the following: *T.R., et al.  v. Quigley, et al.,* C-09-1677-TSZ (inadequate community based services for youth with serious mental illness to remain at home and avoid incarceration and hospitalization); *Boyle, et al., v. Braddock*, USDC C01-5687-JKA (inadequate assessment, delivery, and due process relating to services for youth and adults with developmental disabilities); *Marr, et al. v. Eastern State Hospital, et al.,* 2011 WL 2260982, USDC CS-02-0067-WFN (inadequate treatment of individuals with dual diagnosis of developmental disabilities and mental illness); *Allen, et al., v. Western State Hospital, et al.*, USDC C99-5018-RBL (similar claims and remedies as *Marr* at Western State hospital); *Rust, et al. v. Western State Hospital, et al*., USDC C00-5749-RJB; and *G.R. et al., v. State of Washington Department of Social and Health Services et al.*, USDC C05-5420-RBL (inadequate notice by the state when it took adverse actions against its clients with developmental disabilities).

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 4
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

11.     The advocacy Mr. Carlson led on behalf of DRW in response to the attenuation of growth, removal of breast buds, and unlawful sterilization of a six year old Seattle-area girl named Ashley received the Excellence in Advocacy Award, from the National Disability Rights Network in 2007.

12.     The advocacy Mr. Carlson lead on behalf of class members in *T.R. v. Quigley* to reform Washington mental health services for youth was recognized by the Impact Fund, a non-profit dedicated to the support and training of attorneys engaged in system reform litigation, with its annual advocacy award in 2014.

13.     Mr. Carlson's expertise in disability law extends beyond his role as a litigator. Since 2010, he has been an adjunct Professor of Law at Seattle University teaching an upper division course on Disability Law. From 2007 to 2013, he represented the federally mandated Protection and Advocacy Systems in the states, territories, and commonwealth within the Ninth Circuit on the Legal Committee of the National Disability Rights Network (NDRN). He currently serves on the NDRN Board of Directors.

14.     I was admitted to practice law in the State of Washington in November 2003 after receiving my law degree from Seattle University in May 2003.

15.     Since June 2006, I have been practicing disability law at Disability Rights Washington. As an attorney at DRW, I investigate allegations of abuse or neglect of individuals with intellectual disabilities, individuals with mental health conditions, and individuals with physical disabilities. I also monitor conditions at facilities and residential placements to assess whether they meet relevant legal standards. To perform those functions, I often meet with and conduct interviews with individuals with disabilities, guardians, health care providers, and family members. I also often review client records, policies, protocols, and peer review or other reports.

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 5
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

1   16.     My litigation experience includes the following cases: *Ross v. Inslee,* 2014 WL

2   5421221 4:14-CV-0130-TOR (systemic lawsuit challenging the treatment and release conditions

3   of patients adjudicated Not Guilty by Reason of Insanity and residing at the state psychiatric

4   hospitals); *Reynoldson v. City of Seattle,* Case 2:15-cv-01608-MJP (class action regarding the

5   City of Seattle's lack of compliance with Title II of the ADA and Section 504 as to the

6   accessibility of curb ramps); *T.R., et al. v. Quigley, et al.*, C-09-1677-TSZ (class action regarding

7   inadequate community based services for youth with serious mental illness to remain at home

8   and avoid incarceration and hospitalization); *Marr, et al. v. Eastern State Hospital, et al.,* 2011

9   WL 2260982, USDC CS-02-0067-WFN (class action regarding inadequate treatment of

10  individuals with dual diagnosis of developmental disabilities and mental illness);  *In re*

11  *Guardianship of Lamb,* 173 Wash.2d 173, 265 P.3d 876 (2011) (appeared as amicus and

12  presented oral argument to the Washington State Supreme Court regarding substitute decision

13  making for individuals who are appointed guardians).

14  17.     My experience working with people with disabilities has also been recognized by

15  my selection in the fall of 2014 as an adjunct Professor of Law at Seattle University teaching

16  Introduction to Practice course to a section of first year law students. I have also received the

17  2016 Governor's Committee on Disability Issues and Employment Carolyn Blair Brown Award

18  for my work on behalf of people with disabilities as well as the 2015 Washington Association of

19  Criminal Defense Lawyers Champion of Justice Award.

**II.     Work Performed by DRW Attorneys**

21  18.     Unlike the work done by an individual lawyer for an individual client,

22  representing a class of thousands of pretrial detainees to enforce a federal injunction aimed at

23  improving a broken forensic mental health system is necessarily complex and time consuming.

