UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRUEBLOOD, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*,<br><br>　　　　　　Defendants. | No. 14-cv-01178-MJP<br><br>DECLARATION OF CHRISTOPHER CARNEY IN SUPPORT OF THIRD MOTION FOR ATTORNEYS FEES AND COSTS |

I, Christopher Carney, declare as follows:

1. I am at least 18 years old and competent to make this declaration.

2. I was one of the trial counsel in the above-captioned case, along with David Carlson and Emily Cooper of Disability Rights Washington, Anita Khandelwal of the Public Defender Association, and La Rond Baker of the ACLU of Washington. We were assisted by others from Disability Rights Washington and ACLU of Washington whose work is described in declarations filed on behalf of those organizations.

DECLARATION OF CARNEY IN SUPPORT OF THIRD MOTION FOR FEES AND COSTS-PG. 1
14-cv-01178-MJP

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

3. Since the trial in this matter, which resulted in a permanent injunction, I have assisted in the efforts to enforce compliance with the injunction. The following is a partial summary of that work.

4. Following the trial on this matter, I worked with Defendants and co-counsel to draft an agreed order appointing a monitor.

5. I prepared for and attended All Parties Meetings and conference calls relating to Defendants' progress toward compliance.

6. I have reviewed hundreds if not thousands of pages of documents produced by defendants relating to their efforts to comply with the injunction, including waitlists, monthly reports to the Monitor, and reports generated by the Monitor and her experts, with exhibits.

7. Along with co-counsel, I worked to evaluate alternate restoration sites opened by Defendants in former correctional sites in Maple Lane and Yakima. We expressed to Defendants critical concerns relating to physical hazards and adequacy of treatment. When Defendants did not or could not resolve certain concerns relating to the facilities, I and co-counsel drafted and filed Temporary Restraining Order motions that were granted with respect to each of the facilities until hazardous conditions were remediated. Dkt. 193-210, 216, 222-226, 231-232, 238, 243-252, 261-263, 272-274, 286-287.

8. I have prepared for and attended numerous status hearings to assist the court in overseeing Defendants' efforts toward compliance.

9. As it became clear that Defendants were not going to reach the Court's initial deadline for compliance, I worked with Defendants and co-counsel to develop an

DECLARATION OF CARNEY IN SUPPORT OF THIRD
MOTION FOR FEES AND COSTS-PG. 2
14-cv-01178-MJP



1  agreed list of interim steps toward compliance and an extension of time to May 27, 2016.

10. Defendants failed to meet any of the interim benchmarks and did not come into compliance by the extended deadline. Consequently, I worked with co-counsel to prepare and file a motion for contempt. I prepared for and attended a three-day evidentiary hearing concerning Defendants' failure to achieve compliance. Following the evidentiary hearing, Defendants were held in contempt. Dkt. 240, 254, 264, 289.

11. I have worked to reach out to public defenders and prosecutors to gather feedback on the Defendants' efforts to create a triage protocol as ordered by this court, and have worked to express concerns to Defendants concerning the administration of triage, resulting in iterative changes to the triage protocol.

12. I have worked to assess the availability of potential contract competency evaluators to help reduce the backlog of in-jail evaluations and to absorb spikes in demand for same, and have worked to convey that information to Defendants in an effort to bring about an established contract panel.

13. The following descriptions of the work performed on Plaintiffs' behalf represent the actual number of hours recorded on daily timekeeping records. I contemporaneously recorded my time to the 1/10th of an hour or 6 minute increments for my work. The time presented in the attached invoice and spreadsheet includes only time spent on tasks directly related to this litigation, non-duplicative tasks, and work necessary to obtain the favorable result of this case. Specifically, this list of time excludes time spent on tasks that could be considered inefficient, duplicative, or unnecessary (i.e. reviewing administrative records or general learning about competency services).

DECLARATION OF CARNEY IN SUPPORT OF THIRD MOTION FOR FEES AND COSTS-PG. 3
14-cv-01178-MJP

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

14. I have exercised discretion in my billing to be fair to Defendants. In the course of my work on this case since trial, I have sent or received well over 5,000 emails relating to the work, including emails among Plaintiffs' counsel, Defense counsel, and the Court. I have chosen not to bill for the vast majority of those emails. I reviewed every document filed with the Court, whether prepared by myself or others; however, I have chosen not to bill for any time I spent reviewing administrative filings such as defense attorney notices of appearance, docket entries scheduling hearings, or orders granting stipulated motions. I did not bill for time spent reviewing and editing expert retainer agreements initially prepared by others. I did not bill for the majority of occasions when I reviewed and edited correspondence to the defense prepared by other members of the Plaintiffs' team. I did not bill for many routine telephone conferences with co-counsel, where I was not leading the discussion on that particular occasion. Finally, this time does not represent the time spent on responding to Defendants' appeals.

15. For the period from May 2015 through December 2016, I am invoicing 463.6 hours at $395 per hour on this matter, totaling $183,122.00. Beginning in January 2017, my hourly rate increased to $425. Between January 1, 2017 and June 30, 2017, I am invoicing 181.5 hours at $425 per hour, for a total billed in that period of $77,137.50, and global total of $260,259.50.

16. Attached as Exhibit A is a detailed invoice showing all of the work I have performed on this case through June 2017.

17. In the period since trial, I have incurred costs of $79.20 for hearing transcription. Attached as Exhibit B is the invoice that transcript.

