The Honorable Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend Cassie Cordell Trueblood, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>Washington State Department of Social and Health Services, *et al.*,<br><br>Defendants. | No.  14-cv-01178-MJP<br><br>DECLARATION OF EMILY CHIANG IN SUPPORT OF PLAINTIFFS' THIRD MOTION FOR ATTORNEYS' FEES |

I, Emily Chiang, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and am competent to testify as to such.

2. The American Civil Liberties Union of Washington Foundation ("ACLU"), along with co-counsel, represent A.B., D.D., and K.R., Disability Rights Washington, and a class of individuals (collectively "Plaintiffs"), in their challenge to Defendants' failure to provide timely court-ordered competency services, which results in the prolonged detention of class members, which is a violation of all Plaintiffs' rights.

### ACLU ATTORNEYS' BACKGROUND AND EXPERIENCE

3. I am the Legal Director for the ACLU of Washington, and prior to joining the ACLU have devoted the majority of my career to public policy reform through litigation and

Chiang Declaration ISO of Third Motion for
Attorneys' Fees and Costs- 1
No. 14-cv-01178-MJP

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

other advocacy, with a particular focus on equal access to justice.  I am admitted to the Washington State Bar Association, the United States District Courts for the Western and Eastern Districts of Washington, and the United States Court of Appeals for the Ninth Circuit.

4. I received a B.S., magna cum laude, from Yale University in 1998.  In 2001, I graduated cum laude from Harvard Law School, where I was a Primary Editor on the *Harvard Law Review*.

5. After law school, I joined Cravath, Swaine, & Moore LLP as an Associate.  At Cravath I worked on complex civil litigations, including class actions.  During my time at Cravath I served as the lead associate for the firm in the groundbreaking case of *White v. Martz* (Mont.).  After leaving Cravath, I joined the Poverty Program at the Brennan Center for Justice at N.Y.U. School of Law as an Associate.  During my time at the Brennan Center I organized and coordinated a multi-organization approach to public defense reform in Michigan that culminated in the filing of *Duncan v. Michigan* (Mich.).

6. In 2006, I joined the Racial Justice Program of the ACLU's National Legal Department as a Staff Attorney.  In this role I litigated and conducted advocacy to address violations of the federal and state constitutions, primarily in the areas of indigent defense reform and juvenile justice, including serving as lead counsel in *Harris v. Atlanta Indep. Sch. Dist.* (N.D. Ga.)

7. Immediately prior to joining the ACLU of Washington as Legal Director, I was an Associate Professor of Law at the S.J. Quinney College of Law at the University of Utah, where I taught Constitutional Law; a seminar on Equality, Race, and the Law; and created and directed a public policy clinic.  While at the Quinney College of Law I remained involved in civil rights litigation by helping the ACLU of Utah prepare a public defense reform class action lawsuit.

Chiang Declaration ISO of Third Motion for
Attorneys' Fees and Costs- 2
No. 14-cv-01178-MJP

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

8. As Legal Director, I have obtained relief for clients in matters involving due process, discrimination, and access to healthcare, including *Fuentes v. Benton County*, No. 15-2-02976-1 (Yakima Cnty. Super. Ct. Nov. 14, 2016) and *Coffey v. Public Hospital Dist. No. 1*, No. 15-2-00217-4 (Skagit Cnty. Super. Ct. June 20, 2016).

9. La Rond Baker graduated from the University of Washington School of Law in 2010. Ms. Baker is admitted to practice in Washington State and in good standing with the Washington State Bar Association.  She is also admitted to practice in the United States District Courts of Eastern and Western Washington and the United States Court of Appeals for the Ninth Circuit.

10. Ms. Baker worked as a Staff Attorney at the ACLU of Washington Foundation from 2011 to 2017.  As a Staff Attorney for the ACLU, Ms. Baker litigated a wide range of constitutional, civil liberties, and civil rights matters in state and federal courts at the trial and appellate levels and have argued before the United States Court of Appeals for the Ninth Circuit.

