UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSIE CORDELL TRUEBLOOD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>Defendants. | CASE NO. C14-1178 MJP<br><br>ORDER RE: PLAINTIFFS' THIRD MOTION FOR ATTORNEYS' FEES AND COSTS |

430, 439, 440

The Court has received and reviewed:

1. Plaintiffs' Third Motion for Attorneys' Fees and Costs (Dkt. No. 430),

2. Defendants' Response to Plaintiffs' Third Motion for Attorneys' Fees and Costs (Dkt. No. 439),

3. Plaintiffs' Reply on Third Motion for Attorneys' Fees and Costs (Dkt. No. 440),

all declarations and attachments and relevant portions of the court record, and rules as follows:

1 IT IS ORDERED that Plaintiffs' motion is GRANTED IN PART, as follows: The fees and costs will be awarded as requested, with the exception of the deductions for meal costs for counsel, duplicative fee/cost requests, drafting a complaint after completion of the trial, and attorney time spent talking to the media. By the Court's calculation, the remaining costs and fees are awarded to Plaintiffs' counsel in the amount of $8270.45 and $1,108,351.50, respectively, for a total award of $1,116,621.95.

**Discussion**

The Court has already found that Plaintiffs are "fully qualified as the prevailing parties" on the basis that they has achieved "overall excellent results." (Dkt. No. 332 at 3.) Nothing has occurred to alter that status and the Court reiterates that finding here.

Because "[c]omplex civil rights cases seldom end with the grant of a permanent injunction," post-judgment enforcement activities aimed at securing that relief are a "necessary aspect of plaintiffs' 'prevailing' in the case." *See* Association for Retarded Citizens of North Dakota v. Schaefer, 83 F.3d 1008, 1010 (8th Cir. 1996) and Keith v. Volpe, 833 F.2d 850, 857 (9th Cir. 1987)(citations omitted). Compensable post-judgment proceedings must be "useful" and "of a type 'ordinarily necessary' to secure the litigation's final result." Stewart v. Gates, 987 F.2d 1450, 1452 (9th Cir. 1993)(citations omitted).

A court may award fees "when a litigant preserves or recovers a fund for the benefit of others." Perry v. O'Donnell, 759 F.2d 702, 704 (9th Cir. 1985)(citation omitted). With a few exceptions, the Court finds the work and costs for which Plaintiffs' seek fees and costs is fairly characterized as "useful and ordinarily necessary" to achieve the result of bringing Defendants into compliance with the Court's orders. Further, the contempt fines being used to fund diversion programs represent the recovery by Plaintiffs' efforts of "a fund for the benefit of

others." Thus Plaintiffs are entitled to an award of attorneys' fees and costs. With the exceptions noted below, the Court finds the attorneys' hours billed were reasonable and necessary, as were the costs claimed.

The Court will disallow certain duplicative costs pointed out by Defendants and acknowledged as such by Plaintiffs, as well as costs requested for attorney meals (previously rejected by order of this Court). Plaintiffs have withdrawn the fees requested for drafting a complaint on February 19, 2016 (after conclusion of the trial). The Court will further disallow the attorney fees requested for time spent speaking to the media, which cannot be justified as an activity necessary to securing the relief obtained for the parties. The disallowed costs total $2810.92; the disallowed fees combine to total $8338.50.

The Court again rejects Defendants' argument that the fee award should be reduced pursuant to the Prison Litigation Reform Act ("PRLA"), 42 U.S.C. § 1997. The rationale articulated in the Court's original order on attorneys' fees and costs still obtains: work on behalf of Plaintiff Disability Rights Washington (which is not a prisoner) cannot be separated from the work on behalf of those class members who may be incarcerated and subject to the PLRA's fee cap, thus this case cannot "properly be characterized as a suit 'brought by a prisoner.'" (*See* Dkt. No. 162 at 2.)

**Conclusion**

The Court GRANTS Plaintiffs' Third Motion for Attorney's Fees and Costs. With the exceptions noted *supra*:

- The Court finds that Plaintiffs' counsel's hours and rates are reasonable considering the magnitude and complexity of the matter and the quality of representation;

- The Court awards Plaintiffs their lodestar amount (minus the deductions describe *supra*) of $1,108,351.50 in attorney's fees;
- The Court also awards Plaintiffs litigation costs (subject to the reduction previously detailed) of $8270.45

for a total award of $1,116,621.95.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 30, 2017.

Marsha J. Pechman
United States District Judge