1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10  CASSIE CORDELL TRUEBLOOD, et al.,                    CASE NO. C14-1178 MJP

11                          Plaintiffs,                 ORDER ON STIPULATED
                                                        MOTION FOR EXTENSION OF
12            v.                                        TIME RE: SPOKANE FACILITY

13  WASHINGTON STATE
14  DEPARTMENT OF SOCIAL AND
    HEALTH SERVICES, et al.,
15
                            Defendants.
16

17
18      This matter comes before the Court on Defendants' Stipulated Motion Seeking

19  Additional Time for Construction of 16-Bed Crisis Stabilization Facility in Spokane. (Dkt. No.

20  839.) Having reviewed the Motion, held oral argument on July 16, 2021, reviewed the timely-

21  filed supplemental briefing from Defendants (Dkt. No. 847), and reviewed all supporting

    materials, the Court GRANTS the Motion.
22
        The Contempt Fine Settlement Agreement that the Court approved in this case requires
23
    the State to seek funding for a 16-bed crisis stabilization facility in the Spokane region. (Dkt. No.
24

599-1 at 20.) The State has sought and received the necessary funding for the facility, and it entered into a contract with Pioneer Health Services to construct and operate the facility. (Declaration of Keri Waterland ¶¶ 4-5 (Dkt. No. 840).) The contract required Pioneer to complete the facility by July 1, 2021, in accordance with the Phase 1 Final Implementation Plan. (Id. ¶¶ 6-7; See Dkt. No. 679-1 at 18.) But in early 2021, Pioneer informed the State that the COVID-19 pandemic delayed its operations, and that the facility would not open on time. (Waterland Decl. ¶ 8 (Dkt. No. 840).) As the State acknowledged during the July 16 hearing, it lacked any significant leverage over the building contractor (Baker Construction) to force compliance with the construction timeline. But the State has offered Pioneer assistance to mitigate against these delays, including technical assistance with multiple layers of licensure, technical assistance and additional funding to support workforce recruitment, and weekly meetings to review the contractor's efforts to complete the work. (Id. ¶¶ 8, 10-14; Second Waterland Decl. ¶¶ 10-12 (Dkt. No. 847-1).) The State notified the Trueblood Executive Committee about the delays in March 2021, and informed the Court of the same in the May 2021 Quarterly Status Report. (Waterland Decl. ¶ 9.) Notwithstanding the State's efforts, Pioneer and the State do not envision substantial completion of the project until October 2021. (Id. ¶ 11; Ex. A to Second Waterland Decl.) The State anticipates that this facility will begin receiving patients by the second week of October. (Ex. A to Second Waterland Decl.) In the interim, the State reports that it has provided additional funding to Frontier Behavioral Health to accept police drop-offs of individuals experiencing behavioral health crisis. (Second Waterland Decl. ¶ 13.) And Pioneer has attempted to avoid patient service disruption by using their other area facilities to provide services, including community-based crisis response services without inpatient treatment. (Id. ¶ 14.)

Having considered the briefing and record, the Court finds good cause to allow the State additional time for Pioneer to complete construction of the 16 Bed Crisis Stabilization Facility in Spokane by October 15, 2021. The Court understands and accepts that the COVID-19 pandemic has caused delays in the construction of the 16-bed facility and recruitment of staff for the facility. While the Court is troubled by the State's lack of leverage over the construction contractor, the Court finds that the State acted reasonably once the delays set in to assist Pioneer in completing the construction and timely opening the facility. The Court also finds the State acted reasonably in providing Frontier with additional funding to engage in diversion services during the delayed construction. As such, the Court GRANTS the Motion and extends the completion date of the facility to October 15, 2021. The State must seek Court approval for any additional time needed to complete the opening of the facility.

The Court also ORDERS the State to provide a monthly report by the 10th day of each month (or the next judicial day) to report on the following: (1) the status of the construction activities, including the progress made, the tasks remaining to be performed, and any reasonably expected delays and their causes; (2) the actions the State has taken to assist Pioneer complete and open the facility, including any steps the State and Pioneer have taken to identify and remedy slippage in the construction progress; (3) the status of the diversion services provided by Frontier, including the number of Trueblood class members served; and (4) all efforts Pioneer has undertaken to mitigate against patient service disruptions during the construction. These reports shall continue until the Court orders otherwise.

Within 14 days of entry of this Order, the Court further ORDERS the State to provide additional information about the increased funding to Frontier, including how much money was awarded, the terms of the award, and how long the funds are expected to sustain these diversion

1    services. (See Second Waterland Decl. ¶ 13.) Additionally, the State must also report on whether

2    and how these services will continue once the 16-bed facility is opened.

3           The clerk is ordered to provide copies of this order to all counsel.

4           Dated August 16, 2021.

5

6           Marsha J. Pechman
            United States Senior District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON STIPULATED MOTION FOR EXTENSION OF TIME RE: SPOKANE FACILITY - 4