**THE HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend Cassie Cordell Trueblood, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> Washington State Department of Social and Health Services, *et al.*, <br><br> Defendants. | No. 14-cv-01178-MJP <br><br><br> **(PROPOSED) ORDER GRANTING PLAINTIFFS' MOTION FOR MATERIAL BREACH AND CIVIL CONTEMPT** |

**SUMMARY OF RULING**

THE COURT hereby finds that Defendants are in material breach of the 2018 Contempt Settlement Agreement ("Agreement") and holds Defendants in contempt of court. Defendants have not provided to class members the 90 forensic beds required under the Agreement, instead using these beds to hold civil conversion patients for prolonged periods of time. Defendants have refused to take all reasonable steps necessary to address the civil conversion patient crisis at the state hospitals and to provide timely inpatient competency services. This refusal results in additional days, weeks, or months that vulnerable class members languish in jail in violation of due process rights.

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 1
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

In order to cure the material breach of the Agreement, avoid future material breach, compel Defendants' compliance with this Court's orders, and protect class members' rights, the Court now imposes monetary sanctions and other remedial orders. The Court finds that there are no less intrusive alternative orders that would adequately address Defendants' noncompliance. These contempt fines and other remedial orders will continue until Defendants demonstrate substantial compliance with the Courts orders, thereby purging their contempt.

## BACKGROUND

On April 2, 2015, this Court entered a permanent injunction requiring that Defendants cease violating Plaintiffs' constitutional rights and provide competency services to Plaintiffs in a timely manner. Dkt. No. 131.  Nearly eight years later, Defendants have yet to reach substantial compliance with this Order.

On July 7, 2016, this Court found Defendants in contempt due to their failure to comply with the Court's Order regarding the timely provision of inpatient competency services. Dkt. No. 289. Defendants were ordered to pay $500 per day for class members who waited more than seven days but fewer than fourteen days for in-hospital competency services, and $1000 per day for those who waited fourteen days or more for in-hospital services. *Id*. at 19.

On October 19, 2017, this Court again found Defendants in contempt, this time due to their failure to comply with the Court's Order regarding timely provision of in-jail competency evaluations. Dkt. No. 506. Defendants were ordered to pay $750 per day for class members for each of the first six days of delay, and $1500 starting on the seventh day and every day thereafter. *Id*. at 13.

On February 1, 2018, Parties entered into an initial agreement to: 1) resolve pending motions regarding the Yakima Competency Restoration Facility and a potential increase in

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 2
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

contempt fines; 2) facilitate the use of Building 27 at Western State Hospital (WSH) as a restoration facility; and, 3) establish a process for broader settlement agreement negotiations to "reform the current forensic mental health system." Dkt. No. 534-1.  After extensive negotiations, Parties proposed a comprehensive Contempt Settlement Agreement on December 6, 2018 (Dkt. No. 599-1), approved by this Court's Order on December 11, 2018. Dkt. No. 623.

The Agreement required Defendants to open additional forensic beds, hire more forensic evaluators, attempt legislative changes, and seek funding for a variety of services for class members, among other things (Dkt. No. 599-1). The underlying intention of the Agreement was to bring Defendants into compliance with this Court's orders. *Id*. at 2.

The Court has collected many millions of dollars in contempt fines from Defendants since entering both contempt orders. Pursuant to the 2018 Agreement, fines resulting from the July 2016 Contempt Order were suspended as of December 1, 2018. Dkt. No. 623. These fines continue to accumulate, but Defendants may avoid paying them if the Court finds them in substantial compliance with the Agreement. Dkt. No. 599-1 at 47. Defendants have continued to pay fines pursuant to the October 2017 Contempt Order.

Having considered the Parties' briefing and the relevant record, the Court now finds Defendants in material breach of the 2018 Contempt Settlement Agreement and in contempt of court. The Court now imposes monetary sanctions and other remedial orders that will continue until such time as the contempt is purged.

## FINDINGS OF FACT

1.    Defendants have failed to comply with this Court's orders requiring the admission of class members ordered to receive inpatient competency evaluations or competency restoration

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 3
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

services within the shorter of seven days of receiving a court order for inpatient services or fourteen days of the order being signed. *See* Dkts. 131 at 22, 408 at 2.

