UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>Defendants. | CASE NO. C14-1178 MJP<br><br>ORDER FOR BRIEFING ON PROPOSED JUDGMENT |

The Court issues this Order <u>sua sponte</u> after reviewing the Declaration of Dr. Thomas J. Kinlen – July 2023 Data & Contempt Report. (Dkt. No. 1011.) In his declaration, Dr. Kinlen states:

In June 2022, RCW 10.77.068 was modified to permit Good Cause Extensions (GCE) of in-jail evaluations under the circumstances allowed by the Court's permanent injunction. The Department made modifications to the Forensic Data System (FDS) to account for these changes, however, recently learned that the FDS build was not acting as intended with regard to the calculation of in-jail contempt fines. In response, Research and Data Analysis (RDA) recently implemented an update to FDS that correctly calculates contempt fines when a GCE are granted. As a result of this update, the calculation of

ORDER FOR BRIEFING ON PROPOSED JUDGMENT - 1

previously reported monthly in-jail fines were impacted, dating back to December 2022. See, Attachments I-O for detailed updated monthly calculations. Specifically, the Department has calculated that $2,820,750 in payments previously calculated between December 2022 and May 2023 should have been decreased because GCE were granted in the applicable cases. In applying this amount as a credit and taking into account the $93,000 proposed total due in June (See, ¶ 13, supra), the Department proposes that $2,727,750 remain credited for use for future in-jail evaluation contempt fines.

(Kinlen Decl. ¶ 23.) The statute to which Dr. Kinlen refers states, in part:

> The department shall provide written notice to the court when it will not be able to meet the maximum time limits under subsection (2) of this section and identify the reasons for the delay and provide a reasonable estimate of the time necessary to complete the competency service. Good cause for an extension for the additional time estimated by the department shall be presumed absent a written response from the court or a party received by the department within seven days.

RCW 10.77.068(5).

The Court has significant concerns about whether Dr. Kinlen is correct that RCW 10.77.068 provides for good cause extensions that are "allowed by the Court's permanent injunction" and whether the proposed fines are correctly calculated. (Kinlen Decl. ¶ 23.) The Court's permanent injunction states:

> Defendants must provide in-jail competency evaluations within fourteen days of the signing of a court order calling for an evaluation. Where an in-jail evaluation cannot be completed within fourteen days of a court order, <u>Defendants must secure an extension from the ordering court for individualized good cause</u>, or must immediately admit the individual to a state hospital to finish conducting the evaluation. <u>Individualized good cause encapsulates both clinical good cause</u>—meaning good cause based on the unique medical or psychiatric needs of the particular individual, including the continued presence of intoxicants but not including DSHS's lack of resources or the system's inability to administratively accommodate the needs of the individual within fourteen days—<u>and good cause based on class members' non-clinical interests</u>, i.e., where having their defense counsel, an interpreter, or an expert of their choosing present at the evaluation is not possible to arrange within the fourteen-day timeframe.
>     As stated above, in order to invoke the individualized good cause exception, Defendants <u>must seek an extension from the ordering court</u>. Defendants are ORDERED to track each request for an individualized good cause extension made by DSHS evaluators, and whether the request was granted or denied. This information shall be included in Defendants' monthly reports to the Court Monitor.

ORDER FOR BRIEFING ON PROPOSED JUDGMENT - 2

(Permanent Injunction at 32-33 (Dkt. No. 303) (emphasis added).) The Permanent Injunction requires an individualized determination by the ordering court, which also requires a specific finding of clinical good cause. The amended law to which Dr. Kinlen refers appears to allow for a good cause exception to be presumed if DSHS provides a written notice that it will not meet the Court-imposed timelines for competency services and a "reasonable estimate of the time necessary to complete the competency service." RCW 10.77.068(5). The state law does not appear to abide by the Court's Permanent Injunction.

In order to address the Court's concerns, the Court ORDERS the Parties to brief whether: (1) there is any authority supporting the proposition that a state statute can amend or gut a federal court's permanent injunction that enforces a federal constitutional right; (2) the good cause exception in RCW 10.77.068 comports with the Permanent Injunction; (3) if RCW 10.77.068 is not consistent with the Permanent Injunction, what remedy, if any, the Court should order; and (4) the proposed fines proposed in Dr. Kinlen's Declaration (Dkt. No. 1011) should be entered or whether some other amount is due, and whether any prior judgments should be amended if the Court finds that RCW 10.77.068 is inconsistent with the Permanent Injunction. The Court ORDERS the following briefing schedule: (1) Defendants shall file a brief of no more than 12 pages due within 14 days of this Order; (2) Plaintiffs shall file a response brief of no more than 12 pages due 14 days after Defendants file their brief; and (3) Defendants shall file a reply brief of no more than 6 pages due 7 days after the response is filed.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 18, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER FOR BRIEFING ON PROPOSED JUDGMENT - 3