The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend Cassie Cordell Trueblood, et al.<br><br>                         Plaintiffs,<br>    v.<br><br>Washington State Department of Social and Health Services, et al.,<br>                         Defendants. | No. 14-cv-01178-MJP<br><br>AMICUS COUNTIES' RESPONSE TO COURT'S ORDER AND PARTIES' PROPOSED MODIFICATIONS |

## I. INTRODUCTION

King County, Pierce County, and Snohomish County (the "Counties"), on behalf of nearly four million Washington residents residing within their geographic boundaries, respectfully ask the Court to consider the Counties' concerns regarding the jointly proposed modifications presented by Disability Rights Washington ("DRW") and the Department of Social and Health Services ("DSHS"). Efforts were made to provide input from the Counties on the parties' joint proposal—including the need to limit the court's order to the use of forensic beds—but the parties ultimately refused to share their proposals or accept input from the Counties.[1]

---

[1] As was the case during the evidentiary hearing, the parties continue to strictly curate what information they are willing to place before the Court. The Counties continue to be concerned that the adversarial process has broken down in this matter. DSHS advances its positions, which

AMICUS COUNTIES' RESPONSE TO COURT'S ORDER AND
PARTIES' PROPOSED MODIFICATIONS
[No. 14-cv-01178-MJP] - 1

**Leesa Manion**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 (206) 296-0191

## II.    SUMMARY OF ARGUMENT

The *Trueblood* injunction and settlement agreement gives this Court jurisdiction to address how DSHS's actions are impacting the rights of class members and to order relief that will bring DSHS into compliance.  The rights of class members have been greatly impacted by DSHS's baffling decision to shutter functioning civil wards and to transfer civil conversion patients into forensic beds intended for class members.  Thus, it is well within this Court's jurisdiction and authority to require that forensic beds in the state hospitals be reserved for class members.

However, in their joint proposal for clarification, DRW and DSHS have gone well beyond preserving forensic bed space for class members.  Instead, they seek this Court's authority to bar most civil conversion patients from *non-forensic* bed space in the state hospitals.  This has nothing to do with the rights of class members, who do not use non-forensic civil beds. Although the proposal appears to advance DRW's policy position regarding institutional involuntary commitment, the proposal conflicts with state law, greatly expands this Court's contempt order to achieve DRW's unrelated policy goals, and creates serious due process and equal protection concerns.  Moreover, DSHS's agreement with this proposal constitutes an abrogation of its statutory duties in favor of a convenient solution to its ongoing problems, many of which are entirely of its own making.

The Counties urge the court to not accept the parties' apparent satisfaction with barring most civil conversion patients from the state hospitals. Instead, the Counties request that the Court's order be clarified to disallow placing civil conversion patients "in *forensic* beds at the state hospitals." This clarification comports with state law and preserves the rights of class members.  The Court should not break the civil conversion commitment process, especially

---

often align with DRW, to the detriment of the public interest and state law.

AMICUS COUNTIES' RESPONSE TO COURT'S ORDER AND
PARTIES' PROPOSED MODIFICATIONS
[No. 14-cv-01178-MJP] - 2

**Leesa Manion**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 (206) 296-0191

when it does nothing to advance the interests of class members.

### III.   ARGUMENT

A. BARRING MOST CIVIL CONVERSION PATIENTS FROM NON-FORENSIC HOSPITAL BEDS GREATLY EXPANDS THE SCOPE OF THS COURT'S JURISDICTION WITHOUT JUSTIFICATION.

This Court's order currently states in part that DSHS "shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment" unless they are found to meet HB 1114 criteria. Dkt. No. 1009, ¶ 33(a). Although the parties' proposed modifications clarify that NGRI patients should not be barred from admission and that civil patients *other than* conversion patients may be admitted and placed in non-forensic beds,[2] the joint proposal accepts barring new civil conversion patients from the state hospitals—*even in non-forensic beds*. Dkt. No. 1019 at 2 (addressing ¶ 33(a)).[3]  There is no benefit to class members in barring civil conversion patients from non-forensic beds, nor did the testimony before this court support the need for such an approach.

Although it is not surprising that DRW would advocate in this manner for civil conversion patients—who are former criminal defendants with mental disabilities—DSHS's agreement with this proposal appears to be self-serving and not in line with its public duty. DSHS has a mandatory statutory duty to accept and care for all civil commitment patients, no matter how or

---

[2] The Counties agree that these are helpful clarifications.

[3] DRW (and DSHS) appears to welcome barring new conversion patients from the state hospitals despite the open conflict with state law. DRW has long been on record against involuntary inpatient treatment, claiming a "Community Imperative" where everyone has a fundamental right to "community living" that "must not be abrogated because a person has a mental or physical disability." *See* https://www.disabilityrightswa.org/mission-vision-values/ (accessed 7/25/23). Using this case to preclude the placement of new conversion patients in non-forensic beds without any discernable benefit to class members is not a legally sound way to achieve this policy objective.

AMICUS COUNTIES' RESPONSE TO COURT'S ORDER AND PARTIES' PROPOSED MODIFICATIONS
[No. 14-cv-01178-MJP] - 3

**Leesa Manion**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 (206) 296-0191

by what mechanism that commitment occurred. *See, e.g.,* RCW 10.77.086(7), RCW 71.05.280, RCW 71.05.320. Nothing in this Court's order purports to override state law, nor have the necessary findings been made. *See Stone v. City and County of San Francisco*, 968 F.2d 850, 864 (9th Cir. 1992) (requiring findings that all other measures are inadequate before overriding state law).

