UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>Defendants. | CASE NO. C14-1178 MJP<br><br>ORDER MODIFYING ORDER ON MOTION FOR MATERIAL BREACH OF CONTEMPT SETTLEMENT AGREEMENT |

This matter comes before the Court on the Parties' Implementation Plan and Joint Proposal For Amendments to the Court's Order on Plaintiffs' Motion for Material Breach of the Contempt Settlement Agreement. (Dkt. No. 1019.) Having reviewed the Joint Proposal and all supporting materials, and having held oral argument on the Joint Proposal on August 7, 2023, the Court hereby ORDERS the modifications set forth below to the Order on Plaintiff's Motion for Material Breach of the Contempt Settlement Agreement (Dkt. No. 1009) ("Breach and Contempt Order"). The Court makes these modifications to provide clarification to the Breach and

1   Contempt Order, and in response to some of the concerns raised by the Parties. And although the
2   Court notes that Defendants have filed a notice of appeal of the Breach and Contempt Order, the
3   Court believes that it continues to have jurisdiction to make these modifications because they
4   will likely aid the Ninth Circuit upon its review. See In re Silberkraus, 336 F.3d 864, 869 (9th
5   Cir. 2003) (noting that after a notice of appeal is filed, the district court may properly issue an
6   order amending the order on appeal if it aids the Ninth Circuit's review). The Court ORDERS
7   the following modifications:

|       | **CURRENT LANGUAGE** | **MODIFIED LANGUAGE** |
|-------|----------------------|------------------------|
| 33(a) | Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients for whom the commitment court has made a special finding of violent felony pursuant to Wash. Rev. Code § 71.05.280(3)(b) (which the Parties refer to as "HB 1114 patients"). | Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients who have been charged with a "violent offense" under RCW 9.94A.030(58). Civil Conversion patients charged with a "violent offense" under RCW 9.94A.030(58) are referred to in this Order as "HB1114 patients." This admission restriction applies only to Civil Conversion patients, and not to HB1114 patients or any other patients seeking entry into the state hospitals. |
| 33(c) | Within 60 days, Defendants shall discharge or transfer all non-HB 1114 patients out of the state hospitals. | Within 60 days, Defendants shall discharge all civil patients in forensic beds out of the state hospitals or transfer them into non-forensic beds. Defendants may transfer civil patients who have been admitted to the state hospitals into non-forensic beds without violating the bar on admitting new Civil Conversion patients set out in Paragraph 33(a).<br><br>For purposes of this Order and the Breach and Contempt Order (Dkt. No. 1009), "forensic bed" means one of the 303 forensic beds within the state system including all state hospitals and outside restoration programs (i.e. Building 27, Maple Lane, or any programs accepting class members for restoration) that Defendants agreed to provide under the Contempt Settlement Agreement. The Court notes that the 303 forensic |

ORDER MODIFYING ORDER ON MOTION FOR MATERIAL BREACH OF CONTEMPT SETTLEMENT
AGREEMENT - 2

| | | | |
|---|---|---|---|
| | | | beds are the minimum required to comply with the Contempt Settlement Agreement only, not the Court's Permanent Injunction. |
| | | | The discharge mandate is a one-time process intended to remove non-Class Members from forensic beds. After this one-time effort, the 21-day transfer mandate attached to the contempt fines in Paragraph 33(e) are the intended mechanism for ensuring Civil Conversion patients do not continue to occupy forensic beds. |
| | 33(c) | If discharge or transfer of a non-HB 1114 patient is not possible within 60 days, Defendants shall provide the Court Monitor with a report explaining why discharge of the patient is impossible and a date certain for discharge or transfer. Any report proposing discharge or transfer more than 90 days of this Order must also be presented to the Court for review and approval. | If discharge or transfer of a civil patient in a forensic bed is not possible within 60 days, Defendants shall provide the Court Monitor and Plaintiffs with a report explaining why discharge of the patient is impossible and a date certain for discharge or transfer. Any report proposing discharge or transfer more than 90 days of this Order must also be presented to the Court for review and approval. |
| | 33(d) | Defendants shall ensure that all vacated forensic beds at the state hospitals are made available to and immediately filled with Class Members. | Defendants shall ensure that all vacated forensic beds are made available to and immediately filled with Class Members. |
| | 33(e) | The Court imposes a fine per Civil Conversion patient held in a forensic bed at the state hospitals on a per day basis. Defendants shall pay a fine for each day spent in a state hospital forensic bed beyond 21 days after dismissal of the patient's underlying criminal case. For each Civil Conversion patient held in a forensic bed for more than 21 days after dismissal of the underlying criminal charge, but less than 28 days, the daily fine shall be $1,000 per day. For | The Court imposes a fine per Civil Conversion patient held in a forensic bed at the state hospitals or at an outside restoration program on a per day basis. Defendants shall pay a fine for each day spent in a forensic bed at the state hospitals or at an outside restoration program beyond 21 days after dismissal of the patient's underlying criminal case. For each Civil Conversion patient held in a forensic bed at the state hospitals or at an outside restoration program for more than 21 days after dismissal of the underlying criminal charge, but less than 28 days, the daily fine shall be $1,000 per day. For each Civil Conversion patient who is held in a forensic bed at the state |

ORDER MODIFYING ORDER ON MOTION FOR MATERIAL BREACH OF CONTEMPT SETTLEMENT AGREEMENT - 3

| | |
|---|---|
| each Civil Conversion patient who is held in a forensic bed 28 days or more, the daily fine shall be $2,000 per day. The existing in-jail and inpatient fines shall remain in place. | hospitals or at an outside restoration program 28 days or more, the daily fine shall be $2,000 per day. The existing in-jail and inpatient fines shall remain in place.<br><br>These time limits, and fines to be issued, begin 60 days after the Court's July 7, 2023 Breach and Contempt Order (September 5, 2023).<br><br>For purposes of calculating fines, the 21-day period shall begin: (1) for Civil Conversion patients already in residence in the state hospital or outside restoration program and in a forensic bed, upon DSHS's receipt of the civil conversion dismissal order from the criminal court; (2) for HB-1114 patients who are not already residents in a forensic bed at the state hospital or an outside restoration program, upon admission to the state hospital or outside restoration program if that patient is admitted into a forensic bed. The fine shall cease when the Civil Conversion patient is no longer occupying a forensic bed at the state hospital or outside restoration program. |

All other provisions in the Breach and Contempt Order remain unaffected by this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 14, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER MODIFYING ORDER ON MOTION FOR MATERIAL BREACH OF CONTEMPT SETTLEMENT AGREEMENT - 4