THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| A.B., by and through her next friend Cassie Cordell Trueblood, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Washington State Department of Social and Health Services, et al.,<br><br>Defendants. | NO. 14-cv-01178-MJP<br><br>PARTIES' JOINT RESPONSE TO ORDER TO SHOW CAUSE |

## I. INTRODUCTION

The Parties submit this response to the call for briefing contained in this Court's Order to Show Cause dated August 15, 2023, ECF 1038, and the August 16, 2023 Minute Order, ECF 1040. Because the topics contemplated for decision by the Court would merely maintain the status quo of orders that remain in effect during the pendency of an appeal and would not materially alter the status of the case on appeal, the Parties agree that the Court retains jurisdiction and discretion to issue rulings on those topics.

## II. PROCEDURAL HISTORY

The Court has directed the parties to provide briefing





> …on whether, notwithstanding the appeal, they believe the Court continues to have jurisdiction to: (1) decide Defendants' Motion for Modified Payment Schedule (Dkt. No. 1026); (2) determine whether RCW 10.77.068 comports with the Permanent Injunction (see Dkt. No. 1012); and (3) enter any amended judgments that include fines related to competency services or fines related to Civil Conversion patients.

ECF 1038.

By minute order (ECF 1040), the Court supplemented its call for briefing to add the issue of "whether, notwithstanding the pending appeal, the Court and the Court Monitor have jurisdiction over the matters ordered in Paragraph 33(i) and 33(j) of the Breach and Contempt Order (Dkt. No. 1009 at 51)."

## III. ANALYSIS

When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). *See* also *Nat'l Resources Defense Council v. SW Marine Incorp.*, 242 F.3d 1163, 1166 (9th Cir. 2001), (quoting *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982) (per curiam); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982))("As a general rule, '[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.'")

However, the rule of jurisdiction transfer is limited to the aspects of the case that are being appealed. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control **over those aspects of the case involved in the appeal**.")(emphasis added).

This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously.



CARNEY GILLESPIE PLLP
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com

*Southwest Marine,* 242 F.3d at 1166, (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983); 20 James Wm. Moore, Moore's Federal Practice, S 303.32[1] (3d ed. 2000)).

The principle of exclusive appellate jurisdiction is not, however, absolute. *Southwest Marine,* 242 F.3d at 1166; *Masalosalo*, 718 F.2d at 956; 20 Moore's S 303.32[2][b]. The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo. *Southwest Marine,* 242 F.3d at 1166; *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922); *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976); *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951).

This exception to the jurisdictional transfer principle has been codified in Rule 62(c) of the Federal Rules of Civil Procedure, which allows a district court to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." This Rule grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Southwest Marine,* 242 F.3d at 1166; *McClatchy Newspapers*, 686 F.2d at 734; *Mayweathers*, 258 F.3d at 935. Thus, any action taken pursuant to Rule 62(c) "may not materially alter the status of the case on appeal." *Southwest Marine,* 242 F.3d at 1166, (citing Allan Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 322 (1992)).

Logically, this distinction between maintaining the status quo of the existing orders and materially altering the case on appeal is necessary because were it not for the reservation of jurisdiction to maintain the status quo of an order being appealed from, an appeal would have the practical effect of automatically staying every injunction by depriving the trial court of authority to implement or enforce the injunction. This would render Federal Rule of Appellate Procedure 8, setting procedures to request a stay pending appeal, a nullity. Indeed, Federal Rule of



CARNEY GILLESPIE PLLP
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com

Appellate Procedure 62(c) clarifies that absent a court order to the contrary, an injunction is "*not* stayed after being entered, even if an appeal is taken." (emphasis added). *See* also *Robinson v. Delgado,* 02-cv-01538-NJV (N.D. Cal. October 4, 2012)("… until its judgment is superseded on appellate review, this court retains jurisdiction to enforce the injunction it entered in this case.") Here, the defense has neither sought nor been granted a stay.[1]

In this case, the Court has jurisdiction to act in all of the areas contemplated. A decision on Defendants' Motion for Modified Payment does not "materially alter the status of the case on appeal," it merely sets the precise terms on which the existing order will be implemented. Similarly, the Court has discretion and jurisdiction to calculate fines related to competency services and civil conversion patients for the same reason; these rulings do not materially alter the status of the case on appeal. The same logic applies to the matters covered in paragraphs 33(i) and 33(j) of the Breach and Contempt Order – subsequent rulings on those matters will merely further the implementation of the status quo without materially altering the case on appeal. Finally, with respect to determining whether RCW 10.77.068 comports with the Permanent Injunction, this aspect of the case is not under appeal and is thus not covered by the general rule of jurisdictional transfer in the first instance. However, this issue would likewise fall under the category of maintaining the status quo, implementing the injunction without materially altering the case on appeal.

**IV. CONCLUSION**

For the foregoing reasons, the Parties stipulate that the pending appeal does not divest the Court of jurisdiction to act in any of the areas contemplated.

---

[1] "A party seeking a stay of a lower court's order bears a difficult burden." *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1994). District courts consider four factors in ruling on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *United States v. 1020 Elect. Gambling Mach.*, 38 F. Supp. 2d 1219, 1220 (E.D. Wash. 1999).



CARNEY GILLESPIE PLLP
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com

Dated this August 28, 2023.

Respectfully submitted,

/s/ Kimberly Mosolf
David R. Carlson, WSBA No. 35767
Kimberly Mosolf, WSBA No. 49548
Elizabeth Leonard, WSBA No. 46797
Disability Rights Washington
315 Fifth Avenue South, Suite 850
Seattle, WA 98104
(206) 324-1521
davidc@dr-wa.org
kimberlym@dr-wa.org
bethl@dr-wa.org

/s/Christopher Carney
Christopher Carney, WSBA No. 30325
Carney Gillespie PLLP
600 1st Avenue, Seattle, WA 98104
Seattle, Washington 98104
(206) 445-0212
Christopher.Carney@cgilaw.com

***Attorneys for Plaintiffs***

*s/ Daniel J. Judge*
Daniel J. Judge, WSBA No. 44470
Senior Counsel
Anthony W. Vaupel, WSBA No. 47848
Travis D. Kuhns, WSBA No. 53219
Assistant Attorneys General

Office of the Attorney General
7141 Cleanwater Drive SW
P.O. Box 40124
Olympia, WA 98504-0124
(360) 586-6565
Daniel.Judge@atg.wa.gov
Anthony.Vaupel@atg.wa.gov
Travis.Kuhns@atg.wa.gov

***Attorneys for Defendants***



CARNEY GILLESPIE PLLP
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com