UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., <br><br> Defendants. | CASE NO. C14-1178 MJP <br><br> ORDER GRANTING IN PART MOTION FOR MODIFIED PAYMENT SCHEDULE |

This matter comes before the Court on Defendants' Motion for Modified Payment Schedule Pursuant to Dkt. No. 1009. (Dkt. No. 1026.) Having reviewed the Motion and all supporting materials, noting the lack of any response, and having held argument on the Motion on November 9, 2023, the Court GRANTS the Motion in part.

Through the Motion, Defendants ask for additional time to pay the $100,318,000.00 fine that the Court ordered Defendants to pay as part of its Findings of Fact and Conclusions of Law

ORDER GRANTING IN PART MOTION FOR MODIFIED PAYMENT SCHEDULE - 1

on Plaintiffs' Motion for Material Breach of Contempt Settlement Agreement (Dkt. No. 1009) ("Contempt Order").) In relevant part, the Contempt Order stated:

> Defendants shall pay all fines held in abeyance from September 2022 through May 2023, which totals $100,318,000.00. This must be remitted to the Court's registry within 30 days of this Order. Pursuant to Section V(A)(4) of the Settlement Agreement, DSHS may move the Court for a reasonable schedule for payment of the amount due on an installment basis.

(Contempt Order at 50.) Invoking this language, Defendants ask the Court to allow payment of the fine in one lump sum by April 15, 2024, with no interest accruing until after that date. (Mot. at 2.)

The Court finds Defendants' proposal largely acceptable. Defendants have explained that the additional time will allow them the opportunity to seek funding from the state legislature, rather than using the existing, limited budget of Defendant Washington State Behavioral Health Administration. This will avoid the possibility that payment of the fine might hamper DSHS's ability to deliver services to the Class prior to the next legislative budgeting session. While Defendants have not explained with great specificity what the precise harm might be, the Court accepts this premise as good cause for the extension. And the Court notes that delays outside of Defendants' control in holding the hearing on Plaintiffs' Motion also prevented Defendants from being able to request the funds from the legislature during the 2023 legislative session. For these reasons, the Court GRANTS the Motion and ORDERS Defendants to pay the $100,318,000.00 fine in one lump sum by no later than April 15, 2024.

But the Court finds that there is no basis on which to suspend accrual of interest on the fine. Defendants have the present ability to fund the fine, as they confirmed at the hearing on November 9, 2023. While the Court recognizes Defendants' wish to avoid disruption to DSHS's services, it also wishes to ensure that the State timely funds the fine so that Class Members may receive the benefits of the programs and services the fine will fund. The Court therefore finds it

necessary to assess and collect interest to protect the Class's interest and to inspire the legislature to act seriously and swiftly to fund the fine as soon as possible at the start of the 2024 legislative session. Interest shall be computed in accordance with 28 U.S.C. § 1961, and shall begin to accrue 14 days from the date of this Order. The Court will issue separate, individual orders directing payment of the interest accrued into the Court's registry every 30 days, starting 14 days from the date of this Order. The Court directs the Clerk to account for the interest payments as payments of principal. Interest shall be calculated and due until the Court receives payment of the $100,318,000.00.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 9, 2023.

Marsha J. Pechman
United States Senior District Judge