UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., <br><br> Defendants. | CASE NO. C14-1178 MJP <br><br> ORDER RE: FINE CALCULATIONS |

The Court issues this Order after reviewing the Declaration of Dr. Thomas J. Kinlen — March 2024 Data & Contempt Report. (Dkt. No. 1109.) In the Report, Dr. Kinlen identifies a total credit of $347,500 for inpatient and outpatient fines and a total of $575,250 due to the Court's registry for in-jail evaluation fines. But Dr. Kinlen states: "the Department proposes to apply the inpatient credit of $347,500 against the in-jail fines of $572,250" and "proposes that the total judgment for this period should be in the amount of $224,750." (Id. at ¶ 18.)

ORDER RE: FINE CALCULATIONS - 1

The Court rejects Defendants' request to offset the in-jail fines that are due to the Court's registry by applying a credit for inpatient/outpatient fines. Since the Court's approval of the Amended Settlement Agreement, the Court has always treated and accounted for in-jail evaluation fines separately and distinctly from the inpatient and outpatient fines. That is largely because in-jail evaluation fines are always reduced to judgment and due into the Court's registry, while inpatient/outpatient fines are reduced to judgment, but held in abeyance (unless otherwise ordered). Defendants' proposal would eliminate the distinction between the accounting of these fines and give them the benefit of any credits from those fines held in abeyance, while avoiding any burden of paying the remaining fines held in abeyance. Because the Court accounts for these fines and credits separately and only the in-jail fines are due to the registry each month, the Court will not offset in-jail fines with any credits from outpatient/inpatient fines, or vice versa. Only if Defendants no longer wish the Court to hold the inpatient/outpatient fines in abeyance and instead pay all fines held in abeyance, would the Court consider Defendants' proposal. At present, the Court will not accede to Defendants' proposal. As will be separately reflected in the Judgment for February 2024, Defendants must pay the $575,250 due for in-jail fines, which shall not be offset by the outpatient/inpatient fine credit of $347,500.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 20, 2024.

Marsha J. Pechman
United States Senior District Judge