UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., <br><br> Defendants. | CASE NO. C14-1178 MJP <br><br> CLARIFYING ORDER RE: GOOD CAUSE EXCEPTIONS |

The Court issues this Order <u>sua sponte</u> to clarify its Order on Defendants' Motion for Reconsideration regarding Good Cause Exceptions. (Dkt. No. 1143.) The Court finds this Clarifying Order is necessary to: (1) reiterate the reasons why the good cause exceptions to timely in-jail competency evaluations are narrowly tailored; and (2) the process by which Defendant Washington State Department of Social and Health Services (DSHS) must act to demonstrate compliance the Court's narrow good cause exception to providing timely in-jail

CLARIFYING ORDER RE: GOOD CAUSE EXCEPTIONS - 1

competency evaluations. The Court issues this Order for the benefit of the Parties and state court judges who faced requests from DSHS for an extension of time to complete an in-jail competency evaluations.

To satisfy the Court's good cause exception requirements, DSHS must apply for and obtain a state court order that identifies individualized good cause to extend the 14-day period in which to complete the in-jail competency evaluation. The individualized good cause finding must be based on the Class Member's clinical and/or non-clinical interests. (See Modified Permanent Injunction at 32-34.) Clinical reasons include "unique medical or psychiatric needs of the particular individual, including the continued presence of intoxicants but not including DSHS's lack of resources or the system's inability to administratively accommodate the needs of the individual within fourteen days." (Id. at 33.) Non-clinical reasons include limited circumstances where the Class Member's desire to have "their defense counsel, an interpreter, or an expert of their choosing present at the evaluation is not possible to arrange within the fourteen-day timeframe." (Id.)

For DSHS to obtain approval of a good cause exception from this Court, it must present a written order from the state court documenting that court's individualized finding of good cause to extend the 14-day deadline. Only those state court orders that identify good cause consistent with the Court's Permanent Injunction will entitle DSHS to a finding of compliance and an avoidance of fines. As such, DSHS must request and a state court judge must issue written factual findings of individualized good cause for the good cause exception to apply.

Narrowly restricting exceptions to the 14-day time limit ensures that Class Members' constitutional due process rights remain protected even when DSHS faces challenges in providing competency services. Allowing exceptions merely for convenience or for non-

individualized reasons would undermine the Court's Permanent Injunction and Class Members' constitutional rights. For these reason, the Court has carved out a limited exception that requires state court judicial oversight and individualized good cause evaluations.

In issuing this Order the Court does not intend to fault the Parties. Rather, the Court hopes that this Order proves instructive and helpful in DSHS's continued efforts to come into compliance with the Permanent Injunction.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 19, 2024.

*[signature]*

Marsha J. Pechman
United States Senior District Judge