1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.B., by and through her next friend
CASSIE CORDELL TRUEBLOOD, et
al.,

              Plaintiffs,

    v.

WASHINGTON STATE
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, et al.,

              Defendants.

CASE NO. C14-1178 MJP

ORDER ON MOTIONS FOR
RELIEF FROM FINES

      This matter comes before the Court on Defendant Department of Social and Health

Services' Requests for Relief from Fines. (Dkt. Nos. 1185, 1190.) Having reviewed the

Requests, the Supplemental Pleadings re: the Requests (Dkt. Nos. 199, 1202), Plaintiffs'

Response (Dkt. No. 1189), and all supporting materials, and having discussed the Requests at the

status conference held on March 25, 2025, the Court GRANTS the requested relief from fines.

ORDER ON MOTIONS FOR RELIEF FROM FINES - 1

# BACKGROUND

## A.    Procedural Background

Under the Court's Modified Permanent Injunction ("Injunction"), the Department of Social and Health Services must complete in-jail competency evaluations within 14 days of the receipt of a court order or within 21 days of the date the court order was signed. (Modified Permanent Injunction at 32-34 (Dkt. No. 303); Order Adopting the Parties' Mediated Settlement Agreement ¶ 2 (Dkt. No. 408).) If DSHS fails to complete the in-jail competency evaluation within these time limits, it must pay, per Class Member: $750 for each of the first six days of non-compliance and $1,500 per day starting the seventh day and every day thereafter. (See Order on Plaintiffs' Second Motion for Civil Contempt at 13 (Dkt. No. 506).) But the Injunction allows for a "good cause exception" to these time limits (the Court refers to the exception as "GCE"). Under the Injunction, "[w]here an in-jail evaluation cannot be completed within fourteen days of a court order, Defendants must secure an extension from the ordering court for individualized good cause, or must immediately admit the individual to a state hospital to finish conducting the evaluation." (Modified Permanent Injunction at 32-33 (Dkt. No. 303). The Court defined "individualized good cause" as follows:

> Individualized good cause encapsulates both clinical good cause—meaning good cause based on the unique medical or psychiatric needs of the particular individual, including the continued presence of intoxicants but not including DSHS's lack of resources or the system's inability to administratively accommodate the needs of the individual within fourteen days—and good cause based on class members' non-clinical interests, i.e., where having their defense counsel, an interpreter, or an expert of their choosing present at the evaluation is not possible to arrange within the fourteen-day timeframe.

(Id. at 33.) The Court made clear that "in order to invoke the individualized good cause exception, Defendants must seek an extension from the ordering court." (Id.) The Court also ordered Defendants "to track each request for an individualized good cause extension made by

1    DSHS evaluators, and whether the request was granted or denied" and to include this

2    information "in Defendants' monthly reports to the Court Monitor." (Id.)

3          To satisfy the Court's good cause exception requirements, DSHS must apply for and

4    obtain a state court order that identifies individualized good cause to extend the 14-day period in

5    which to complete the in-jail competency evaluation. The individualized good cause finding

6    must be based on the Class Member's clinical and/or non-clinical interests. (See Modified

7    Permanent Injunction at 32-34.) Clinical reasons include "unique medical or psychiatric needs of

8    the particular individual, including the continued presence of intoxicants but not including

9    DSHS's lack of resources or the system's inability to administratively accommodate the needs of

10    the individual within fourteen days." (Id. at 33.) Non-clinical reasons include limited

11    circumstances where the Class Member's desire to have "their defense counsel, an interpreter, or

12    an expert of their choosing present at the evaluation is not possible to arrange within the

13    fourteen-day timeframe." (Id.)

14          For DSHS to obtain approval of a GCE from this Court, it must present a written order

15    from the state court documenting that court's individualized finding of good cause to extend the

16    14-day deadline. Only those state court orders that identify good cause consistent with the

17    Court's Permanent Injunction will entitle DSHS to a finding of compliance and an avoidance of

18    fines. As such, DSHS must request and a state court judge must issue written factual findings of

19    individualized good cause for the GCE to apply.

20    **B.    Requested Relief From Fines**

21          As part of a one-time look back, DSHS asks the Court to grant it relief from $190,500

22    worth of in-jail fines incurred from January 2024 to the present on the theory that these fines fall

23    within the GCE framework. The request covers fines incurred as to twenty-two class members.

