The Honorable MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| CASSIE CORDELL TRUEBLOOD, next friend of A.B., an incapacitated person, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>Defendants. | NO. 2:14-cv-1178 MJP<br><br>DECLARATION OF DR. THOMAS J. KINLEN IN SUPPORT OF DSHS'S REQUEST FOR RELIEF FROM FINES PER DKT. NO. 1143 |

I, Thomas J. Kinlen, am over the age of 18 years of age, competent to testify to the matters below, and declare based upon personal knowledge:

1. I am the Director of the Office of Forensic Mental Health Services (OFMHS) within the Behavioral Health Administration of the Department of Social and Health Services (Department). As the Director, I am also at the level of a Deputy Assistant Secretary and an Appointing Authority who is an authorized representative of the Department.

2. As the Director, I am responsible for the delivery of forensic services in the state of Washington, which includes diversion activities including overall oversight of three prosecutorial diversion programs, workforce development in forensic mental health, competency to stand trial evaluations, competency restoration policy development, treatment and treatment

DECLARATION OF DR. THOMAS J. KINLEN IN SUPPORT OF DSHS'S REQUEST FOR RELIEF FROM FINES PER DKT. NO. 1143

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-709-4845

NO. 2:14-CV-1178 MJP

1  quality assurance, oversight of forensic navigators, collaboration with residential treatment
2  facilities for competency restoration, assignment and completion of re-evaluations for the
3  Not Guilty by Reason of Insanity (NGRI) population, and policy development and quality
4  assurance for NGRI treatment. I am also responsible for the operation of OFMHS, which
5  includes collaborating and assisting in the contract and administrative management with
6  competency restoration sites, establishing consistent policies, procedures and practices across
7  the competency sites and state hospitals, assisting forensic evaluators and navigators in
8  completing job duties as assigned, assisting with policy development at the agency and hospital
9  level including preparing and testifying on agency request legislation, oversight of the processing
10 of court orders, and working with the key partners across the state in addressing any issues and
11 concerns related to forensic patients. All competency restoration referrals are screened to
12 determine whether admission to the restoration treatment facilities is clinically appropriate. I am
13 familiar with the process concerning admission to these facilities for competency evaluation and
14 restoration treatment services.

15  3. As established between the parties, and with this Court's orders in mind, the State
16 sends its Good Cause Exception requests and documentation from the trial court to Plaintiffs'
17 counsel, who then review to take a position as to whether a given request is compliant with this
18 Court's injunction.

19  4. The State is only requesting GCE credit, or relief from fines, where the parties
20 are agreed that a given request is compliant with the Court's injunction.

21  5. These requests are now being presented to this Court, and only after this Court's
22 approval will the Department actually adjust any of its fines numbers pursuant to GCE requests.

23  6. Attached to this declaration as Exhibit A is a summary and accounting of cases
24 where records indicate that a state trial court found a good cause exception for a delay in
25 evaluation and entered an order that the Department believes to be compliant with this Court's
26 modified permanent injunction. The amount of fines credit requested in Exhibit A comes from a

DECLARATION OF DR. THOMAS J.
KINLEN IN SUPPORT OF DSHS'S
REQUEST FOR RELIEF FROM FINES
PER DKT. NO. 1143

NO. 2:14-CV-1178 MJP

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-709-4845

manual review of cases and is the expected maximum downward adjustment to fines that the Department would make to its accounting systems should the Court approve these requests. Attached to this declaration as Exhibit B are the underlying orders summarized in Exhibit A. Plaintiff's counsel were provided an opportunity to review these cases and, based on the feedback they provided to the Department, the Department expects Plaintiffs to agree with the Department's request for relief from fines for this case.

7.    The Department continues to have difficulty in encouraging its state court partners to consider and rule on its requests for good cause extensions.

