UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD, et al., <br><br>Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., <br><br> Defendants. | CASE NO. C14-1178 MJP <br><br> ORDER ON REQUEST FOR RELIEF FROM FINES |

This matter comes before the Court on Defendant Department of Social and Health Services' Request for Relief from Fines. (Dkt. No. 1233.) Having reviewed the Request, and all supporting materials, and noted the lack of opposition, the Court GRANTS the requested relief from fines.

ORDER ON REQUEST FOR RELIEF FROM FINES - 1

# BACKGROUND

## A. Procedural Background

Under the Court's Modified Permanent Injunction ("Injunction"), the Department of Social and Health Services must complete in-jail competency evaluations within 14 days of the receipt of a court order or within 21 days of the date the court order was signed. (Modified Permanent Injunction at 32-34 (Dkt. No. 303); Order Adopting the Parties' Mediated Settlement Agreement ¶ 2 (Dkt. No. 408).) If DSHS fails to complete the in-jail competency evaluation within these time limits, it must pay, per Class Member: $750 for each of the first six days of non-compliance and $1,500 per day starting the seventh day and every day thereafter. (See Order on Plaintiffs' Second Motion for Civil Contempt at 13 (Dkt. No. 506).) But the Injunction allows for a "good cause exception" to these time limits (the Court refers to the exception as "GCE"). Under the Injunction, "[w]here an in-jail evaluation cannot be completed within fourteen days of a court order, Defendants must secure an extension from the ordering court for individualized good cause, or must immediately admit the individual to a state hospital to finish conducting the evaluation." (Modified Permanent Injunction at 32-33 (Dkt. No. 303). The Court defined "individualized good cause" as follows:

> Individualized good cause encapsulates both clinical good cause—meaning good cause based on the unique medical or psychiatric needs of the particular individual, including the continued presence of intoxicants but not including DSHS's lack of resources or the system's inability to administratively accommodate the needs of the individual within fourteen days—and good cause based on class members' non-clinical interests, i.e., where having their defense counsel, an interpreter, or an expert of their choosing present at the evaluation is not possible to arrange within the fourteen-day timeframe.

(Id. at 33.) The Court made clear that "in order to invoke the individualized good cause exception, Defendants must seek an extension from the ordering court." (Id.) The Court also ordered Defendants "to track each request for an individualized good cause extension made by

DSHS evaluators, and whether the request was granted or denied" and to include this information "in Defendants' monthly reports to the Court Monitor." (Id.)

To satisfy the Court's good cause exception requirements, DSHS must apply for and obtain a state court order that identifies individualized good cause to extend the 14-day period in which to complete the in-jail competency evaluation. The individualized good cause finding must be based on the Class Member's clinical and/or non-clinical interests. (See Modified Permanent Injunction at 32-34.) Clinical reasons include "unique medical or psychiatric needs of the particular individual, including the continued presence of intoxicants but not including DSHS's lack of resources or the system's inability to administratively accommodate the needs of the individual within fourteen days." (Id. at 33.) Non-clinical reasons include limited circumstances where the Class Member's desire to have "their defense counsel, an interpreter, or an expert of their choosing present at the evaluation is not possible to arrange within the fourteen-day timeframe." (Id.)

For DSHS to obtain approval of a GCE from this Court, it must present a written order from the state court documenting that court's individualized finding of good cause to extend the 14-day deadline. Only those state court orders that identify good cause consistent with the Court's Permanent Injunction will entitle DSHS to a finding of compliance and an avoidance of fines. As such, DSHS must request and a state court judge must issue written factual findings of individualized good cause for the GCE to apply.

**B.      Requested Relief From Fines**

Through the Request, Defendants seek relief from fines incurred as to four Class Members for in-jail evaluations. The fines were incurred within six months of each respective Request. Plaintiffs have not filed an opposition to the requested relief.

## ANALYSIS

**A.      Relief From Fines Appropriate**

The Court finds that DSHS is entitled to relief from fines incurred as to the four Class Members. As to each Class Member, DSHS has provided evidence of a valid request for a good cause extension request and a court order finding individualized good cause. The Court also finds that the calculation of days for which relief is sought is accurate as to each Class Member. Accordingly, the Court GRANTS the Requests and finds that Defendants are entitled to $14,250 in a credit as to these in-jail fines.

## CONCLUSION

The Court finds that the materials presented are adequate to support the requested relief from fines. The Court therefore GRANTS the Request for Relief from the Fines identified in Docket Entry 1233. DSHS may claim a credit of $14,250 for those in-jail fines in the next monthly fine declaration.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 20, 2025.

Marsha J. Pechman
United States Senior District Judge