UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>Defendants. | CASE NO. C14-1178 MJP<br><br>ORDER ON MOTION TO MODIFY ORDERS RE: CIVIL CONVERSION PATIENTS |

This matter comes before the Court on the Parties' Joint Motion to Modify Orders Re: Civil Conversion Patients. (Dkt. No. 1236.) Having reviewed the Motion, the Supplemental Submissions (Dkt. Nos. 1250, 1251), and all supporting materials, and having held hearings on September 16, 2025 and October 30, 2025, the Court WITHHOLDS RULING on the Motion pending completion of the additional work as outlined in this Order.

As the Court indicated during the October 30, 2025 hearing, it continues to have concerns about the Parties' proposal to modify the Court's Order barring non-violent civil

conversion patients from the state hospitals, particularly in light of Defendants' admission that it has violated the Order since it was issued. While the Court appreciates the ways in which the Parties have worked together to come up with their proposal, the Court remains unconvinced that an occupancy-based threshold is an adequate means of ensuring that there will be beds available for Class Members while civil conversion patients occupy forensic beds at the state hospitals. Accordingly, the Court ORDERS the Parties to meet and confer with the Court Monitor's Office to consider a more holistic measure of demand in determining the "sentinel event" that would cause Eastern State Hospital and/or Western State Hospital to cease admitting non-violent civil conversion patients. Specifically, the Court ORDERS the Parties to consider a measure of demand and space that considers, at a minimum, the following factors: (1) current bed occupancy (438 beds at WSH and 213 at ESH); (2) waitlist of Class Members in jail seeking forensic bed admission; (3) recent rates of both competency evaluation and restoration orders, as well as the total volume of such orders; (4) for current forensic patients, some measure of their discharge status, plans, and rates of discharge; (5) data and rates concerning transfers of civil conversion and other ESH & WSH patients out of the state hospitals. The Parties are free to consider other factors that they would like to discuss and propose, but they must include consideration of the five factors listed above.

      The Court ORDERS the Parties and the Court Monitor's Office to convene within 14 days of this Order to begin discussions. The Court further ORDERS the Parties to submit a revised proposal to modify the Orders re: Civil Conversion Patients within 30 days of entry of this Order. With specific good cause, the Parties may request additional time. The Court WITHHOLDS ruling on the Motion to Modify, and DIRECTS the Clerk to RENOTE the Motion to Modify (Dkt. No. 1236) to November 30, 2025.

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated October 30, 2025.

<br>

*Marsha J. Pechman*
United States Senior District Judge