UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES et al., <br><br> Defendants. | CASE NO. 14-cv-01178-JHC <br><br> ORDER ON REQUEST FOR RELIEF FROM FINES |

# I

## INTRODUCTION

This matter comes before the Court on Defendant Department of Social and Health Services's Request for Relief from Fines. Dkt. # 1262. The Request is unopposed. The Court has reviewed the materials filed in support of the Request, the case file, and the governing law. Being fully advised, the Court GRANTS the requested relief from fines.

//

//

//

//

ORDER ON REQUEST FOR RELIEF FROM FINES - 1

## II
### BACKGROUND

A. Procedural Background

Under the Court's Modified Permanent Injunction (Injunction), the Department of Social and Health Services must complete in-jail competency evaluations within 14 days of the receipt of a court order or within 21 days of the date the court order was signed, whichever is shorter. Dkt. # 303 at 32–34; Dkt. # 408 ¶ 2. If DSHS fails to complete the in-jail competency evaluation within this time limit, it must pay, per Class Member: $750 for each of the first six days of non-compliance and $1,500 per day starting the seventh day and every day after. *See* Dkt. # 506 at 13. But the Injunction allows for a "good cause exception" (GCE) to these time limits. Under the Injunction, "[w]here an in-jail evaluation cannot be completed within fourteen days of a court order, Defendants must secure an extension from the ordering court for individualized good cause, or must immediately admit the individual to a state hospital to finish conducting the evaluation." Dkt. # 303 at 32–33. A GCE fine reduction request "may look back in time, but not more than six months." Dkt. # 1143 at 1. The Court defined "individualized good cause" as:

> Individualized good cause encapsulates both clinical good cause—meaning good cause based on the unique medical or psychiatric needs of the particular individual, including the continued presence of intoxicants but not including DSHS's lack of resources or the system's inability to administratively accommodate the needs of the individual within fourteen days—and good cause based on class members' non-clinical interests, i.e., where having their defense counsel, an interpreter, or an expert of their choosing present at the evaluation is not possible to arrange within the fourteen-day timeframe.

*Id.* at 33. The Court made clear that "in order to invoke the individualized good cause exception, Defendants must seek an extension from the ordering court." *Id.* The Court also ordered Defendants "to track each request for an individualized good cause extension made by DSHS

ORDER ON REQUEST FOR RELIEF FROM FINES - 2

evaluators, and whether the request was granted or denied" and to include this information "in Defendants' monthly reports to the Court Monitor." *Id.*

To satisfy the Court's GCE requirements, DSHS must apply for and obtain a state court order that identifies individualized good cause to extend the 14-day period in which to complete the in-jail competency evaluation. The individualized good cause finding must be based on the Class Member's clinical and/or non-clinical interests. *See id.* at 32–34. Clinical reasons include "unique medical or psychiatric needs of the particular individual, including the continued presence of intoxicants but not including DSHS's lack of resources or the system's inability to administratively accommodate the needs of the individual within fourteen days." *Id.* at 33. Non-clinical reasons include limited circumstances where the Class Member's desire to have "their defense counsel, an interpreter, or an expert of their choosing present at the evaluation is not possible to arrange within the fourteen-day timeframe." *Id.*

To obtain approval for a GCE from this Court, DSHS must present a written order from the state court documenting that court's individualized finding of good cause to extend the 14-day deadline. Only those state court orders that identify good cause consistent with the Court's Injunction will entitle DSHS to a finding of compliance and an avoidance of fines. Thus, DSHS must request and a state court judge must issue written factual findings of individualized good cause for the GCE to apply.

B.     Requested Relief from Fines

Through the Request, Defendants seek relief from fines incurred as to ten Class Members for in-jail evaluations. Dkt. # 1262. The fines were all incurred within six months of the Request. *See* Dkt. # 1263-1. Plaintiffs have not opposed the requested relief.

//

//

ORDER ON REQUEST FOR RELIEF FROM FINES - 3

### III
#### DISCUSSION

A.  Requested Relief Appropriate

The Court finds that DSHS is entitled to relief from fines incurred as to the ten Class Members.  As to each Class Member, DSHS has provided evidence of a valid request for a good cause extension request and a court order finding individualized good cause.  *See* Dkt. # 1263-2.  The Court also finds that the calculation of days for which relief is sought is accurate as to each Class Member.  *See* Dkt. # 1263-1.  Accordingly, the Court GRANTS the Request and finds that Defendants are entitled to $34,500 in a credit as to these in-jail fines.

### IV
#### CONCLUSION

The Court GRANTS the Request for Relief from Fines.  Dkt. # 1262.  DSHS may claim a credit of $34,500 for in-jail fines in the next monthly fine declaration.

The Court DIRECTS the Clerk to provide copies of this Order to all counsel.

Dated this 20th day of November, 2025.

*John H. Chun*
John H. Chun
United States District Judge