1
2
3
4
5
6
7

The Honorable JOHN H. CHUN

8

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

9

10  A.B., by and through her next friend CASSIE
CORDELL TRUEBLOOD, *et al.*,

No. 14-cv-01178-JHC

11              Plaintiffs,

**(PROPOSED) ORDER
MODIFYING DKT. NO. 1009
AND DKT. NO. 1033**

12  v.

13
WASHINGTON STATE DEPARTMENT OF
14  SOCIAL AND HEALTH SERVICES, *et al.*,

**NOTED:**
November 30, 2025

15              Defendants.

16          This matter comes before the Court through the parties' joint motion to modify this

17  Court's orders entered under Dkt. Nos. 1009 and 1033, entered July 7, 2023 and

18  August 14, 2023, respectively. Having considered this motion, supporting documents, as well as

19  the court file and otherwise being fully informed:

20          On hearing on this matter on September 16, 2025, this Court directed the parties to meet

21  and confer with the Court Monitor's Office regarding information or data that may assist

22  Plaintiffs and Court Monitor staff in monitoring Defendants' ongoing compliance with the

23  permanent injunction relating to the timely admission of competency restoration patients and

24  whether the presence of civil conversion patients in state hospital impedes Defendants'

25  compliance under the permanent injunction. The parties have met and conferred with the Court

26  Monitor staff on multiple occasions and the parties have proposed to the Court their plan for

(PROPOSED) ORDER
NO. 14-cv-01178-MJP

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

1   information-sharing under an order that would modify Dkt. Nos. 1009 and 1033 as set forth

2   herein. This proposal includes information and action relating to "sentinel events" automatically

3   triggered by benchmarks of capacity for admission of forensic competency patients in each of

4   the state hospitals.  *See* Dkt. No. 1251 and No. 1272.

5           The Court also directed Defendants to submit any additional data Defendants currently

6   have available that may relate to trends or other impacts affecting state hospital populations.

7   Defendants have also submitted information in this regard. *See* Dkt. No. 1250 and Exhibits A

8   through D.

9           At the conclusion of the status conference on October 30, 2025, the Court directed the

10  parties to again meet and confer with the Court Monitor toward a proposal to apprise the Court

11  regarding *Trueblood* class members obtaining timely admission to competency restoration. The

12  Court directed, in its October 30, 2025 Order, the parties to communicate regarding and consider

13  these factors as part of their subsequent meet-and-confer process: (1) current bed occupancy

14  (438 beds at WSH and 213 at ESH); (2) waitlist of Class Members in jail seeking forensic bed

15  admission; (3) recent rates of both competency evaluation and restoration orders, as well as the

16  total volume of such orders; (4) for current forensic patients, some measure of their discharge

17  status, plans, and rates of discharge; and (5) data and rates concerning transfers of civil

18  conversion and other ESH & WSH patients out of the state hospitals. *See* Dkt. No 1264. The

19  Court directed the parties to report from their meet-and confer by November 29, 2025. The Court

20  re-noted the parties' joint motion to modify to November 30, 2025.

21          THE COURT FINDS the parties have met and conferred with the Court Monitor's Office

22  and have reported back to the Court as directed.

23          THE COURT FINDS that the State has developed additional and material inpatient

24  behavioral health treatment bed space and improved community treatment options and

25  availability since the Court found the State in breach and contempt in June of 2023.  The Court

26  further finds that DSHS has made material gains in compliance with the Court's injunction

(PROPOSED) ORDER
NO. 14-cv-01178-MJP

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

1    governing timeliness for competency restoration treatment.  These new circumstances constitute

2    good cause for entry of the order set forth below, and Defendants' improvement in the admission

3    of competency restoration patients to state hospitals and other facilities constitutes a substantial

4    change in circumstances warranting entry of the order below that is suitably tailored to the

5    current circumstances of the case, in light of the information sharing and the sentinel event

6    reporting and action the parties have agreed to under Dkt. No. 1251, and as updated in Dkt.

7    No. 1272.

8         IT IS THEREFORE ORDERED that this Court's orders, entered under Dkt. Nos 1009

9    and 1033 are MODIFIED as set forth below:

10

11

| | CURRENT LANGUAGE | MODIFIED LANGUAGE |
|---|---|---|
| Dkt. #1009 ¶33(a) | Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients for whom the commitment court has made a special finding of violent felony pursuant to RCW §71.05.280(3)(b) (which the Parties refer to as "HB 1114 patients"). | ~~Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients for whom the commitment court has made a special finding of violent felony pursuant to RCW §71.05.280(3)(b) (which the Parties refer to as "HB 1114 patients").~~ |
| Dkt. #1033 ¶33(a) | Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients who have been charged with a "violent offense" under RCW 9.94A.030(58). Civil conversion patients who have been charged with a "violent offense" under RCW 9.94A.030(58) are referred to in this Order as "HB 1114 patients." This admission restriction applies only to Civil | ~~Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients who have been charged with a "violent offense" under RCW 9.94A.030(58). Civil conversion patients who have been charged with a "violent offense" under RCW 9.94A.030(58) are referred to in this Order as "HB 1114 patients." This admission restriction applies only to Civil Conversion patients, and not HB1114 patients or any other patients seeking entry into the state hospitals.~~ |

