# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| A.B., by and through her next friend CASSIE CORDELL TRUEBLOOD *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES *et al.*,<br><br>Defendants. | No. 14-cv-01178-JHC<br><br>**ORDER MODIFYING DKT. # 1009 AND DKT. # 1033** |

This matter comes before the Court through the parties' joint motion to modify this Court's orders entered under Dkt. Nos. 1009 and 1033, entered July 7, 2023 and August 14, 2023, respectively. Dkt. # 1,236. Having considered this motion, supporting documents, as well as the court file and otherwise being fully informed:

On hearing on this matter on September 16, 2025, this Court directed the parties to meet and confer with the Court Monitor's Office regarding information or data that may assist Plaintiffs and Court Monitor staff in monitoring Defendants' ongoing compliance with the permanent injunction relating to the timely admission of competency restoration patients and whether the presence of civil conversion patients in state hospitals impedes Defendants'

compliance under the permanent injunction. The parties have met and conferred with the Court Monitor staff on multiple occasions and the parties have proposed to the Court their plan for information-sharing under an order that would modify Dkt. Nos. 1009 and 1033 as set forth herein. This proposal includes information and action relating to "sentinel events" automatically triggered by benchmarks of capacity for admission of forensic competency patients in each of the state hospitals. *See* Dkt. # 1251 and # 1272.

The Court also directed Defendants to submit any additional data Defendants currently have available that may relate to trends or other impacts affecting state hospital populations. Defendants have also submitted information in this regard. *See* Dkt. # 1250 and Exhibits A through D.

At the conclusion of the status conference on October 30, 2025, the Court directed the parties to again meet and confer with the Court Monitor toward a proposal to apprise the Court regarding *Trueblood* class members obtaining timely admission to competency restoration. The Court directed, in its October 30, 2025 Order, the parties to communicate regarding and consider these factors as part of their subsequent meet-and-confer process: (1) current bed occupancy (438 beds at WSH and 213 at ESH); (2) waitlist of Class Members in jail seeking forensic bed admission; (3) recent rates of both competency evaluation and restoration orders, as well as the total volume of such orders; (4) for current forensic patients, some measure of their discharge status, plans, and rates of discharge; and (5) data and rates concerning transfers of civil conversion and other ESH & WSH patients out of the state hospitals. *See* Dkt. No 1264. The Court directed the parties to report from their meet-and confer by November 29, 2025. The Court re-noted the parties' joint motion to modify to November 30, 2025.

THE COURT FINDS the parties have met and conferred with the Court Monitor's Office and have reported back to the Court as directed.

THE COURT FINDS that the State has developed additional and material inpatient behavioral health treatment bed space and improved community treatment options and

NO. 14-cv-01178-JHC

2

availability since the Court found the State in breach and contempt in June of 2023. The Court further finds that DSHS has made material gains in compliance with the Court's injunction governing timeliness for competency restoration treatment. These new circumstances constitute good cause for entry of the order set forth below, and Defendants' improvement in the admission of competency restoration patients to state hospitals and other facilities constitutes a substantial change in circumstances warranting entry of the order below that is suitably tailored to the current circumstances of the case, in light of the information sharing and the sentinel event reporting and action the parties have agreed to under Dkt. # 1251, and as updated in Dkt. # 1272.

IT IS THEREFORE ORDERED that this Court's orders, entered under Dkt. Nos. 1009 and 1033 are MODIFIED as set forth below:

|  | CURRENT LANGUAGE | MODIFIED LANGUAGE |
|---|---|---|
| Dkt. #1009 ¶33(a) | Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients for whom the commitment court has made a special finding of violent felony pursuant to RCW §71.05.280(3)(b) (which the Parties refer to as "HB 1114 patients"). | ~~Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients for whom the commitment court has made a special finding of violent felony pursuant to RCW §71.05.280(3)(b) (which the Parties refer to as "HB 1114 patients").~~ |
| Dkt. #1033 ¶33(a) | Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients who have been charged with a "violent offense" under RCW 9.94A.030(58). Civil conversion patients who have been charged with a "violent offense" under RCW | ~~Defendants shall immediately cease admitting Civil Conversion patients to the state hospitals for ordered civil commitment treatment, except for patients who have been charged with a "violent offense" under RCW 9.94A.030(58). Civil conversion patients who have been charged with a "violent offense" under RCW 9.94A.030(58) are referred to in this Order as "HB 1114 patients." This admission restriction applies only to~~ |

| | |
|---|---|
| 9.94A.030(58) are referred to in this Order as "HB 1114 patients." This admission restriction applies only to Civil Conversion patients, and not HB1114 patients or any other patients seeking entry into the state hospitals. | ~~Civil Conversion patients, and not HB1114 patients or any other patients seeking entry into the state hospitals.~~<br><br>Defendants may retain and treat in state hospitals civil conversion patients without a finding of violent offense under RCW 9.94A.030(58)--under civil commitment orders entered on completion of civil commitment hearings--so long as occupancy of the forensic beds as defined in Dkt. No. 1251 and Dkt. No. 1272 does not reach ninety-eight percent (98%) at either state hospital. If this occurs, the state shall immediately cease admissions to that state hospital for civil conversion patients without a finding of violent offense under RCW 9.94A.050(58). Resumption of admission to that state hospital of any civil conversion patients without a finding of violent offense under RCW 9.94A.030(58) shall not occur until the total occupancy on the dashboard falls below ninety-seven percent (97%) of that state hospital's forensic bed capacity, as set forth in Dkt. No. 1251 and as updated in Dkt. No. 1272.<br><br>No class member shall ever lose access to an inpatient competency restoration bed within the required 7 days because that bed is allocated to or filled by a civil conversion patient. If this occurs, the Defendants shall immediately notify Plaintiffs and the Court Monitor and immediately transfer from the state hospitals committed civil conversion patients without a finding of violent offense under RCW 9.94A.030(58) until occupancy of competency restoration beds is below ninety-seven percent (97%) of the state bed capacity. |

IT IS FURTHER ORDERED that the parties' plan for information-sharing and sentinel event reporting and action as set forth in Dkt. # 1251, and as updated in Dkt. # 1272, is APPROVED AND ADOPTED.

IT IS FURTHER ORDERED Defendants will provide to Plaintiffs' counsel and the Court Monitor information and report on and take action regarding sentinel events and transition of Unit E3 at Western State Hospital as set forth in Dkt. # 1251, and as updated in Dkt. # 1272.

The Clerk is directed to circulate copies of this Order to the parties and the Court Monitor through the ECF system.

Dated this 4th day of December, 2025.

JOHN H. CHUN
United States District Judge