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 6
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

19.     The following is a brief summary of the work conducted post trial through June, 2017, by the DRW attorneys representing the class.

20.     I worked with Plaintiffs' Counsel and Defendants to research, interview, meet, and enter a motion stipulating to identify of the Court Monitor. *See* Dkt. 141.

21.     I worked with Plaintiffs' Counsel to enter not one but two requests for attorneys' fees and, both which were approved by this Court. *See* Dkts. 162, 332.

22.     I have prepared and attended the All Parties Meeting scheduled by the Court Monitor to review, discuss, and provide input regarding Defendants' steps to obtain compliance.

23.     I have worked with Plaintiffs' counsel to document our concerns regarding the state's steps to reach compliance namely the development of the competency alternation sites, their triage process, creating efficiencies at the state hospitals to more timely respond to the demand for competency services, and increasing the reimbursement amount of county-based panel evaluations. Plaintiffs repeatedly expressed critical concerns regarding the alternative sites given their location in correctional environments that lack the same physical layout and accreditation standards of the state hospitals.  Dkts. 194-4, 194-5.

24.     I have reviewed hundreds of pages of compliance records including reviewing and analyzing Defendants monthly reports to the Court Monitor as well as the underlying data or wait lists kept by Defendants Western and Eastern State Hospitals. I have also reviewed the Court Monitor and her experts' reports with exhibits. Dkts. 171, 180, 414-6.

25.     I have responded to calls from inmates, patients, family members, and attorneys regarding requests for information and assistance to respond to the delays in competency services including how to access Defendants' triage process.

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 7
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

26.     Throughout this enforcement of the injunction, I conducted extensive factual development including outreach to potential class members along with their defense counsel and families to gather facts regarding the impact of Defendant's failure to comply with the Courts orders. This outreach has included multiple visits to the state hospital and the corrections-based competency restoration sites. I have also reached out to gather factual information from other stakeholders including law enforcement, jail staff, prosecutors, and mental health providers. As a result of this outreach, I reviewed the records of several class members who were stripped searched at Maple Lane as well as those who were denied either triage services or the timely provision of competency services.

27.     I have used the factual information gathered to prepare and attend each of the Status Hearings held by this Court to review Defendants compliance with the Court's orders. *See* Dkts. 404, 391, 371, 359, 350, 290, 256, 220, 187, 179, and 109.

28.     After failing to meet the injunction's compliance deadline by January 2, 2016, on January 11, 2016, Plaintiffs responded to Defendant's eleventh hour request to modify the injunction and request an extended compliance deadline. Dkt. 181.

29.     In late January 2016, Plaintiffs met with Defendants and developed a series of interim steps and benchmarks to reach compliance. On February 3, 2016, Plaintiffs filed a stipulated motion setting out interim compliance benchmarks. Dkt. 185.

30.     As a result of the outreach efforts I lead, Plaintiffs' counsel learned that the competency alternative sites were opening in March 2016 regardless of unaddressed health and safety concerns. Plaintiffs filed multiple motions for temporary restraining orders requiring Defendants to cease or limit using portions of the converted correctional facilities until these hazards were remediated. Dkt. 193-210, 216, 222-226, 231-232, 238, 243-252, 261-263, 272-

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 8
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

274, 286-287. As a result of this Court granting the TROs, Plaintiffs then immediately went to work with Defendants to resolve the remaining immediate health and safety concerns.

31.     Defendants failed to meet each and every one of the interim deadlines concerning inpatient competency services and failed to reach full compliance by the extended deadline of May 27, 2016. Plaintiffs moved for contempt. Dkts. 240, 254. Defendants conceded that they were not in compliance due to their failure to reduce wait times consistent with the Court's orders. Dkt. 264. Plaintiffs prepared and attended for three-day evidentiary hearing. *See* Dkt. 289 at 4. Defendants were found in contempt. Dkt. 289.