DECLARATION OF CARNEY IN SUPPORT OF THIRD
MOTION FOR FEES AND COSTS-PG. 4
14-cv-01178-MJP



18. In my representation of Disability Rights Washington, any payment for my services was contingent on victory and an award of statutory attorney's fees. I have worked diligently for hundreds upon hundreds of hours, with the knowledge that I might never be paid for the work I performed. As a result of the commitment I have made to this case, I was obligated to decline many opportunities that would have brought guaranteed compensation at my hourly rates.

19. I believe my hourly rate is reasonable in light of community rates for attorneys with our level of experience and unique qualifications for this area of practice. My current hourly rate has been previously approved in this jurisdiction: 14-cv-01875-RAJ.

20. I believe that every hour reflected in my invoice was reasonably necessary for the successful litigation of Plaintiffs' claims. I request that the court award to me the attorney's fees reflected in my invoice in their entirety.

### Christopher Carney Professional Experience

21. I am one of three partners in the firm Carney Gillespie Isitt PLLP, which was formed in January, 2010.

22. I have been a member of the Washington State Bar Association since October, 2000, having graduated from law school in June of that year. I was admitted to practice in the Ninth Circuit and the Western District of Washington in 2005.

23. I have spent my entire career building the set of skills in trial litigation and knowledge of criminal justice police procedures that I believe uniquely qualified me to successfully litigate this case.

24. Between October 2000 and 2005 I worked at The Defender Association ("TDA") as a public defender. During that period of my career, I handled thousands of criminal



cases, many of which involved clients whose competency to stand trial was in question. For much of that time, I conducted trials on a near-continuous basis, and the experience I gained has been invaluable for the rest of my career. During 2004 and 2005 I worked in the Sexually Violent Predator division of TDA, which is a civil practice relating to indefinite mental health commitment orders. The work in that practice area involved extensive use of psychological literature and expert testimony on both sides, areas in which I built considerable skill. Including the civil trials I conducted in that division, I tried to jury verdict approximately 75 cases during this phase of my career.

25. As a result of my time as a criminal defense attorney, I spent years visiting clients in jails on a daily basis, as well as interacting with corrections and medical staff and observing the effects of prolonged confinement and isolation on my mentally ill clients. This experience has been invaluable and provides a unique qualification to prosecute a civil rights action involving delays in providing competency services.

26. Following my time with TDA, I accepted a position at the Seattle firm Carney Badley Spellman, where I worked in 2005 and 2006. I am not related to the Carney who founded that firm. While at Carney Badley Spellman, I worked on complex interstate litigation of toxic exposure cases. I was involved in investigation, case analysis, and preparation of summary judgment motions, oppositions and/or reply briefs in at least 100 such cases.

27. In 2006, I left Carney Badley Spellman to start my own practice. Since 2006, civil rights and personal injury litigation have been a focus of my practice. My colleagues,

DECLARATION OF CARNEY IN SUPPORT OF THIRD MOTION FOR FEES AND COSTS-PG. 6
14-cv-01178-MJP

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

now partners, and/or I have successfully litigated many personal injury and civil rights lawsuits.

28. My firm has represented a wide array of tort plaintiffs, ranging from victims of animal attacks and car accidents to legal malpractice claimants. Our consumer protection cases have been at the forefront of nationwide class actions against Groupon, Inc., and the Living Social daily deal program, on which our suit was the first filed nationwide, and for which I was a member of the nation-wide litigation Plaintiff's steering committee.

29. In January-February, 2012, I tried a federal civil rights case in the Western District of Washington against the King County Jail: Pope v. McComas, et al, No. C07-1191-RSM. Following five years of litigation, the jury in that case returned a substantial verdict in Plaintiff's favor. That case arose from the confinement in King County Jail of my client, who was full-term pregnant and suffering from a severe mental health crisis. She was confined in acute psychiatric housing at the jail for a week, during which time she was completely isolated and received no meaningful care for her psychiatric needs. The state of her mental health at the time was such that she was unable to communicate her needs at all, and staff inexplicably failed to notice or inquire about her pregnancy. When she called for help upon going into labor, the corrections staff did not believe her, and her baby was born with a severe heart defect on the floor of her concrete isolation cell. She and the infant both survived their ordeal, and as a result of the success of our litigation on her behalf, she will never again be homeless or lack for supportive care for her mental health condition.

DECLARATION OF CARNEY IN SUPPORT OF THIRD MOTION FOR FEES AND COSTS-PG. 7
14-cv-01178-MJP

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

Needless to say, the present action is a continuation of the goals that motivated my representation of that client and the experience from that case has been invaluable.

30. Attached as Exhibit C is my Curriculum Vitae.

I declare under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated this July 10, 2017, in Seattle, Washington,

          /s/ Christopher Carney
Christopher Carney, WSBA No. 30325



# CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- Nicholas A Williamson (NicholasW1@atg.wa.gov)
- Sarah Jane Coats (sarahc@atg.wa.gov)
- Amber Lea Leaders (amberl1@atg.wa.gov)

DATED: July 13, 2017, at Seattle, Washington.

*/s/Mona Rennie*
Legal Assistant – Disability Rights Washington

DECLARATION OF CARNEY IN SUPPORT OF THIRD MOTION FOR FEES AND COSTS – PG. 9
C14-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729