11. Ms. Baker served as counsel in litigation involving due process, free speech, discrimination, government transparency in police practices, and voting rights.  *See In re Search Warrant*, No. 17A03639 (Whatcom Cnty. Sup. Ct.); *Aranda-Glatt v. Pasco*, No. 4:16-cv-05108 (E.D. Wash. 2016); *Christopher v. City of Tacoma*, 16-2-05416-7 (Pierce Cty. Sup. Ct.); *Coffey v. Public Hospital Dist. No. 1*, No. 15-2-00217-4 (Skagit Cny. Super. Ct.).; *Montes v. City of Yakima*, No. 2:12-cv-03108-TOR (E.D. Wash.); *Ramirez-Martinez v. Immigration and Custody Enforcement*, No. 3:14-cv-05273-RJB (W.D. Wash.); *Veterans For Peace v. City of Auburn*, No. 2:12-cv-01946 (W.D. Wash.); *Tarrer v. Pierce County*, No. 3:10-cv-05670 (W.D. Wash.); *Ramirez-Rangel v. Kitsap County*, No. 12-2-09594-4 (Pierce Cny. Sup. Ct.).

12. Ms. Baker is also Chair-Elect of the Washington State Bar Association's Civil Rights Law Section and have presented at numerous CLEs on various civil liberties and civil rights topics.

13. Jessica Wolfe is an Equal Justice Works Fellow at the ACLU of Washington. She is admitted to the Washington State Bar Association, the United States District Court for the Western District of Washington, and the United States Court of Appeals for the Ninth Circuit.

14. Ms. Wolfe received her B.S. from Northwestern University in 2009.  In 2015, she received her J.D. from the University of Washington School of Law, where she was an Articles Editor for the *Washington Law Review*.  In 2016, she received her Master of Studies in International Human Rights Law (equivalent to an LL.M.) from the University of Oxford.

15. Prior to joining the ACLU of Washington, Ms. Wolfe clerked for The Honorable Ronald M. Gould on the United States Court of Appeals for the Ninth Circuit.

16. As an Equal Justice Works Fellow, Ms. Wolfe focuses on civil rights issues impacting individuals in pretrial detention with mental illness.  She has worked to enforce a settlement agreement regarding conditions of confinement at the King County Correctional Facility and filed an amicus brief on behalf of an individual facing involuntary treatment.  *See Hammer v. King County*, No. C89-521-R (W.D. Wash.); *In re Detention of T.M.L.*, No. 75318-5-I (King. Cnty. Super. Ct.).

**CASE HISTORY**

17. This lawsuit was filed on August 4, 2014.  The purpose of this litigation was to ensure that Defendants provided timely court-ordered competency services to Plaintiffs and stop subjecting them to prolonged incarceration in city and county jails and the associated harms such prolonged incarceration causes class members.  After a seven day trial, this Court issued an injunction requiring Defendants to provide competency

Chiang Declaration ISO of Third Motion for
Attorneys' Fees and Costs- 4
No. 14-cv-01178-MJP

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

services within seven days.  Since this Court issued its injunction, Defendants have filed five separate appeals. Only one of those appeals is currently before the Court of Appeals for the Ninth Circuit.

18. Defendants failed to meet this Court's initial deadline for compliance.  Subsequently, Defendants also failed to meet the amended deadline that they proposed.  Because of Defendants' continued violations of the constitutional rights of Plaintiffs, Plaintiffs' counsel have extended significant amounts of time and resources in monitoring and enforcing this Court's injunction, including: significant communications to assess Defendants' proposed plans for compliance; preparing for and attending status conferences; and preparing and filing motions regarding compliance issues.

19. Plaintiffs have also extended significant amounts of time and resources protecting class members from Defendants' half-hearted attempts at compliance that have put class members at-risk, including: (1) placing class members in facilities that posed a physical threat and provided substandard care; and (2) failing to adopt a robust triage protocol, which resulted in class members remaining in jails even though they required immediate transfer to the state hospitals.

20. Plaintiffs have also extended significant resources on issues arising out of Defendants being held in contempt, including staff time dedicated to implementing a program that funds diversion services for class members; preparing and filing motions related to contempt; monitoring contempt-related trends; and developing and assessing plans for timely compliance with this Court's orders.