2.      Data kept by Defendants demonstrate that it has failed to comply and that non-compliance is worsening. *See e.g.*, Dkt. No. 934-1. For orders for competency restoration in the month of October 2022, only four percent (4%) of class members were admitted within either seven days from receipt of the court order or fourteen days from the signing of a court order. *Id* at 15. Accordingly, DSHS failed to comply in ninety-six percent (96%) of restoration cases. *Id*. As compliance rates drop, wait times for class members increase.

3.      Washington law provides a process for detaining criminal defendants for evaluation and potential civil commitment treatment when the defendant is found not competent to stand trial and not likely to be restored to competency. Wash. Rev. Code § 10.77.086(5); *see also* § 10.77.086(3). These patients are commonly referred to as "civil conversion" patients, reflecting the fact that they are "converted" from competency restoration patients to civil patients. Dkt. No. 924-1 at 9. They usually start out in a forensic bed at the state hospital and are eventually transferred into a civil bed as their civil commitment proceeds. *Id.*

4.      There have been approximately 300 civil conversion cases annually since 2019. Dkt. No. 924-1 at 9. Defendants admit that it is normal to have some number of civil conversion patients in forensic beds as they transition from forensic to civil legal authority, but that Defendants are more recently unable to effectively transfer these patients out of forensic beds. Dkt. No. 924-1 at 9.

5.      Over the past year, Defendants have closed multiple civil wards at Western State Hospital, resulting in a significant reduction of civil beds into which civil conversion patients can transfer. Dkt. No. 924-1 at 9.

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 4
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

6. The result is a growing backlog of civil conversion patients stuck in forensic beds. The July 2022 and September 2022 Court Monitor Reports to this Court demonstrate that the number of civil conversion patients who remain in forensic beds at the state hospitals for long periods of time has increased dramatically. This means many fewer forensic beds available to class members awaiting admission for competency restoration services.

7. The 2018 Contempt Settlement Agreement required the State to open 90 new forensic beds to improve class member access to inpatient competency services. Dkt. No. 599-1 at 20. These beds are all now filled with civil conversion patients and therefore unavailable to class members.

8. Defendants provided to this Court a list of efforts they are undertaking to address this growing civil conversion patient backlog.  Dkt. 924-1 at 10.  These efforts will not adequately slow or halt civil conversion patient admissions into forensic beds at the state hospitals.  These efforts also will not adequately open up forensic beds currently held by civil conversion patients.  The plans outlined by Defendants are not likely to bring them into substantial compliance with the 2018 Contempt Settlement Agreement in the foreseeable future.

9. This Court's July 2016 Contempt Order finding contempt of the seven-day inpatient admission timeline is still in effect. Dkt. No. 289. While Defendants have taken many steps towards compliance with competency restoration timelines, they have not taken all reasonable steps, especially with regards to the civil conversion patient backlog.

10. Class members continue to suffer grave harm waiting in jail for Defendants to provide competency restoration services. Each additional day spent waiting in jail is a day spent without proper medication and appropriate care. Untreated mental illnesses become more habitual over time, meaning it will take longer to restore an individual to competency and that

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 5
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

the likelihood that an individual can ever be restored declines. Class members' functional capacity declines while they wait in jail, often in solitary confinement, and they become less able to communicate with their families and with defense counsel. While waiting in jail, class members may become more aggressive or withdraw into themselves, and can become suicidal. Class members can present a danger to staff and other inmates, and can become targets for harassment and aggression by others while they wait. This immense suffering is both unnecessary and avoidable, and is a tragic result of Defendants' failure to implement the reforms necessary to deliver timely services, including addressing the current civil conversion patient backlog.

## CONCLUSIONS OF LAW

1.      The 2018 Contempt Settlement Agreement defines material breach as a failure to be in substantial compliance with the Agreement. Dkt. No. 599-1 at 48.  Substantial compliance implies "something less than a strict and literal compliance with the contract provisions but fundamentally it means that the deviation is unintentional and so minor or trivial as not 'substantially to defeat the object which the parties intend to accomplish.'" *Jeff D. v. Otter*, 643 F.3d 278, 283-284 (9th Cir. 2011).