Moreover, barring most civil conversion patients from the state hospitals, including *non-forensic* beds, has nothing to do with the rights of *Trueblood* class members, who occupy only *forensic* beds. Absent a benefit to class members, there is no basis in the *Trueblood* litigation to bar most civil conversion patients from admission to the state hospitals. Rather, it is an unrelated DRW policy goal, presented with DSHS's approval. The parties' agreement is not a valid basis to greatly expand this Court's jurisdiction beyond the *Trueblood* class.

In summary, the Counties ask this Court to clarify its order to state that forensic beds in state hospitals are expressly reserved for class members, and to reject the proposal from the parties that does not affect class members.

B. BARRING HOSPITAL ADMISSIONS FOR ONLY CIVIL CONVERSION PATIENTS CREATES DUE PROCESS AND EQUAL PROTECTION CONCERNS.

This Court's order and the parties' joint proposal as written preclude new state hospital admissions for civil conversion patients who do not meet HB 1114 criteria. The parties' joint proposal would clarify that all other civil commitment patients—including civil conversion patients who are *already* in the hospital—may continue to occupy non-forensic hospital beds. Thus, a single class of civil patients would be barred from the hospital completely without any rational basis for doing so.

It is well-settled that any person detained involuntarily due to mental incapacity "has a constitutional right to receive 'such individual treatment as will give each of them a realistic

AMICUS COUNTIES' RESPONSE TO COURT'S ORDER AND PARTIES' PROPOSED MODIFICATIONS
[No. 14-cv-01178-MJP] - 4

**Leesa Manion**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 (206) 296-0191

opportunity to be cured or to improve his or her mental condition.'" *In re Det. of D.W. v. Dep't of Social and Health Svcs.*, 181 Wn.2d 201, 208, 332 P.3d 423 (2014) (quoting *Ohlinger v. Watson,* 652 F.2d 775, 778 (9th Cir. 1981), in turn quoting *Wyatt v. Stickney*, 325 F. Supp., 781, 784 (M.D. Ala. 1971)).  "Lack of funds, staff or facilities cannot justify the State's failure to provide [patients] with that treatment necessary for rehabilitation." *Ohlinger*, 652 F.2d at 779.  It is also well-settled that the State has a legitimate interest "in protecting the community against dangerously disturbed individuals and in providing care to its citizens who are unable, because of mental illness, to care for themselves. *In re Det. of LaBelle*, 107 Wn.2d 196, 221, 728 P.2d 138 (1986).

Neither DRW nor DSHS has provided any rational basis to lock the hospital doors to most new civil conversion patients, while allowing new civil admissions under other statutory schemes, and allowing *existing* civil conversion patients to remain in the hospital.  All are committed under the same statute, chapter 71.05 RCW.  Treating these patients differently has no basis in law, violates their rights, and is not related to preserving the rights of *Trueblood* class members.  Instead, treating these patients differently allows DSHS to shirk its statutory duties and endangers public safety.

## IV.   CONCLUSION

The Counties ask this Court to clarify that only forensic beds in the state hospitals are reserved exclusively for *Trueblood* class members.  Conversion patients, like other non-class members, should be permitted to occupy non-forensic beds.  There is no need or basis for this Court to assert its jurisdiction over non-forensic operations of the state hospital that do not implicate class members. The Counties ask this Court to reject DRW and DSHS's suggestion that new civil conversion patients should be barred from the state hospitals.

AMICUS COUNTIES' RESPONSE TO COURT'S ORDER AND PARTIES' PROPOSED MODIFICATIONS
[No. 14-cv-01178-MJP] - 5

**Leesa Manion**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 (206) 296-0191

1  DATED this 26th day of July, 2023.

LEESA MANION (she/her)
King County Prosecuting Attorney

By: *s/ David Hackett*
DAVID J. HACKETT, WSBA #21236
Special Deputy Prosecuting Attorney

By: *s/ Andrea Vitalich*
ANDREA VITALICH, WSBA #25535
Senior Deputy Prosecuting Attorneys

Attorneys for King County
701 Fifth Avenue, Suite 600
Seattle, WA 98104
Tel: (206) 477-1120/Fax: (206) 296-0191
david.hackett@kingcounty.gov
andrea.vitalich@kingcounty.gov


MARY E. ROBNETT
Pierce County Prosecuting Attorney

*/s/ Michelle Luna-Greem*
Michelle Luna-Green, WSBA #27088
Deputy Prosecuting Attorney
955 Tacoma Avenue South, Suite 301
Tacoma, WA 98402
Tel: (253) 798-6380 Fax: (253) 798-6713
michelle.lunagreen@piercecountywa.gov


JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

By: */s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Deputy Prosecuting Attorney
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201
Tel: (425) 388-6330 Fax: (425) 388-6333
Bridget.Casey@co.snohomish.wa.us

AMICUS COUNTIES' RESPONSE TO COURT'S ORDER AND
PARTIES' PROPOSED MODIFICATIONS
[No. 14-cv-01178-MJP] - 6

**Leesa Manion**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 (206) 296-0191

**CERTIFICATE OF FILING AND SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 26th day of July, 2023.

_____
RAFAEL MUNOZ-CINTRON
Paralegal I
King County Prosecuting Attorney's Office

AMICUS COUNTIES' RESPONSE TO COURT'S ORDER AND PARTIES' PROPOSED MODIFICATIONS
[No. 14-cv-01178-MJP] - 7

**Leesa Manion**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 (206) 296-0191