24

1    As the Court explained to the Parties during the Status Conference on March 25, 2025, DSHS

2    failed to provide sufficient evidence to support any relief from these fines because: (1) the

3    evidence submitted did not show when the evaluation occurred for any of the twenty-two class

4    members; (2) for eight of the class members, the court order did not state the length of the

5    extension; and (3) for two of the class members, the order submitted addressed a requested

6    waiver of the speedy trial act. DSHS has now provided an updated declaration that attests to the

7    date each evaluation at issue occurred. (Supplemental Declaration of Thomas Kinlen, M.D. ¶ 3

8    (Dkt. No. 1201).) This data that was not provided to the Court previously, but it was apparently

9    provided to Plaintiffs' counsel. (Id.) DSHS also asserts that for those order which lack a specific

10   number of days of the extension, the Court should consider the number of days requested by

11   DSHS as the proper measure of the extension. (Id. ¶¶ 5-7; see also id. Ex. A at 4 ("Definitions

12   and Notes about Calculation Process").) And as to one of the class members for whom on a

13   speedy trial act waiver order was filed, DSHS has provided its GCE request.

14          Plaintiffs have indicated that they do not oppose any of the requested relief.

15                                              **ANALYSIS**

16   **A.      Relief From Fines Appropriate**

17          With some reluctance, the Court finds that DSHS is entitled to relief from fines incurred

18   as to the twenty-two class members.

19          The Court has provided substantial prior explanation about what constitutes

20   individualized good cause that might qualify for a GCE. (See Dkt. Nos. 303, 1047, 1147.) Yet, in

21   its initial submission, DSHS failed to provide sufficient information to allow the Court to

22   determine whether the criteria were satisfied. Missing was any information about when the

23   evaluation occurred, and, for eight class members, the length of the Court's extension. Without

24

1    this information, the Court could not determine whether the evaluation occurred within the time

2    granted for the extension or, for eight class members, what the time frame of the extension was.

3    Although DSHS decided to give this information to Plaintiffs, it failed to provide this

4    information from the Court. It should be of no surprise that the Court declined to grant the relief.

5        DSHS has now provided sufficient information to justify its requests. First, DSHS has

6    now provided sufficient information as to when each evaluation occurred, which satisfies the

7    Court's concern as to this missing information for the requests. Second, as to those orders where

8    no date was specified, the Court reluctantly agrees that a reasonable reading of the record

9    suggests the underlying court extended the deadline to the date requested by DSHS. This follows

10   as a matter of logic. Nevertheless, the Court finds the missing information concerning,

11   particularly where the constitutional rights of the Class Members is at stake. The Court's

12   concerns are somewhat tempered by the fact that Plaintiffs agree to the requests and that a court

13   actually reviewed DSHS's request and made specific findings of individualized good cause.

14   Accordingly, the Court finds this information sufficient to set the end date of the extension.

15   Third, the Court finds the materials presented as to Class Members Curry and Martin are

16   sufficient to warrant relief from fines despite the lack of a GCE-specific order. As to Curry,

17   DSHS provides an order on a "Motion to Continue / Speedy Trial Waiver" which granted a

18   speedy trial waiver based on a representation that "[t]here has been a good cause explanation for

19   delay in completing the 10.77 comp eval ordered by this Court (medical unavailability of Def)

20   filed by DSHS/OFMHS on 1/9/24" and that "[d]efense has no objection to resetting this matter

21   two weeks given that Defendant is still in the hospital as of 1/10/24." (Dkt. No. 1201-2 at 36.)

22   DSHS has now provided a copy of the requested GCE request, and the Court finds the order

23   sufficient to extend the evaluation deadline notwithstanding its form, given that it identifies the

24

1    medical unavailability of Curry as the reason for the extension. As to Martin, the "Pre-Trial

2    Release / Commitment / Notice of Hearing" order includes a note that "[p]er Explanation of

3    Good Cause for Delay filed 1.31.24, defendant was medically unavailable for evaluation and

4    DSHS anticipates a completed evaluation to be transmitted 2.9.24." (<u>Id.</u> at 86.) The Court finds

5    this an adequate finding of individualized good cause, which identifies the medical unavailability

6    of Martin.

7           The Court therefore GRANTS the requested relief from fines.

8                                          **CONCLUSION**

9           The Court finds that the materials presented are adequate to support the requested relief

10   from fines. The Court therefore GRANTS the requests for relief from the fines identified in

11   Docket Entries 1185 and 1190 and DSHS may claim a credit of $190,500 for those in-jail fines

12   in the next monthly fine declaration.

13          The clerk is ordered to provide copies of this order to all counsel.

14          Dated April 15, 2025.

15

16                                          Marsha J. Pechman
                                            United States Senior District Judge
17

18

19

20

21

22

23

24

ORDER ON MOTIONS FOR RELIEF FROM FINES - 6