8.    To better demonstrate the scope of this problem, the State has also asked Plaintiffs' counsel to review additional cases and opine on whether the Department *would have been eligible* for GCE credit but for a lack of written court order with an individualized finding. Plaintiffs have been provided with documentation on each of these cases which includes a request for GCE as well as documentation demonstrating that the evaluator made the request on a basis permitted by the modified permanent injunction. Attached to this declaration as Exhibit C is a summary and accounting of these cases, where the Department believes it would be requesting credit from fines had the state trial court acted on its request for a GCE. Exhibit D contains documentation for the cases summarized in Exhibit C, for more context. Again, the Department is not requesting reversal of fines for these cases but can indicate, based on feedback provided by Plaintiffs' counsel, that Plaintiffs would support such a request if the state trial court had acted on the Department's request for findings indicating good cause for an extension.

9.    Additionally, there are also instances where the Department tried to evaluate a patient timely, but was thwarted by non-party actors, or otherwise delayed despite the Department's best efforts. The Department's practice in these situations is to file a "notice of delay" with the trial court. The notice of delay is just that – a notification to the trial court and the parties that a delay has occurred, the nature of the delay, and when the evaluator believes they will be able to complete the evaluation. Nevertheless, these fact patterns can be nuanced,

DECLARATION OF DR. THOMAS J. KINLEN IN SUPPORT OF DSHS'S REQUEST FOR RELIEF FROM FINES PER DKT. NO. 1143

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-709-4845

NO. 2:14-CV-1178 MJP

1  and delays can sometimes occur for multiple reasons. As a result, the Department sometimes does secure a good cause extension from the state trial court. But, because the final basis for these delays is not enumerated by this Court's modified permanent injunction, the Department is not requesting reversal of fines for these cases.

10. Accordingly, and to also demonstrate the degree to which non-party actors are able to obstruct the Department's efforts towards compliance with this Court's injunctions and orders, the State has asked Plaintiffs' counsel for their opinion on a third subset of cases, where the State does not believe the facts of the given scenario meet with exceptions provided by the permanent injunction, but the reasons for any delay are not attributable to the Department in this matter. Attached to this declaration as Exhibit E is a summary and accounting of these cases, where the Department believes it is not able to request credit from fines, but accrued fines because of the action (or inaction) of third-party actors, and despite reasonable efforts to surmount any complications. Exhibit F contains documentation for the cases summarized in Exhibit E, for more context. The Department is not requesting reversal of fines for these cases but can indicate, based on feedback provided by Plaintiffs' counsel, that Plaintiffs appear to agree that delays in these cases was not attributable to the Department.

11. Again, the State is not requesting relief from contempt fines for these second and third groupings of cases. The purpose of including this information here is to aid the Court, state legislators, state executive officials and county officials in understanding the extent to which other county or non-party actors have frustrated the Department's efforts towards compliance, and the barriers that remain despite the Department's efforts to better relations with its county partners.

//

//

//

//

DECLARATION OF DR. THOMAS J. KINLEN IN SUPPORT OF DSHS'S REQUEST FOR RELIEF FROM FINES PER DKT. NO. 1143

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-709-4845

NO. 2:14-CV-1178 MJP

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct to the best of my knowledge.

Signed this 30th day of April 2025, at Olympia, Washington.

_____
THOMAS J. KINLEN
Director of the Office of Forensic Mental Health Services
Behavioral Health Administration
Department of Social and Health Services

DECLARATION OF DR. THOMAS J. KINLEN IN SUPPORT OF DSHS'S REQUEST FOR RELIEF FROM FINES PER DKT. NO. 1143

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-709-4845

NO.  2:14-CV-1178 MJP

# CERTIFICATE OF SERVICE

I, *Marko Pavela,,* state and declare as follows:

I am a citizen of the United States of America and over the age of 18 years and I am competent to testify to the matters set forth herein. I hereby certify that on this 30th day of April 2025, I caused to be filed electronically with foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Chloe Merino: chloem@dr-wa.org

Kimberly Mosolf: kmosolf@gmail.com

Christopher Carney: Christopher.Carney@CGILaw.com

Sean Gillespie: Sean.Gillespie@CGILaw.com

David JW Hackett: david.hackett@kingcounty.gov

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 30th day of April 2025, at Olympia, Washington.

*s/ Marko Pavela*
MARKO PAVELA, AAG

DECLARATION OF DR. THOMAS J. KINLEN IN SUPPORT OF DSHS'S REQUEST FOR RELIEF FROM FINES PER DKT. NO. 1143

6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-709-4845

NO. 2:14-CV-1178 MJP