(PROPOSED) ORDER
NO. 14-cv-01178-MJP

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

| | |
|---|---|
| Conversion patients, and not HB1114 patients or any other patients seeking entry into the state hospitals. | Defendants may retain and treat in state hospitals civil conversion patients without a finding of violent offense under RCW 9.94A.030(58)--under civil commitment orders entered on completion of civil commitment hearings --so long as occupancy of the forensic beds as defined in Dkt. No. 1251 and Dkt. No. 1272 does not reach ninety-eight percent (98%) at either state hospital. If this occurs, the state shall immediately cease admissions to that state hospital for civil conversion patients without a finding of violent offense under RCW 9.94A.050(58). Resumption of admission to that state hospital of any civil conversion patients without a finding of violent offense under RCW 9.94A.030(58) shall not occur until the total occupancy on the dashboard falls below ninety-seven percent (97%) of that state hospital's forensic bed capacity, as set forth in Dkt. No. 1251 and as updated in Dkt. No. 1272.<br><br>No class member shall ever lose access to an inpatient competency restoration bed within the required 7 days because that bed is allocated to or filled by a civil conversion patient. If this occurs, the Defendants shall immediately notify Plaintiffs and the Court Monitor and immediately transfer from the state hospitals committed civil conversion patients without a finding of violent offense under RCW 9.94A.030(58) until occupancy of competency restoration beds is below ninety-seven percent (97%) of the state bed capacity. . |

IT IS FURTHER ORDERED that the parties' plan for information-sharing and sentinel event reporting and action as set forth in Dkt. No. 1251, and as updated in Dkt. No. 1272, is APPROVED AND ADOPTED.

IT IS FURTHER ORDERED Defendants will provide to Plaintiffs' counsel and the Court Monitor information and report on and take action regarding sentinel events and transition

(PROPOSED) ORDER
NO. 14-cv-01178-MJP

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

1 | of Unit E3 at Western State Hospital as set forth in Dkt. No 1251, and as updated in Dkt.

2 | No. 1272.

3 | The Clerk is directed to circulate copies of this Order to the parties and the Court Monitor

4 | through the ECF system.

5 |

6 | Dated this _____ day of _____ 2025.

7 |

8 | _____
    JOHN H. CHUN
9 |    United States District Judge

10 | Presented by:                          Approved for Entry:

11 | NICHOLAS W. BROWN
    Attorney General
12 |

13 |

14 | _____      _s/Kimberly Mosolf_____
    DANIEL J. JUDGE, WSBA No. 17392         KIMBERLY MOSOLF, WSBA No. 49548
15 | Senior Counsel                          Law Office of Kimberly Mosolf, PLLC
    MARKO PAVELA, WSBA No. 49160            600 First Ave.
16 | ANTHONY VAUPEL, WSBA No. 47848          Seattle, WA 98104
    ANTHONY CZAR, WSBA No. 62234            (206) 552-9023
17 | Assistant Attorneys General            kmosolf@gmail.com
    ***Attorneys for Defendants***

18 |                                         CHRISTOPHER CARNEY, WSBA No. 30325
19 |                                         Carney Gillespie, PLLP
                                            600 First Ave., Suite LL08
20 |                                         Seattle, Washington 98104
                                            (206) 445-0212
21 |                                         Christopher.Carney@carneygillespie.com

22 |                                         CHLOE MERINO, WSBA No. 60071
                                            Disability Rights Washington
23 |                                         315 Fifth Avenue South, Suite 850
                                            Seattle, WA 98104
24 |                                         (206) 324-1521
25 |                                         chloem@dr-wa.org
                                            ***Attorneys for Plaintiffs***

26 |

(PROPOSED) ORDER                    5        ATTORNEY GENERAL OF WASHINGTON
NO. 14-cv-01178-MJP                                 7141 Cleanwater Dr SW
                                                      PO Box 40124
                                                   Olympia, WA 98504-0124
                                                      360-586-6565

**CERTIFICATE OF SERVICE**

I, *Daniel J. Judge*, state and declare as follows:

I am a citizen of the United States of America and over the age of 18 years and I am competent to testify to the matters set forth herein. I hereby certify that on this 26th day of November 2025, I caused to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kimberly Mosolf: kmosolf@gmail.com

Chloe Merino: chloem@dr-wa.org

Christopher Carney: Christopher.Carney@CGILaw.com

I certify that on the date indicated below, I caused to be served a true and correct copy of the foregoing document on the Court Monitor and her staff, as follows via electronic mail:

Danna Mauch: dannamauch@mamh.org

Andy Phillips: andyph413@aol.com

Debra Pinals: dap@dspinals.com

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 26th day of November 2025, from Olympia, Washington.

Daniel J. Judge, *Senior Counsel*

(PROPOSED) ORDER
NO. 14-cv-01178-MJP

6