32.     As requested by Plaintiffs, these contempt funds are currently being used to fund diversion programs that directly benefit class members. Dkts. 254 at 2, 390, 374. Consistent with this Court's order, I worked with my co-counsel, Defendants, and Court Monitor to draft and post two Requests for Proposals (RFP) on the DRW website. I also attended a series of meetings held at the ACLU of Washington to identify diversion providers. Plaintiffs continue to manage the contempt funds for the diversion programs slated to start July 1, 2017. Dkt. 374, 390. This work includes drafting and executing contracts as well as setting up the monthly data report required as part of the RFP. It is also anticipated that there will be multiple phases of diversion grants given the scope of Defendants' noncompliance and resulting contempt sanctions.

33.     The following descriptions of the work performed on Plaintiffs' behalf represent the actual number of hours recorded on daily timekeeping records. Each DRW staff member contemporaneously record her or his time to the 1/10th of an hour or 6 minute increments for all activities, regardless of whether the activity involves litigation or will be deemed compensable at some later date. The time presented in the attached spreadsheet includes only time spent on tasks directly related to this litigation, non-duplicative tasks, and work necessary to obtain the

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 9
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

favorable result of this case. Specifically, this list of time excludes time spent on tasks that could be considered inefficient, duplicative, or unnecessary (i.e. reviewing administrative records or general learning about competency services). This time also does not include DRW's public policy work directly related to resolving or implementing a remedy for this issue. Finally, this time does not represent the time spent on responding to Defendants' appeals.

### III.    Attorneys' Fees and Costs

34.    The current hourly rates billed for the Disability Rights Washington timekeepers in this case range from $465-495 per hour. DRW's rates are based on a comparison with local co-counsel Perkins Coie in a recent case with the same defendant and similar subject matter and complexity, *T.R. et al. v. Quigley et al.* which is a class action reforming the state's mental health system for youth. DRW rates are reasonable and are commensurate with Perkins Coie's rates in that case and are identical to the rates DSHS accepted from DRW in the most recent billing cycle for *T.R.* class counsel's work in the implementation phase of that case.

35.    DRW endeavored to control fees and costs by reducing duplication of labor and assigning tasks based upon relevant experience. *See* Exhibits A and B for DRW's fees and costs. I personally reviewed each of DRW's time entries to ensure accuracy, validity, and compensability under the law. In doing so, I exercised billing judgment and reduced our claims to ensure the foregoing. For instance, DRW did not bill for any paralegal or public policy work. The number of hours expended by each of the DRW attorneys accurately represents the hours actually worked which were necessary to litigate this case. The expenses for which Plaintiffs seek reimbursement are the types of expenditures that are customarily charged and paid by hourly clients. The expense include travel costs, costs associated with status conferences and motion practice (copying documents, transcript fees, and courier fees).

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 10
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

36.     The named representative plaintiffs in this class action have assigned their statutory right to attorneys' fees to class counsel through Retainer Agreements. Specifically, the confidential Retainer Agreement specified that Plaintiffs assigned to counsel the right to any and all attorneys' fees or costs awarded to Plaintiffs by the court or through settlement of this matter. Plaintiffs further agreed that they would direct the opposing parties to pay any such attorneys' fees or costs directly to the Attorneys. All named Plaintiffs have executed valid assignments of any attorney fee award.

37.     None of the fees or costs paid to DRW directly benefit any of the individual DRW attorneys who worked on the case. Instead, all fees and costs are distributed back into the programs that fronted the costs to begin with in order to fund future work of a similar nature.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated this 13th day of July, 2017 at Seattle, Washington.

/s/ Emily Cooper
Emily Cooper, WSBA #34406

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 11
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- Nicholas A Williamson (NicholasW1@atg.wa.gov)
- Sarah Jane Coats (sarahc@atg.wa.gov)
- Amber Lea Leaders (amberl1@atg.wa.gov)

a.

DATED:  June 13, 2017 at Seattle, Washington.

*/s/ Mona Rennie*
Legal Assistant – Disability Rights Washington

PLAINTIFFS MOTION FOR CIVIL CONTEMPT OF
COURT ORDERED IN JAIL EVALUAITON
DEADLINES - 12
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729