**REQUEST FOR FEES AND EXPENSES**

21. The ACLU requests reimbursement for a reasonable number of hours for attorney time from April 2015 through July 2017 that were spent monitoring, enforcing compliance, and collaborating with Defendants and stakeholders regarding contempt and building a contempt-funded diversion program. ACLU attorneys maintained

Chiang Declaration ISO of Third Motion for
Attorneys' Fees and Costs- 5
No. 14-cv-01178-MJP

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

records of time spent on this case.  Submitted as Exhibits A and B to this Declaration are spreadsheets containing detailed time entries completed by ACLU attorneys in this matter.

22. Given the factual and procedural complexity of this matter, I believe that all of the time invested was reasonable and necessary for Plaintiffs' counsel to protect Plaintiffs' rights and enforce this Court's injunction.  However, the ACLU is not seeking to recover all fees incurred.  Rather, although the ACLU strove at all times to efficiently litigate this matter, when reviewing time entries, I exercised billing judgment and eliminated time entries that were arguably redundant or potentially not essential to the matter.

23. During the time period for which the ACLU seeks to recover its fees and costs, the hourly rate for ACLU staffers was as follows: Emily Chiang, Legal Director of the ACLU of Washington $420-450; La Rond Baker, Staff Attorney, $350-375; Margaret Chen, Staff Attorney, and $310, Jessica Wolfe, Equal Justice Works Fellow, ACLU Staff Attorney, $250. These rates are consistent with rates charged by lawyers and legal assistants with similar credentials, experience, and expertise in the Puget Sound region and were calculated by me after surveying the billing practices of attorneys with comparable background and expertise. [1]   Through the date of this submission, the ACLU of Washington seeks $210,334.00 in attorneys' fees that were reasonably and necessarily incurred in litigating this matter post-trial.  *See* Chiang Decl. Exs. A and B.

---

[1] On January 1, 2017, I increased my staff's hourly rates and Ms. Baker's hourly rate increased to $375 and mine to $450.  The increase in our hourly rate was meant to keep us on par with the market rate for Puget Sound based attorneys with our comparable experience and time in practice, and meant to reflect an increase in litigation experience and legal knowledge amassed during the previous two years.

Chiang Declaration ISO of Third Motion for
Attorneys' Fees and Costs- 6
No. 14-cv-01178-MJP

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

24. The expenses for which Plaintiffs seek reimbursement are the types of expenditures that are customarily charged and paid by hourly clients.  The expense include travel costs, costs associated with status conferences and motion practice (transcripts of hearings, copying documents, etc.).

25. Through the date of this submission, Plaintiffs seek recovery of $4141.16 in costs the ACLU of Washington incurred enforcing this Court's injunction.  A true and correct copy of total expenses in the amount of $4141.16 is attached as Exhibit C to this declaration.  *See* Chiang Decl. C.

26. The ACLU of Washington seeks, in total $210,334.00 in attorneys' fees and $4141.16 in costs.  I reviewed the records maintained by ACLU counsel, the pleadings, correspondence, the entire record, and receipts from costs the ACLU incurred from enforcing this Court's injunction.

27. After reviewing the aforementioned documents I believe the hours and costs presented to the Court to be true and correct.  I further certify that the work performed were reasonably necessary to the enforcement of this Court's injunction.

I declare under penalty of perjury of the laws of the state of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington this 13th day of July, 2017.

Respectfully submitted,

/s/ Emily Chiang
Emily Chiang, WSBA No. 50517

Chiang Declaration ISO of Third Motion for
Attorneys' Fees and Costs- 7
No. 14-cv-01178-MJP

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- Nicholas A Williamson (NicholasW1@atg.wa.gov)
- Sarah Jane Coats (sarahc@atg.wa.gov)
- Amber Lea Leaders (amberl1@atg.wa.gov)

DATED: July 13, 2017, at Seattle, Washington.

*/s/Mona Rennie*
Legal Assistant – Disability Rights Washington

Chiang Declaration ISO of Third Motion for
Attorneys' Fees and Costs- 8
No. 14-cv-01178-MJP