2.       "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (applying Idaho contract law to a Settlement Agreement and Stipulation entered into in Idaho where the Parties were all Idaho residents). In determining substantial compliance and material breach, Washington courts look to the criteria identified in the Restatement (Second) of Contracts § 241 (*see DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*, 317 P.3d 543, 550–51 (Wash. Ct. App. Div. 3 2014)), which includes:

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 6
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

(a) the extent to which the injured party will be deprived of the
benefit which he reasonably expected;
(b) the extent to which the injured party can be adequately
compensated for the part of that benefit of which he will be
deprived;
(c) the extent to which the party failing to perform or to offer to
perform will suffer forfeiture;
(d) the likelihood that the party failing to perform or to offer to
perform will cure his failure, taking account of all the
circumstances including any reasonable assurances;
(e) the extent to which the behavior of the party failing to perform
or to offer to perform comports with standards of good faith and
fair dealing.

Restatement (Second) of Contracts § 241 (1981).

3.     Defendants are in material breach of the 2018 Contempt Settlement Agreement.
They have deprived class members of the forensic beds required under the Agreement,
prolonging wait times in jail and causing harm to class members. Denial of these beds is not
minor or trivial, but instead defeats the intentions and goals of the Agreement by significantly
worsening Defendants' compliance with this Court's Order. Defendants have not demonstrated
that they are likely to cure this breach in the foreseeable future without Court intervention.
Defendants' past plans and actions lead to the current civil conversion patient backlog; their
current plans and actions will not adequately address the crisis.

4.     To establish civil contempt, the "moving party has the burden of showing by clear
and convincing evidence that the contemnors violated a specific and definite order of the court.
The burden then shifts to the contemnors to demonstrate why they were unable to comply."
*F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and
County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir.1992)). "The contempt 'need not be
willful,' and there is no good faith exception to the requirement of obedience to a court order." *In
re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 7
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

citations omitted). Civil contempt is intended to "coerce the contemnor into future compliance with the court's order." *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir.1989).

5.      "If a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

6.      Once finding a party in contempt, federal courts have broad remedial powers to address noncompliance. *Stone v. City and County of San Francisco*, 968 F.2d 850, 861-62 (9th Cir.1992) (affirming court's power to authorize sheriff to override state law). *See also, e.g.*, *Brown v. Plata*, 563 U.S. 493 (2011) (imposing prison population limit); *Nat'l Org. for the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536 (9th Cir. 1987) (affirming appointment of a Special Master).

7.      Civil contempt penalties can take the form of per diem fines imposed for each day a contemnor fails to comply with an affirmative court order, or of fixed fines imposed and suspended pending future compliance. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994). Courts have imposed incremental and substantial daily contempt sanctions when the harm to a party increases with time as does the contemnors' tolerance for financial penalty. *Telenor Mobile Communications AS v. Storm LLC*, 587 F. Supp.2d 594, 621 (S.D. New York 2008) (Court imposed "an initial contempt sanction of $100,000 per day, doubling to $200,000 per day thirty days thereafter, and to $400,000 per day thirty days after that, and continuing to double every thirty days until compliance is achieved, is an appropriate remedy to ensure probable compliance with this Court's orders."). Increasing the initial amount of contempt sanctions is appropriate to ensure swift compliance. *Shell Offshore Inc. v.*

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 8
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

*Greenpeace, Inc.* 815 F.3d 623, 627 (9th Cir. 2016) (Court structured sanctions as progressively increasing to compel compliance with the court's orders.).

8.      Federal courts possess whatever powers are necessary to remedy constitutional violations because they are charged with protecting these rights. *Stone*, 968 F.2d at 861, citing *Hutto v. Finney,* 437 U.S. 678, 687 n. 9 (1978); *Milliken v. Bradley (Milliken II),* 433 U.S. 267, 280–81 (1977). When the least intrusive measures fail to rectify the problems, more intrusive measures are justifiable. *Stone*, 968 F.2d at 861 (citing *Hutto* 437 U.S. 678, 687 n.9). This Court's orders may infringe upon state laws because "otherwise valid state laws or court orders cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme." *Stone*, 968 F.2d at 862.

9.      This Court's July 2016 Contempt Order finding Defendants in contempt of the inpatient admission timeline remains in effect. Dkt. No. 289. Plaintiffs have demonstrated by clear and convincing evidence that Defendants continue to fail to comply with the specific and definite portions of this Court's orders requiring the admission of class members for inpatient evaluation or restoration within seven days of receipt of a court order or fourteen days from the date of the court order. Defendants have not taken all reasonable steps to comply and have not demonstrated substantial compliance, including failing to take all reasonable steps to address the civil conversion backlog.

10.      Defendants have not demonstrated that they were unable to comply with the Court's orders.  Defendants indicate that there has been a 37% increase in demand for competency services in State Fiscal Year (SFY) 2022 that has made it impossible for them to comply. Dkt. No. 924-1 at 5. While this increase is substantial, it is not unprecedented: in SFY 2016 there was a 26% increase in demand and in SFY 2017 it was 33%.  *Id.*  Demand decreased

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 9
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

by 15% in SFY 2020 during the height of the COVID pandemic, which indicated a backlog of cases that would eventually be filed when pandemic restrictions eased. *Id*. Defendants admit that this year's increased demand is due in part to the backlog of cases now being processed. *Id* at 4.

11.     Defendants' own plans and actions led to a significant reduction of civil beds at the state hospitals, despite a consistent annual number of civil conversion patients requiring a civil bed. Defendants had ample opportunity to modify their plans to reduce civil beds at the state hospitals, or to better accommodate civil conversion patients outside of the state hospitals, but they did not do so.

12.     Defendants failed to ensure that the long-term civil commitment bed capacity they were generating in the community was adequately available to civil conversion patients. Defendants failed to better plan for the repercussions of demolishing so many civil wards at the state hospitals over such a short period of time. Defendants failed to fully invest in the community services necessary to effectively divert more civil conversion patients from inpatient care. Defendants have also failed to discharge from the state hospitals many civil patients deemed ready for discharge.

13.     In determining remedial orders, including the amount and duration of a coercive fine tailored to this situation, the Court is mindful of the grave harms suffered by class members while incarcerated waiting for services. *See* Dkt. 131 at 9-11. The Court is mindful the length of time that Defendants have been out of compliance, and that Defendants' non-compliance has significantly worsened more recently as wait times have ballooned. The Court is also mindful that prior fine amounts did not compel compliance.

14.     The Court is mindful of the other Orders and efforts employed since 2016 to help Defendants to comply, including but not limited to: the expertise and assistance of the Court

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 10
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4
5
6
7

Monitor and her team; the millions in contempt fines used to fund diversion services around the state; and the legislative changes and diversion services implemented pursuant to the 2018 Contempt Settlement Agreement. These efforts have not been sufficient, especially as the civil conversion patient crisis has unfolded at the state hospitals. More intrusive measures are now required to compel compliance.  The Court concludes that the fines and remedial orders now imposed, as detailed below, are the minimum Court actions necessary in order to obtain compliance.

8
9

**Accordingly, the Court hereby finds Defendants in material breach of the 2018 Contempt Settlement Agreement and holds Defendants in contempt.  This Court orders:**

10
11
12
13

1) Defendants to immediately cease admitting civil conversion patients to the state hospitals for ordered civil commitment treatment, except for patients for whom the commitment court has made a special finding of violent felony pursuant to Wash. Rev. Code § 71.05.280(3)(b);

14
15
16
17
18
19

2) Within 30 days, Defendants to identify 90 civil patients at the state hospitals whom, in Defendants' clinical judgment, may be most safely discharged from the hospital or transferred to a facility licensed for 180-day treatment. For those patients, Defendants shall, within 45 days, provide to the Court Monitor and to Plaintiffs the patient name and a description of the patient's discharge plan and anticipated living arrangement upon discharge, or transfer plan to another treatment facility;

20
21

3) Within 60 days, Defendants to discharge or transfer the identified 90 civil patients out of the state hospitals;

22
23

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 11
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

4) Defendants to use these 90 civil patient discharges and transfers to ensure that there are 90 additional forensic beds at the state hospitals made available to and immediately filled with class members;

5) Defendants to use the new forensic beds set to open at WSH in wards F9 and F10 to hold class member competency restoration patients only;

6) Imposition of a fine per civil conversion patient held in a forensic ward bed at the state hospitals on a per day basis. Defendants should pay a fine for each day spent in a state hospital forensic ward beyond 21 days after dismissal of the patient's underlying criminal case. For each civil conversion patient held in a forensic bed for more than 21 days after dismissal of the underlying criminal charge, but less than 28 days, the daily fine shall be $1,000 per day. For each civil conversion patient who is held in a forensic bed 28 days or more, the daily fine shall be $2,000 per day;

7) Imposition of a fine per class member on a per day basis. Defendants should pay a fine for each day spent waiting in jail beyond seven days for in-hospital competency evaluation or restoration services. For each class member who has waited more than seven days but fewer than fourteen days for either of these services, the fine shall be $1,000 per day. For each class member who has waited fourteen days but fewer than twenty-one days, the fine shall be $2,000 per day. For each class member who has waited twenty-one days or more, Defendants should be sanctioned $3,000 per day;

8) Payment of the inpatient competency services fines suspended but accrued as of December 1, 2018 pursuant to the 2018 Contempt Settlement Agreement;

9) Defendants to admit for inpatient competency restoration services to the state hospitals or any DSHS-affiliated inpatient facilities providing competency services

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 12
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

only those class members who have an underlying criminal charge considered a violent offense as defined under Wash. Rev. Code § 9.94A.030(58), or a felony with a domestic violence classification as defined in Wash. Rev. Code § 9.94A.030(20)(a) and (b).

10) Defendants and Plaintiffs to meet and confer within 14 days of this Court's Order and to submit a written plan to implement this Court's Order which may include a joint proposal to amend the Order upon Court approval, so long as the implementation plan accomplishes substantial compliance with this Order.

11) Defendants to consult with the Court Monitor within 14 days of this Court's Order in order to identify an expert to evaluate the State's current civil conversion practices and identify improvements. After consultation with Defendants, the Court Monitor shall select the evaluator and determine the scope and purpose of the evaluation. Defendants are responsible for the costs of this evaluation.

Contempt fines paid pursuant to this Order shall be deposited into the Registry of the Court after they are reduced to judgment, and shall remain in the Court's Registry until further order from the Court. The fines shall be reduced to judgment once per month, or more frequently if the Court in its discretion so orders. The judgments shall bear interest at the federal statutory rate until satisfied.

Consistent with the Court's previous reporting requirement, Defendants shall submit to the Court a proposed calculation of contempt fines along with the wait time data. The proposed calculation shall specify the amount of the fine to be imposed, and shall contain all calculations performed by Defendants in order to reach the proposed number. As with the monetary sanctions, this monthly reporting requirement shall terminate upon Defendants' achievement of

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 13
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

substantial compliance with the constitutional standards for inpatient evaluations and restorations.

These contempt fines and other remedial orders will continue until Defendants demonstrate substantial compliance with the Courts orders, thereby purging their contempt.

SO ORDERED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this _____ day of _____, 2023.

_____
HON. MARSHA J. PECHMAN
UNITED STATES DISTRICT COURT

Presented by:

/s/ Kimberly Mosolf_____
David R. Carlson, WSBA No. 35767
Kimberly Mosolf, WSBA No. 49548
Elizabeth Leonard, WSBA No. 46797
Disability Rights Washington
315 Fifth Avenue South, Suite 850
Seattle, WA 98104
(206) 324-1521
davidc@dr-wa.org
kimberlym@dr-wa.org
bethl@dr-wa.org


/s/Christopher Carney_____
Christopher Carney, WSBA No. 30325
Carney Gillespie PLLP
600 1st Avenue, Seattle, WA 98104
Seattle, Washington 98104
(206) 445-0212
Christopher.Carney@cgilaw.com

*Attorneys for Plaintiffs*

[PROPOSED] ORDER GRANTING
PLAINTIFF MOTION FOR MATERIAL BREACH AND
CONTEMPT - 14
No. 14-cv-01178-MJP

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729